UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH WOLF, CARMEN WOLF, ON BEHALF OF THEMSELVES AND THOSE SIMILARLY SITUATED,<br><br>      Plaintiff,<br><br>vs.<br><br>DOLLAR GENERAL CORPORATION, DOLGEN NEW YORK, LLC D/B/A DOLGEN, DOLGENCORP OF TEXAS, INC., INDIVIDUALLY, JOINTLY, SEVERALLY, OR IN THE ALTERNATIVE,<br><br>      Defendants. | Civil Case No.: _____<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiffs, Joseph Wolf ("Joseph") and Carmen Wolf, ("Carmen", collectively, the "Plaintiffs"), on behalf of themselves and those similarly situated, by way of Complaint, state:

## NATURE OF THE ACTION

1. This is a consumer protection class action against DOLLAR GENERAL CORPORATION ("DGC"), DOLGEN NEW YORK, LLC D/B/A DOLGEN ("DOLGEN"), and DOLGENCORP OF TEXAS, INC. ("Dolgencorp", collectively "Defendants") arising out of Defendants' policies and practices of regularly charging Plaintiffs and putative class members a higher price at the register than the price of merchandise advertised on the shelves at the time of sale at its Dollar General stores in New York.

2. The class action claims arise from Defendants' regular practice of charging customers a higher price at the cash register on various items than the price advertised on the in store shelves, in violation of N.Y. GEN. BUS. LAW § 349, and New York common law on behalf of consumers.

## VENUE AND JURISDICTION

3. The Court has personal jurisdiction over Defendants because they regularly conduct business transactions in this District and have committed the complained of acts in this District. For example, Defendants maintain a store in White Lake, New York, which is in this District.

4. Subject matter jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d)(2), as the amount in controversy is in excess of $5 million and Plaintiffs are citizens of a different state than Defendants.

## PARTIES

5. Plaintiffs reside in East Elmhurst, New York and own a vacation home in Bethel, New York.

6. Defendant DOLGEN is the sole legal entity who operates stores trading as "Dollar General" in the State of New York. DOLGEN is incorporated under the laws of the State of Kentucky with a principal place of business at 100 Mission Ridge, Goodlettsville, Tennessee.

7. DOLGEN is a single-member LLC. Its sole member is Defendant Dolgencorp, which is a corporation incorporated under the laws of the State of Kentucky, with a principal place of business at 100 Mission Ridge, Goodlettsville, TN, 37072.

8. Defendant DGC is the parent of DOLGEN. DGC's principal place of business is in Goodlettsville, Tennessee.

## FACTS RELATED TO DOLGEN

9. Plaintiffs and all others similarly situated are persons who shop at Dollar General stores in New York.

10. DOLGEN operates dollar stores that offer a variety of inexpensive merchandise, including home products, seasonal products, consumables, and apparel. The company's business model is about offering products at competitive prices (typically less than $10) in a convenient, small-store format. Its core customer category includes low-to-middle-income customers. The company's stores are located in convenient locations that are easily accessible to its customers. It follows a small-box format and the stores have an easy ''in and out'' shopping set-up.[1]

11. DOLGEN caters mainly to low-and-middle-income customers in rural and suburban areas. The company's core customers earn around $40,000 a year or below, $20,000 below the median income. Dollar General looks to build stores in rural areas where a big box retailer or grocery store is not within 15 or 20 miles. Around 75% of Dollar General stores are in towns with 20,000 or fewer people.[2]

12. As of March 2022, DOLGEN owned and operated approximately Five-Hundred Fifty-Five (555) Dollar General stores in New York, with more locations scheduled to open.[3]

## FACTS RELATED TO PLAINTIFFS' TRANSACTIONS

13. Plaintiffs regularly shop at the Dollar General located at 1334 NY-17B, White Lake, NY 12786 ("Dollar General White Lake").

14. While shopping at Dollar General White Lake in late summer 2022, Joseph noticed discrepancies between the prices of merchandise advertised on the shelves and what they were charged and paid at checkout.

---

[1] See https://marketrealist.com/2017/04/dollar-general-why-small-format-stores-are-key/
[2] See https://www.cnn.com/2019/07/19/business/dollar-general-opposition
[3] *See* https://www.statista.com/statistics/1121086/number-of-dollar-general-stores-in-the-united-states-by-state/

15. When there was a price discrepancy, Plaintiffs were charged and paid more than the advertised price.

16. In September 2022, Joseph made two purchases at the White Lake Dollar General store, using Carmen's credit card, of which Joseph is an authorized user, during which Defendants charged them a higher price for its merchandise than advertised shelf price. The discrepancies are outlined below:

(See **Exhibit 1:** Receipt, advertisements)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|---|---|---|---|---|---|---|
| 18-Sep-22 | White Lake | Clover Valley | 2% Lactose Free Milk | $4.15 | $4.25 | $0.10 |
| 04-Sep-22 | White Lake | Clover Valley | 2% Lactose Free Milk | $4.15 | $4.25 | $0.10 |

17. On or about October 10, 2022, a lawsuit was commenced against one or more Defendants in the Superior Court of New Jersey, Law Division, Monmouth County, stylized *Ryan Button on behalf of himself and others similarly situated v. Dollar General Corporation, et al.*, assigned docket number MON-L-002774-22 (the "NJ Overcharge Matter"). A copy of the complaint, docket sheets, and an excerpt from the Notice of Removal is attached as **Composite Exhibit 2**[4].

18. On or about November 4, 2022, one or more Defendants were served with the summons and complaint in the NJ Overcharge Matter. *See Exh. 1*, p. 54 at ¶ 2.

---

[4] On December 5, 2022, the Defendants in the NJ Overcharge Matter removed the matter to the United States District Court for the District of New Jersey. As such, docket sheets for both the state court and federal court are attached.

19. On or about October 11, 2022, another lawsuit was commenced against one or more Defendants in the Court of Common Pleas, Lorain County, Ohio, stylized *Norman Husar, on behalf of himself and those similarly situated v. Dolgen Midwest, LLC d/b/a Dollar General*, assigned docket number 22-CV-207195 (the "OH Overcharge Matter"). A copy of the complaint, docket sheets, and an excerpt from the Notice of Removal is attached as **Composite Exhibit 3**[5].

20. On or about October 14, 2022, one or more Defendants were served with the OH Overcharge Matter summons and complaint. *See* Exh. *2*, p. 98 at ¶ 2.

21. On or about November 1, 2022, the State of Ohio, through its Attorney General, commenced an action against DGC, stylized *State of Ohio ex rel. Attorney General Dave Yost v. Dollar General Corporation d/b/a Dollar General*, assigned docket number cv-2022-11-1812 (the "OH AG Matter"). A copy of the complaint and docket sheet is attached as **Composite Exhibit 4**.

22. On or about November 9, 2022, DGC was served with the OH AG Matter summons and complaint. *See Exh. 3*, p. 8.

23. The plaintiffs in the NJ and OH Overcharge Matters and the OH AG Matter all alleged that one or more Defendants engaged in a practice of regularly charging consumers a higher price at the register than the price of merchandise advertised on the shelves at the time of sale at Defendants' stores. *See Exhibits 1-4*.

24. On or about December 11, 2022, Joseph, again using Carmen's credit card, made another purchase at the White Lake Dollar General store during which Dollar General *still* charged them a higher price for its merchandise than the advertised shelf price. The discrepancy is outlined below:

---

[5] On November 14, 2022, the Defendants in the OH Overcharge Matter removed the matter to the United States District Court for the Northern District of Ohio. As such, docket sheets for both the state court and federal court are attached

(See **Exhibit 5:** Receipt, advertisements)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|---|---|---|---|---|---|---|
| 11-Dec-23 | White Lake | Land o Lakes | Low Fat Vanilla Yogurt | 3 for $2.00 | 3 for $2.25 | $0.25 |

25. Defendants used the same procedures that they employed in charging a higher price than advertised to Plaintiffs when selling the same and/or similar merchandise to numerous other consumers in its New York stores.

26. In the three-year period before the Complaint was filed, Defendants charged prices that were higher than advertised that were same or similar to the advertisements described, *supra*, to numerous consumers in its New York stores.

27. It is Defendants' policy and practice to charge a higher price at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves in Defendants' New York stores.

## CLASS ACTION ALLEGATIONS

28. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiffs bring this action on behalf of himself and all others similarly situated. Plaintiffs seek certification of the class defined as follows:

**CLASS**:

All consumers who at any time on or after the day three years prior to the date on which this Complaint was filed, paid more for merchandise than the advertised price labeled on the shelf at a Dollar General store located in New York.

Specifically excluded from any class is any judge or magistrate involved in this matter.

29. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

30. There are thousands if not tens or hundreds of thousands of consumers who meet the class definition.

31. There are questions of law and fact common to the members of class. These common questions include but are not limited to:

   a. Whether the mis-priced shelf price labels violate N.Y. GEN. BUS. LAW § 349;

   b. Whether Defendants engaged in "consumer-oriented" conduct under N.Y. GEN. BUS. LAW § 349;

   c. Whether Defendants' conduct was materially misleading under N.Y. GEN. BUS. LAW § 349;

   d. Whether Defendants' practice is likely to mislead a reasonable consumer acting reasonably under the circumstances under N.Y. GEN. BUS. LAW § 349.

   e. Whether Defendants' practice of charging consumers higher prices on merchandise than advertised was likely to mislead a reasonable consumer.

   f. Whether Plaintiffs and members of the class suffered injury as a result of Defendants' conduct under N.Y. GEN. BUS. LAW § 349;

   g. Whether Defendants should be enjoined from charging consumers higher prices on merchandise than advertised;

   h. Whether Defendants' conduct evidences a high degree of moral culpability, or whether Defendants' conduct is so flagrant as to transcend mere carelessness, or whether Defendants' conduct constitutes willful or wanton negligent or recklessness, so as to warrant punitive damages.

32. Plaintiffs' claims are typical of the claims of the members of the class which he represents because all such claims arise out of the same policies, practices, and conduct, and the same or similar documents used by Defendants in their dealings with Plaintiffs and putative class members.

33. Plaintiffs have no interests antagonistic to those of the class.

34. Plaintiffs will fairly and adequately protect the interests of the class, and have retained competent counsel experienced in the prosecution of consumer litigation and class actions.

35. Proposed Class Counsel has investigated and identified potential claims in this action.

36. Proposed Class Counsel has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

37. Defendants have acted, or refused to act, on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual members of the class are significant to those class members, the amount is modest compared to the expense and burden of individual litigation. A class action will cause an orderly and expeditious administration of the claims of the class, and will foster economies of time, effort, and expense.

39. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

40. A class action will cause an orderly and expeditious administration of the claims of the subclass, and will foster economies of time, effort and expense.

41. Plaintiffs do not anticipate any difficulty in the management of this litigation.

## CLASS CLAIMS

### COUNT ONE (On Behalf of Plaintiffs and the Class)
### Declaratory Judgment
### (28 U.S.C. §§ 2201, *et seq.*)

42. Plaintiffs repeat and re-allege all of the prior allegations as if set forth at length herein.

43. At all relevant times, there was in effect the Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201(a), which states, in relevant part:

> In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

44. GBL 349 confers rights on the consumers in New York as contemplated by the Uniform Declaratory Judgments Law.

45. Defendants violated GBL 349 by committing deceptive and misleading commercial practices, by violating GBL 349 in its actions in falsely advertising prices to Plaintiffs and those similarly situated, which made an item appear cheaper than what it actually was.

46. Plaintiffs, individually, and on behalf of the Class, seek an order declaring that Defendants' actions in advertising prices on its shelves which are less than the actual price of the merchandise charged to Plaintiffs and class members violated GBL 349.

47. The controversies presented in this case are definite and concrete and affect the adverse legal interests of the parties. Plaintiffs and Class members contend that Defendants are

legally precluded from advertising prices on the shelves of Dollar General's New York stores that are less than the actual price of the merchandise charged to persons in New York who purchase that merchandise.

48. There is an actual controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment because Defendants have provided and will continue to provide unlawful advertisements in New York and charge its customers more than the prices advertised on Dollar General store shelves.

49. The Court should enter a declaratory judgment that Defendants' actions in providing its New York customers with shelf advertisements that understate the actual price of the merchandise charged to its customers, like those Plaintiffs encountered, violate GBL 349.

50. The Court should enter a declaratory judgment requiring Defendants to cease providing unlawful advertisements to its customers in New York and also to cease charging more than the price advertised on the shelf of its New York stores.

51. Putative class members should be provided notice that Defendants' actions in providing unlawful advertisements violate GBL 349.

52. Putative class members should be provided notice that if they purchased an item and paid more than the advertised shelf price, like Plaintiffs, they may also be a member of the Class and entitled to monetary relief under GBL 349.

53. If the Court were to deny Plaintiffs' request for declaratory relief, this controversy will continue to exist, as Defendants will continue to provide unlawful advertisements to its customers in New Jersey and continue to charge them more than advertised shelf price.

54. As a result of the aforementioned violations, Plaintiffs, on behalf of themselves and the putative class, seek a declaratory judgment that Defendants have violated GBL 349, injunctive

relief enjoining Defendants from continuing to use advertisements that violate New York law, and an award of reasonable attorneys' fees and costs.

**COUNT TWO (On Behalf of Plaintiffs and the Class)**
**Violation of N.Y. GEN. BUS. LAW § 349**

55. Plaintiffs repeat and re-allege all of the prior allegations as if set forth at length herein.

56. Defendants have engaged in, and continue to engage in, deceptive acts and practices in violation of N.Y. GEN. BUS. LAW § 349.

57. Defendants' acts are willful, unfair, unconscionable, deceptive, and contrary to the public policy of New York, which aims to protect consumers.

58. Defendants' misrepresentations and false, deceptive, and misleading statements and omissions with respect to charging consumers more than the price advertised on its unit price labels at Dollar General's New York stores, constitute deceptive practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state. in violation of N.Y. GEN. BUS. LAW § 349.

59. Defendants' false, deceptive, and misleading statements and omissions would have been material to any potential consumer's decision to purchase merchandise from Dollar General's New York stores.

60. Defendants' improper consumer-oriented conduct is misleading in a material way in that it, inter alia, induced Plaintiffs and other Class Members to purchase and/or pay an overcharged price for Defendants' merchandise and goods.

61. Defendants knew at the time it advertised via its unit price shelf labels certain goods to Class members and prospective customers that the consumers would be charged a higher price than advertised and that its promise was false because at the time of the unit price labeling

Defendants themselves are in control of setting forth both the advertised price and the price consumers are charged at checkout. This is further evidenced by Defendants' actions in still overcharging its consumers as of December 11, 2022, two (2) months *after* two separate lawsuits were filed against Defendants making similar allegations. As such, an award of punitive damages for Defendants' conduct is appropriate under GBL 349.

62. As a direct and proximate result of Defendants' unlawful deceptive acts and practices, Plaintiffs and the other members of the Class suffered and continue to suffer injuries based on the difference of the price advertised on the shelf versus the price charged at checkout. As a result of Defendants' recurring deceptive acts and practices, Plaintiffs and other Class Members are entitled to monetary and compensatory damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs. This includes actual damages under GBL § 349, as well as statutory damages of $50 per merchandise or good purchased pursuant to GBL § 349.t.

63. Plaintiffs and Class Members further seek equitable relief against Defendants. Pursuant to N.Y. GEN. BUS. LAW § 349, this Court has the power to award such relief, including but not limited to, an order declaring Defendants' practices as alleged herein to be unlawful, an Order enjoining Defendants from undertaking any further unlawful conduct, and an order directing Defendants to refund to Plaintiffs and the Class all amounts wrongfully overcharged.

64. Defendants know full well that it overcharges consumers, and the misrepresentations it makes with regard to its advertised prices were made for the purpose of inducing consumers to purchase merchandise at its New York stores, so that it can reap outrageous profits to the direct detriment of New York consumers without regard to the consequences its actions cause such consumers. As such, Defendants' actions are unconscionable and actuated by

bad faith, lack of fair dealing, actual malice, or accompanied by wanton and willful disregard for consumers' well-being. Defendants are therefore additionally liable for punitive damages, in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

*On behalf of themselves and all others similarly situated as to the Class (Count One):*

a. Certification of the class, as defined herein, for equitable relief pursuant to Rule 23(b)(2);

b. Appointment of named Plaintiffs, Joseph Wolf and Carmen Wolf, as Class Representatives and appointment of their attorneys as Class Counsel;

c. Injunctive relief requiring Defendants to provide an accounting identifying all members of the class;

d. Injunctive relief requiring Defendants to provide an accounting of all overcharges during the class period.

e. A declaratory judgment that Defendants violated GBL 349;

f. Injunctive relief enjoining Defendants from engaging in future violations of GBL 349;

g. Injunctive relief requiring Defendants to provide notice to all members of the class that their purchases at Dollar General stores in New York may have violated of GBL 349 and that if they were harmed or aggrieved or sustained an ascertainable loss that they can bring individual actions for treble damages under the GBL 349 and for an award of attorneys' fees and costs pursuant to GBL 349.

    h.    An award of reasonable attorneys' fees and costs of suit in connection with this action, pursuant to the court's equitable powers and the GBL 349.

    i.    Such other and further relief as the Court deems equitable and just.

*On behalf of themselves and all others similarly situated as to the Class (Count Two)*

    j.    Certification of the Class, as defined herein, for monetary and injunctive relief pursuant to Rule 23;

    k.    Appointment of named Plaintiffs, Joseph Wolf and Carmen Wolf, as Class Representative and appointment of their attorneys as Class Counsel;

    l.    Injunctive relief requiring Defendants to provide an accounting identifying all members of the class;

    m.    Declaratory judgment that Defendants violated GBL 349;

    n.    Injunctive relief enjoining Defendants from engaging in future violations of GBL 349;

    o.    Actual damages or statutory damages of $50.00 per violation, whichever is greater, under GBL 349(h);

    p.    Reasonable attorneys' fees and costs of suit in connection with this action, pursuant to GBL 349.

    q.    Punitive damages pursuant to GBL 349;

    r.    Confer benefits upon the entire class pursuant to R. 23-2(c);

    s.    Pre-judgment and post-judgment interest; and

    t.    Such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues subject to trial.

> /s/ Javier L. Merino
> Javier L. Merino, Esq.
> THE DANN LAW FIRM. PC
> 1520 U.S. Hwy. 130 – Suite 101
> North Brunswick, NJ  08902
> *Attorneys for Plaintiffs and the Putative Class*

Date: January 17, 2023