# EXHIBIT 2

Javier L. Merino, Esq. – NJ Attorney ID No.:078112014
Andrew R. Wolf, Esq. - NJ Attorney ID No.: 018621995
THE DANN LAW FIRM, PC
1520 U.S. Hwy. 130 – Suite 101
North Brunswick, NJ 08902
(201) 355-3440 – -TELEPHONE
(216) 373-0536 – FAX

Jonathan Rudnick, Esq.
NJ Attorney ID No.: 034721990
The Law Office of Jonathan Rudnick LLC
788 Shrewsbury Ave, Suite 204
Tinton Falls, NJ, 07724
*Attorneys for Plaintiff and those similarly situated*

| | |
|---|---|
| RYAN BUTTON, ON BEHALF OF HIMSELF AND THOSE SIMILARLY SITUATED,<br>Plaintiff,<br><br>vs.<br><br>DOLLAR GENERAL CORPORATION, DOLGENCORP, LLC D/B/A DOLLAR GENERAL, TODD VASOS, JEFF OWEN, STEVE SUNDERLAND, EMILY TAYLOR, AND JOHN DOES 1-500, INDIVIDUALLY, JOINTLY, SEVERALLY, OR IN THE ALTERNATIVE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY - LAW DIVISION<br><br>Civil Action<br><br>Docket No.: MON-L-<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff, RYAN BUTTON ("Plaintiff"), on behalf of himself and those similarly situated, by way of Complaint, states:

### NATURE OF THE ACTION

1.    This is a consumer protection class action against DOLLAR GENERAL CORPORATION ("DGC"), DOLGENCORP, LLC D/B/A DOLLAR GENERAL ("DOLLAR GENERAL"), Todd Vasos, Jeff Owen, Steve Sunderland, Emily Taylor, JOHN DOES 1-500, ("John Does"), collectively "Defendants" arising out of defendants' policies and

practices of regularly charging Plaintiff and putative class members a higher price at the register than the price of merchandise advertised on the shelves at the time of sale at its from Dollar General stores in  New Jersey.

2.    The class action claims arise from Defendants' regular practice of charging customers a higher price on various items than the price advertised on the shelves, in violation of the New Jersey General Advertising Regulations, <u>N.J.A.C.</u> 13:45A-9.1*, et seq.* ("GA Regulations"); New Jersey Unit Price Disclosure Act Regulations, <u>N.J.A.C.</u> 13:45A-14.1*, et seq.* ("Price Disclosure Regulations") Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("CFA"); and the Truth in Consumer Contract Notice and Warranty Act ("TCCWNA"), N.J.S.A. 56:12-14, *et seq.*, for Defendants' unlawful practices of charging more than the advertised price of merchandise to its New Jersey consumers in its New Jersey locations.

## <u>VENUE</u>

3.    Venue in Monmouth County is proper, pursuant to <u>R.</u> 4:3-2, because it is the county in which Plaintiff resides and is a county in which Defendants do business.

## <u>PARTIES</u>

4.    Plaintiff resides in Cliffwood Beach, New Jersey.

5.    Defendant DOLLAR GENERAL is the sole legal entity who operates stores trading as "Dollar General" in the State of New Jersey. DOLLAR GENERAL's principal place of business is in Goodlettsville, Tennessee.

6.    Defendant DGC is the parent of DOLLAR GENERAL. DGC's principal place of business is in Goodlettsville, Tennessee.

7.    Defendant Todd Vasos is the Chief Executive Officer of Dollar General and is a member of this Board of Directors. He has been in those positions at all times relevant to this matter.

8.      Defendant Jeff Owen is the Chief Operating Officer of Dollar General. He has been in this position since 2019. Prior to holding this position, he was the Executive Vice President of Store Operations from 2015 to 2019.

9.      Defendant Steve Sunderland is the Executive Vice President of Store Operations of Dollar General. He has been in this position since 2019. Prior to holding this position, he was the Senior Vice President of Store Operations from 2014 to 2019.

10.     Defendant Emily Taylor is the Executive Vice President and Chief merchandising Officer of Dollar General. She has been in this position since 2020. Prior to holding this position, she was the Senior Vice President of Store Operations from 2014 to 2019. She joined Dollar General in 1998 and held roles of increasing responsibility in investor relations, financial planning and analysis, merchandise planning, pricing and merchandising operations prior to her promotion to Vice President, Pricing & Merchandise Data Optimization in March 2011. She served as Vice President, Merchandising Operations (March 2012 to April 2014) and was subsequently promoted to Senior Vice President, General Merchandise Manager in April 2014. She most recently served as Senior Vice President, Channel Innovation (September 2019 to September 2020).

11.     Defendants Todd Vasos, Jeff Owen, Steve Sunderland and Emily Taylor are all officers and or directors of Dollar General who, at all times relevant to this matter, were responsible for setting and implementing Dollar General's policies, procedures and practices regarding ensuring compliance with New Jersey state laws and regulations regarding merchandise pricing advertisements on its shelves and charging the advertised prices at the cash registers in Dollar General's New Jersey stores.

12.     Defendants JOHN/JANE DOES 1-500 are fictitious names of individuals who are officers, supervisors, regional directors, and or managers of Dollar General stores located in New Jersey during the class period, alleged for the purpose of substituting their names for those of any additional defendants whose identity may be disclosed in discovery and should be made parties to this action.

13.     JOHN/JANE DOES 1-500 are all employees of Dollar General who, at all times relevant to this matter, were responsible for setting and implementing Dollar General's policies, procedures and practices regarding ensuring compliance with New Jersey state laws and regulations regarding merchandise pricing advertisements on its shelves and charging the advertised prices at the cash registers in Dollar General's New Jersey stores and the stores they each manage or supervise.

14.     Most, if not all of JOHN/JANE DOES 1-500 reside in or are otherwise residents or citizens of New Jersey at all times relevant to this matter.

15.     Most, if not all of JOHN/JANE DOES 1-500 resided in or were otherwise residents or citizens of New Jersey at the time this Complaint was filed.

16.     JOHN/JANE DOES 1-500 are each personally and directly liable to Plaintiff and putative class members that purchased items in the stores where they were responsible for setting and implementing Dollar General's policies, procedures and practices regarding ensuring compliance with New Jersey state laws and regulations regarding merchandise pricing advertisements on its shelves and charging the advertised prices at the cash registers due to their violations of the consumer statutes and regulations pleaded herein. See *Allen v V & A Bros*. 208 N.J. 114 (2011) and *N.J.S.A* 56:8-2.

17.     Plaintiff on behalf of himself and the putative class seeks signigcant relief directly form

JOHN/JANE DOES 1-500 both collectively and individually.

## FACTS RELATED TO DOLLAR GENERAL

18.     Plaintiff and all others similarly situated are persons who shop at Dollar General stores in

New Jersey.

19.     DOLLAR GENERAL operates dollar stores that offer a variety of inexpensive

merchandise, including home products, seasonal products, consumables, and apparel. The

company's business model is about offering products at competitive prices (typically less

than $10) in a convenient, small-store format. Its core customer category includes low-to-

middle-income customers. The company's stores are located in convenient locations that

are easily accessible to its customers. It follows a small-box format and the stores have an

easy ''in and out'' shopping set-up.[1]

20.     Dollar General caters mainly to low-and-middle-income customers in rural and suburban

areas. The company's core customers earn around $40,000 a year or below, $20,000 below

the median income. Dollar General looks to build stores in rural areas where a big box

retailer or grocery store is not within 15 or 20 miles. Around 75% of Dollar General stores

are in towns with 20,000 or fewer people.[2]

---

[1] See https://marketrealist.com/2017/04/dollar-general-why-small-format-stores-are-key/
[2] See https://www.cnn.com/2019/07/19/business/dollar-general-opposition

21.     As of March 2022, DOLLAR GENERAL owned and operated approximately one hundred seventy-five (175) Dollar General stores in New Jersey, with more locations scheduled to open.[3]

## FACTS RELATED TO PLAINTIFF'S TRANSACTIONS

22.     Plaintiff regularly shops at the Dollar General located at 228 NJ-35, Keyport, New Jersey 07735 ("Dollar General Keyport").

23.     While shopping at Dollar General Keyport in early 2022, Plaintiff noticed discrepancies between the prices of merchandise advertised on the shelves and what he was charged at checkout.

24.     When there was a price discrepancy, Plaintiff was usually charged and paid more than the advertised price.

25.     As a result of these discrepancies, Plaintiff began to track his purchases.

26.     Dollar General regularly advertised promotions for Saturday purchases, Specifically, purchases of at least twenty-five dollars ($25.00) made on Saturdays would receive a five-dollar ($5.00) store discount. Plaintiff attempted to focus his Dollar General shopping on Saturdays, using the discount to save money.

27.     Relying upon the advertised price of merchandise, Plaintiff would frequently fill his basket with at least twenty-five dollars ($25.00) worth of merchandise and complete the purchase to obtain the five-dollar ($5.00) discount.

---

[3] *See* https://www.statista.com/statistics/1121086/number-of-dollar-general-stores-in-the-united-states-by-state/

28.     Plaintiff noticed pricing issues and became suspicious when he was filling up his basket to twenty-five dollars ($25) worth of goods and merchandise but would notice the prices rung up at the register were higher.

29.     Due to Plaintiff's experiences in being charged more at checkout than the advertised shelf price for merchandise, Plaintiff started to take pictures of the advertised prices to document the advertised/shelf prices to compare them to what he was charged and paid at checkout.

30.     From May through July 2022, Plaintiff made several purchases at the Keyport Dollar General store during which Dollar General charged him a higher price for its merchandise than advertised shelf price. The discrepancies are outlined below:

June 16, 2022 (See **Exhibit A:** Receipt, advertisements)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|------|----------|-------|---------|---------------|-------------------|-------------------|
| 16-Jun | Keyport | Clover Valley | 2% Half Gallon Milk | $3.15 | $3.20 | $0.05 |
| 16-Jun | Keyport | General Mills | Lucky Charms | $4.00 | $4.75 | $0.75 |
| 16-Jun | Keyport | Dr. Pepper | Diet Dr. Pepper 12-pack | $4.50 | $5.00 | $0.50 |

June 21, 2022 (See **Exhibit B**: Receipt, advertisement)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|------|----------|-------|---------|---------------|-------------------|-------------------|
| 21-Jun | Keyport | Pirates Booty | Pirates Booty | $2.50 | $2.75 | $0.25 |

June 23, 2022 (See **Exhibit C**: Receipt, advertisement)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|------|----------|-------|---------|---------------|-------------------|-------------------|
| 23-Jun | Keyport | Clover Valley | 2% Half Gallon Milk | $3.15 | $3.20 | $0.05 |

June 28, 2022 (See **Exhibit D**: Receipt, advertisements)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|------|----------|-------|---------|---------------|-------------------|-------------------|
| 28-Jun | Keyport | Clover Valley | Small Curd Cottage Cheese | $2.35 | $2.40 | $0.05 |
| 28-Jun | Keyport | Clover Valley | Chef Boyardee Mini Ravioli | $1.00 | $1.25 | $0.25 |
| 28-Jun | Keyport | Clover Valley | Armour Smoked Ham | $3.00 | $3.75 | $0.75 |

July 1, 2022 (See **Exhibit E**: Receipt, advertisements)

| Date | Location | Brand | Product | Price on Sign | Price at Register | Overcharge Amount |
|------|----------|-------|---------|---------------|-------------------|-------------------|
| 1-Jul | Keyport | Clover Valley | Scott Toilet Paper | $8.00 | $8.35 | $0.35 |
| 1-Jul | Keyport | Clover Valley | All Free Clear Detergent | $7.50 | $8.00 | $0.50 |

31.   Defendants used the same procedures that they employed in charging a higher price than advertised to Plaintiff when selling the same and/or similar merchandise to numerous other New Jersey consumers.

32.   In the six-year period before the Complaint was filed, Defendants charged prices that were higher than advertised that were same or similar to the advertisements described, *supra*, to numerous New Jersey consumers.

33.   It is Defendants' policy and practice to charge a higher price at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves in DOLLAR GENERAL's New Jersey stores.

## CLASS ACTION ALLEGATIONS

34.   This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32-1(b)(2) and b(3) of the New Jersey Court Rules. Plaintiff brings

this action on behalf of himself and all others similarly situated. Plaintiff seeks certification of the class pursuant to Rule 4:32-1(b)(2) and Rule 4:32-1(b)(3) seeking a judgment pursuant to Rule 4:32-2(c) to confer benefits upon a fluid class, whose members may be, but need not have been members of the class in suit; and the subclass Rule 4:32-1(b)(3). The class and subclass are initially defined as follows:

**CLASS**:

All persons who resided in New Jersey on the date this complaint was filed, who at any time on or after the day six years prior to the date on which this Complaint was filed, who purchased merchandise at a Dollar General store located in New Jersey.

**SUBCLASS**:

All members of the Class who paid more for merchandise than the advertised price labeled on the shelf at Dollar General store located in New Jersey.

35.   The class and subclass for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

36.   There are thousands if not tens or hundreds of thousands of consumers who meet the class and subclass definitions.

37.   There are questions of law and fact common to the members of class and subclass. These common questions include but are not limited to:

   a.   Whether the shelf price labels are advertisements under the GA Regulations.

   b.   Whether the shelf price labels are advertisements under the CFA.

   c.   Whether any or all of the merchandise sold at Dollar General stores in New Jersey are "Consumer commodities" under the Price Disclosure Regulations;

   d.   Whether the mis-priced shelf price labels violate the GA Regulations and/or the CFA.

e.  Whether the shelf price labels advertised to Plaintiff and others similarly situated is a contract or notice pursuant the TCCWNA;

f.  Whether the receipts provided to Plaintiff and others similarly situated is a contract or notice pursuant the TCCWNA;

g.  Whether Dollar General stores in New Jersey are a "seller", subject to the requirements of the TCCWNA;

h.  Whether by charging consumers in New Jersey more than the advertised shelf price at checkout, Defendants failed to "substantiate through documents, records or other written proof any claim made regarding the… price of the advertised merchandise…. available for sale" (N.J.A.C. § 13:45A-9.2(a)(10)).

i.  Whether by charging consumers in New Jersey more than the advertised shelf price at checkout, Defendants advertised merchandise as a part of plan or scheme not to sell the item at the advertised price (N.J.S.A. § 56:8-2.2).

j.  Whether by charging consumers in New Jersey more than the advertised shelf price at checkout, Defendants advertised merchandise as a part of plan or scheme not to sell the item at the advertised price as required by the Price Disclosure Regulations (N.J.A.C. § 13:45A-14.10(a)(1).

k.  Whether by affixing an advertised price on store shelves which was less than the actual price charged for the merchandise at checkout, Defendants failed to plainly mark the total selling price as required by the CFA. (N.J.S.A. § 56:8-2.5).

l.  Whether by affixing an advertised price on store shelves which was less  than the actual price charged for the merchandise at checkout, violate the GA Regulations

and/or the Price Disclosure Regulations and/or the CFA, Defendants violated the

Declaratory Judgment Act (N.J.S.A. §§ 2A:16-50, et seq.).

38. Plaintiff's claims are typical of the claims of the members of the class and subclass which

he represents because all such claims arise out of the same policies, practices, and conduct,

and the same or similar documents used by Defendants in their dealings with Plaintiff and

putative class members.

39. Plaintiff has no interests antagonistic to those of the class.

40. Plaintiff will fairly and adequately protect the interests of the class and subclass, and has

retained competent counsel experienced in the prosecution of consumer litigation and class

actions.

41. Proposed Class Counsel has investigated and identified potential claims in this action.

42. Proposed Class Counsel has a great deal of experience in handling class actions, other

complex litigation, and claims of the type asserted in this action.

43. Defendants have acted, or refused to act, on grounds generally applicable to the class,

thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the class as a whole.

44. A class action is superior to other available methods for the fair and efficient adjudication

of this controversy since joinder of all members is impracticable.  While the economic

damages suffered by the individual members of the subclass are significant to those class

members, the amount is modest compared to the expense and burden of individual

litigation. A class action will cause an orderly and expeditious administration of the claims

of the class, and will foster economies of time, effort, and expense.

45. The questions of law or fact common to the members of the class and subclass predominate over any questions affecting only individual members.

46. A class action will cause an orderly and expeditious administration of the claims of the subclass, and will foster economies of time, effort and expense.

47. Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS CLAIMS

### COUNT ONE (On Behalf of Plaintiff and the Class)
### New Jersey Declaratory Judgment
### (N.J.S.A. §§ 2A:16-50, *et seq.*)

48.    Plaintiff repeats and re-alleges all of the prior allegations as if set forth at length herein.

49.    At all relevant times, there was in effect the Declaratory Judgments Act ("DJA"), N.J.S.A.

§ 2A:16-52, which states, in relevant part:

All courts of record in this state shall, within their respective jurisdictions, have power to declare rights, status and other legal relations, whether or not further relief is or could be claimed; and no action or proceeding shall be open to objection on the ground that a declaratory judgment is demanded.

The enumeration in other sections of this article of the questions determinable and rights declarable in a proceeding brought under the provisions of this article does not limit or restrict the exercise of the general powers conferred by this section in a proceeding for declaratory relief, in which a judgment will terminate the controversy or remove an uncertainty.

50.    The GA Regulations confer rights on the consumers in New Jersey as contemplated by the Uniform Declaratory Judgments Law.

51.    The CFA is a statute that confers rights as contemplated by the Uniform Declaratory Judgments Law.

52.    The Price Disclosure Regulations confer rights on the consumers in New Jersey as contemplated by the Uniform Declaratory Judgments Law.

53. The TCCWNA is a statute that confers rights as contemplated by the Uniform Declaratory Judgments Law.

54. Defendants violated the GA Regulations, CFA and TCCWNA by committing an unconscionable commercial practice, misrepresentations and or other affirmative unlawful act by violating the GA Regulations, the Price Disclosure Regulations, and the CFA in its actions in falsely advertising prices to Plaintiff and those similarly situated, which made an item appear cheaper than what it actually was.

55. Plaintiff, individually, and on behalf of the Class, seeks an order declaring that Defendants' actions in advertising prices on its shelves which are less than the actual price of the merchandise charged to Plaintiff and class members violated the GA Regulations, Price Disclosure Regulations, CFA and TCCWNA.

56. The controversies presented in this case are definite and concrete and affect the adverse legal interests of the parties. Plaintiff and Class members contend that Defendants are legally precluded from advertising prices on the shelves of Dollar General's New Jersey stores that are less than the actual price of the merchandise charged to persons in New Jersey who purchase that merchandise.

57. There is an actual controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment because Defendants have provided and will continue to provide unlawful advertisements in New Jersey and charge its customers more than the prices advertised on Dollar General store shelves.

58. The Court should enter a declaratory judgment that Defendants' actions in providing its New Jersey customers with shelf advertisements that understate the actual price of the

merchandise charged to its customers, like those Plaintiff encountered, violate the GA Regulations, Price Disclosure Regulations, CFA and TCCWNA.

59. The Court should enter a declaratory judgment requiring Defendants to cease providing unlawful advertisements to its customers in New Jersey and also to cease charging more than the price advertised on the shelf of its New Jersey stores.

60. Putative class members should be provided notice that Defendants' actions in providing unlawful advertisements violate the GA Regulations, Price Disclosure Regulations, CFA and TCCWNA.

61. Putative class members should be provided notice that if they purchased an item and paid more than the advertised shelf price, like Plaintiff, they may also be a member of the Class and entitled to monetary relief under the CFA, GA Regulations, Price Disclosure Regulations, and TCCWNA.

62. If the Court were to deny Plaintiff's request for declaratory relief, this controversy will continue to exist, as Defendants will continue to provide unlawful advertisements to its customers in New Jersey and continue to charge them more than advertised shelf price.

63. As a result of the aforementioned violations, Plaintiff, on behalf of himself and the putative class, seeks a declaratory judgment that Defendants have violated the GA Regulations, the CFA, the Price Disclosure Regulations and the TCCWNA, injunctive relief enjoining Defendants from continuing to use advertisements that violate New Jersey law, and an award of reasonable attorneys' fees and costs.

**COUNT TWO (On Behalf of Plaintiff and the Class and Subclass)**
**Violations of the GA Regulations and the CFA**

64. Plaintiff repeats and re-alleges all of the prior allegations as if set forth at length herein.

65.     At all relevant times, there was in effect the General Advertising Regulations (the "GA Regulations"), N.J.A.C. § 13:45A-9.1, *et. seq.*

66.     The GA regulations prohibit "the failure of an advertiser to substantiate through documents, records or other written proof any claim made regarding the….price of the advertised merchandise". N.J.A.C. § 13:45A-9.2(a)(10).

67.     An advertisement violating the GA regulations is a *per se* violation of the CFA. *Leon v. Rite Aid Corp.*, 340 N.J. Super. 462, 468 (App. Div. 2001).

68.     Defendants' price labels on shelves in Dollar General's New Jersey stores are "Advertisements" under the GA Regulations at N.J.A.C. § 13:45A-9.1 and under the CFA at N.J.S.A. § 56:8-1.

69.     Defendants are "Advertisers" under the GA Regulations at N.J.A.C. § 13:45A-9.1.

70.     Dollar General's unit price labels on its New Jersey store shelves for the sale of merchandise via its brick and mortar stores and the sale of merchandise are subject to the GA Regulations and the CFA.

71.     Defendants have violated the GA regulations at N.J.A.C. § 13:45A-9.2(a)(10) by charging consumers more than the price advertised on its unit price labels at Dollar General's New Jersey stores.

72.     Defendants' aforementioned violations of the GA Regulations constitute per se violations of the CFA and is an unconscionable commercial practice in direct violation of the CFA at N.J.S.A. 56:8-2.

73.     Furthermore, Dollar General's "advertisement of merchandise as part of a plan or scheme not to sell the item or service so advertised or not to sell the same at the advertised price is an unlawful practice and a violation of the [CFA]." N.J.S.A. 56:8-2.2.

74.     In addition, Defendants have engaged in unlawful, affirmative acts under the CFA, including unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in direct violation of the CFA in their interactions with Plaintiff and those similarly situated by charging a higher price at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves in Dollar General's New Jersey stores.

75.     Plaintiff and those similarly situated paid more for the merchandise they purchased than the price advertised on the shelf labels for that merchandise at the times of their purchases.

76.     As a direct result of Defendants' unit price mislabeling practices, Plaintiff and those similarly situated suffered an ascertainable loss in amounts they were overcharged in excess of the advertised price. Plaintiff suffered an ascertainable loss in the amounts he was overcharged.

77.     As a result of the aforementioned violations, Plaintiff and those similarly situated re entitled to treble damages, reasonable attorney's fees and costs, pursuant to 56:8-19.

### COUNT THREE (On Behalf of Plaintiff and the Class and Subclass)
### Violations of the Price Disclosure Regulations and the CFA

78.     Plaintiff repeats and re-alleges all of the prior allegations as if set forth at length herein.

79.     At all relevant times, there was in effect the Unit Price Disclosure Regulations (the "PD Regulations"), N.J.A.C. § 13:45A-14.1, *et. Seq.*

80.     At all relevant times, Defendants were "persons" under the PD Regulations, as they were:

> "corporation[s] or other organization[s] engaged in the sale, display or offering for sale of consumer commodities at retail establishment whose combined total floor area, exclusive of office, receiving and storage areas, dedicated to the sale of consumer commodities exceeds 4,000 square feet[4] or whose combined annual gross

---

[4] Specifically, Defendants noted in its March 19, 2021 2021 10-K that "we expect that our traditional 7,300 square foot store format will continue to be the primary store layout for new

> receipts from the sale of consumer commodities in the preceding year exceeded $ 2 million, regardless of the square footage involved[5]."

N.J.A.C. § 13:45A-14.2.

81.   The PD Regulations "provide for the disclosure of information necessary to enable consumers to compare, easily and effectively, the retail prices of certain consumer commodities regardless of package size or quantity." N.J.A.C. § 13:45A-14.1.

82.   The merchandise Defendants sells at its Dollar General stores in New Jersey are "consumer commodities" under the PD Regulations. N.J.A.C. § 13:45A-14.2.

83.   The items that Plaintiff purchased are "consumer commodities".

84.   The PD Regulations at § 13:45A-14.10(a)(1) mandate, in relevant part:

> Whenever a regulated consumer commodity is exposed or offered for sale at retail, the unit price and retail price shall be disclosed in the following manner:
>
> If the commodity is displayed upon a shelf, the unit price label shall appear directly below the commodity, or, alternatively, a unit price tag shall be attached to the commodity. If the use of a unit price label or unit price tag is impossible or impractical, a unit price sign or list may be used provided such sign or list is conspicuously located at or near the commodity.

85.   The "retail price" is defined in the PD Regulations as "the total retail price of a consumer commodity, excluding sales tax." N.J.A.C. § 13:45A-14.2.

86.   Here, Defendants failed to properly disclose the actual retail price of its consumer goods in its unit price labels as the unit price labels understated the true retail price of the items charged to customers at Dollar General's stores in New Jersey.

---

stores in 2021." Therefore, Defendants are well in excess of the 4,000 square feet threshold under the PD Regulations.  *See* https://sec.report/Document/0001558370-21-003245/.

[5] Defendants' gross sales/revenue in 2022 to date is approximately $34,220,000,000, well in excess of the $2 million threshold under the PD Regulations. *See* https://www.wsj.com/market-data/quotes/DG/financials/annual/income-statement.

87.   A price disclosure violating the PD Regulations is a *per se* violation of the CFA.

88.   As a result of Defendants' aforementioned CFA Violations in the Dollar General stores in New Jersey, Plaintiff and those similarly situated suffered an ascertainable loss in amounts of the amount they were charged in excess of the unit price disclosure advertised on the shelves at Dollar General stores in New Jersey.

89.   As a result of the aforementioned violations, Plaintiff and those similarly situated are entitled to treble damages, reasonable attorney's fees and costs, pursuant to 56:8-19.

**COUNT FOUR (On Behalf of Plaintiff and the Subclass)**
**Violations of the Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA)**
**Predicated on Violations of the GA Regulations, PD Regulations, and the CFA**

90.   Plaintiff repeats and re-alleges all of the prior allegations as if set forth at length herein.

91.   The TCCWNA prohibits sellers from offering or giving written contracts or notices to consumers that contain any provision that violates a clearly established right of a consumer or a clearly established responsibility of a seller under New Jersey or Federal law. N.J.S.A. 56:12-15.

92.   At all times relevant to this matter, Plaintiff and those similarly situated were "consumers" with regard to the unit price label advertisements that Dollar General uses at its stores in New Jersey within the meaning of the TCCWNA.

93.   At all times relevant to this matter, Plaintiff and those similarly situated were customers of Defendants in that they had all purchased merchandise from Defendants in an amount which was greater than the advertised price.

94.   At all times relevant to this matter, Defendants were "sellers" with regard to the sale of its merchandise at its stores within the meaning of the TCCWNA.

95.    The unit price labels on Dollar General store shelves in its New Jersey stores which understated the true price of items that Dollar General provided to Plaintiff and those similarly situated were contracts and/or notices within the meaning of the TCCWNA.

96.    The purchase receipts that were provided to Plaintiff and those similarly situated who purchased merchandise at Dollar General stores in New Jersey were contracts and/or notices within the meaning of the TCCWNA.

97.    Defendants have violated the TCCWNA at <u>N.J.S.A.</u> 56:12-15 by entering into a consumer contract, displaying and/or giving consumer notices that contained provisions that violated clearly established rights of Plaintiff and all those similarly situated, as established by State law, and by offering a consumer contract that contained provisions that violated their clearly established responsibilities under State law.

98.    Specifically, as outlined, *supra*, Defendants' advertisements violated the GA Regulations at N.J.A.C. 13:45A-9.2(a)(10).

99.    It is a clearly established right of a consumer in New Jersey to not be provided with an advertisement that violates the GA Regulations at N.J.A.C. 13:45A-9.2(a)(10).

100.    It is a clearly established responsibility of a seller to not provide consumers in New Jersey with an advertisement that violates the GA Regulations at N.J.A.C. 13:45A-9.2(a)(10).

101.    The contracts/notices that Defendants provided to Plaintiffs and those similarly situated is unlawful because it contains provisions that violate the clearly established legal rights of Plaintiff and those similarly situated and violates Defendants' clearly established responsibilities under New Jersey law by employing methods to obscure the true price of its merchandise contrary to the requirements of the GA Regulations as set forth herein above and in direct violation of the CFA at N.J.S.A. § 56:8-2.

102.    Defendants were prohibited from advertising prices for its merchandise which were less than the true price of the merchandise

103.    Plaintiff and those similarly situated suffered a harm/were aggrieved because each received an unlawful contract/notice that violated their clearly established rights.

104.    Plaintiff and those similarly situated suffered a harm/were aggrieved because each paid an amount, referenced on their receipts, that was in excess of the amount stated on the unit the price label at Dollar General stores in New Jersey.

105.    Specifically, as outlined, *supra*, Defendants' contracts/ notices violated the PD Regulations at N.J.A.C. 13:45A-14.10(a)(1).

106.    It is a clearly established right of a consumer in New Jersey to not be provided with a unit price label that violates the PD Regulations at N.J.A.C. 13:45A-14.10(a)(1).

107.    It is a clearly established responsibility of a seller to not provide consumers in New Jersey with a unit price label that violates the PD Regulations at N.J.A.C. 13:45A-14.10(a)(1).

108.    The contract/notice that Defendants provided to Plaintiffs and those similarly situated in Dollar General's unit price labels is unlawful because it contains provisions that violate the clearly established legal rights of Plaintiff and those similarly situated and violates Defendants' clearly established responsibilities under New Jersey law by employing methods to obscure the true price of its merchandise contrary to the requirements of the PD Regulations as set forth herein above and in direct violation of the CFA at N.J.S.A. § 56:8-2.

109.    Defendants were prohibited from issuing unit price labels for its merchandise which were less than the true price of the merchandise

110.    Plaintiff and those similarly situated suffered a harm/were aggrieved because each received an unlawful unit price label that violated their clearly established rights.

111.    Plaintiff and those similarly situated suffered a harm/were aggrieved because each paid an amount, referenced on their receipts, that was in excess of the amount stated on the unit the price label at Dollar General stores in New Jersey.

112.    As a result of the aforementioned violations of the TCCWNA, Plaintiff and all others similarly situated are aggrieved consumers and are entitled to statutory damages of not less than $100.00 plus reasonable attorneys' fees, and costs pursuant to TCCWNA at <u>N.J.S.A.</u> 56:12-17 for each unlawful advertisement sent to them.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

*On behalf of himself and all others similarly situated as to the Class (Count One):*

a.    Certification of the class, as defined herein, for equitable relief pursuant to <u>Rule</u> 4:32-1(b)(2);

b.    Appointment of named Plaintiff, Ryan Button, as Class Representative and appointment of his attorneys as Class Counsel;

c.    Injunctive relief requiring Defendants to provide an accounting identifying all members of the class and subclass;

d.    Injunctive relief requiring Defendants to provide an accounting of all overcharges during the class period.

e.    A declaratory judgment that Defendants violated the GA Regulations, PD Regulations, CFA, and TCCWNA;

f.    Injunctive relief enjoining Defendants from engaging in future violations of the GA

Regulations, PD Regulations, CFA and TCCWNA;

g.      Equitable relief requiring Defendants to disgorge all improper gains received due to their violations of New Jersey state laws directly to identifiable class members, via a *cy pres* award and/or via a fluid recovery pursuant to R. 4:32-2(c).

h.      Injunctive relief requiring Defendants to provide notice to all members of the class that their purchases at Dollar General stores in New Jersey may have violated of the GA Regulations, PD Regulations, CFA, and TCCWNA and that if they were harmed or aggrieved or sustained and ascertainable loss that they can bring individual actions for statutory relief under TCCWNA, treble damages under the CFA and for an award of attorneys' fees and costs pursuant to both TCCWNA and the CFA;

i.      An award of reasonable attorneys' fees and costs of suit in connection with this action, pursuant to the court's equitable powers, the CFA at <u>N.J.S.A</u>. 56:8-19, and the TCCWNA at <u>N.J.S.A</u>. 56:12-17; and

j.      Such other and further relief as the Court deems equitable and just.

*On behalf of himself and all others similarly situated as to the Class (Counts Two, Three, and Four)*

k.      Certification of the Class and Subclass, as defined herein, for monetary relief pursuant to <u>Rule</u> 4:32-1(b)(3);

l.      Appointment of named Plaintiff, Ryan Button, as Class Representative and appointment of his attorneys as Class Counsel;

m.      Injunctive relief requiring Defendants to provide an accounting identifying all members of the class and subclass;

n.      Declaratory judgment that Defendants violated the GA Regulations, PD Regulations, CFA and TCCWNA;

o.      Injunctive relief enjoining Defendants from engaging in future violations of the GA Regulations, PD Regulations, CFA and TCCWNA;

p.      Actual damages;

q.      Treble damages under the Consumer Fraud Act pursuant to the CFA at <u>N.J.S.A.</u> 56:8-19,

r.      Statutory civil penalties of $100 per illegal advertisement and corresponding purchase for an overcharge pursuant to the TCCWNA at <u>N.J.S.A.</u> 56:12-17;

s.      Reasonable attorneys' fees and costs of suit in connection with this action, pursuant to the CFA at <u>N.J.S.A.</u> 56:8-19 and TCCWNA at <u>N.J.S.A.</u> 56:12-17;

t.      Confer benefits upon the entire class, as a fluid class, pursuant to R.4:32-2(c);

u.      Equitable relief requiring Defendants to disgorge all improper gains received due to their violations of New Jersey state laws directly to identifiable class members, via a *cy pres* award and/or via a fluid recovery pursuant to R. 4:32-2(c);

v.      Pre-judgment and post-judgment interest; and

w.      Such other and further relief as the Court deems equitable and just.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues subject to trial.

## **NOTICE TO ATTORNEY GENERAL OF ACTION**

A copy of this Complaint will be mailed to the Attorney General of the State of New Jersey within ten (10) days after the filing of the Complaint with the Court, pursuant to <u>N.J.S.A.</u> 56:8-20.

## **DESIGNATION OF TRIAL COUNSEL**

Pursuant to <u>Rule</u> 4:25-4, Javier L. Merino, Esq. is hereby designated as trial counsel for Plaintiff.

## CERTIFICATION

Pursuant to <u>Rule</u> 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.  I further certify that I know of no party who should be joined in the action at this time.

*/s/ Javier L. Merino*
Javier L. Merino, Esq.
Andrew R. Wolf, Esq.
THE DANN LAW FIRM. PC
1520 U.S. Hwy. 130 – Suite 101
North Brunswick, NJ  08902
*Attorneys for Plaintiff, on behalf of himself and others similarly situated*

Date: October 6, 2022

EXHIBIT A

CERTIFICATION OF JAVIER L. MERINO, ESQ.







```
         DOLLAR GENERAL STORE #23861
            KEYPORT, NJ 732-708-5083

CV 2  MILK HG          070744009652 E    3.20
GM LUCKY CHARMS XL     016000169678 E    9.50
   2 @ 4.75
JAX CHEESE CURLS 9     077817192273 E    3.00
CV SALTED BUTTER 1     079176008158 E    4.50
CV VANILLA SQ          070640022199 E    3.50
NESTLE PUSH UP VAR     072554173783 E    4.35
CELLOS ADULT-AG        605030337043      2.00 S
   2 @ 1.00
DR PEPPER DIET 12P     078000083163 E   13.50 S
   2 @ 6.75
STORE DISCOUNT                           3.50-S
SUBTOTAL                               $40.05
Tax1                                    $0.80
TOTAL  SALE                            $40.85
Visa             0083 CHIP             $40.85
AUTH# 016035
REF: 000000000167 AID: A0000000031010

        TOTAL  SAVINGS
             $3.50
 2022-06-16  11:00:48  23861 01              4504
```



```
891177041303443911551595941991974451 3321161
```

```
--------------------CUT HERE--------------------
****************************************** *
* Complete survey at dgcustomerfirst.com *
*              For a chance to            *
*  WIN A $100 Gift Card *
*  Weekly Drawings, Must be 18+ to enter  *
*          Survey Code                    *
*        2370-5438-1076-712               *
****************************************** *
--------------------CUT HERE--------------------
```

EXHIBIT B

CERTIFICATION OF JAVIER L. MERINO, ESQ.



DOLLAR GENERAL STORE #23861
KEYPORT, NJ 732-708-5083

PIRATES BOOTY WHIT 015665601004 E      2.75
TOTAL SALE                                   $2.75
Visa                     0083 CHIP           $2.75
AUTH# 021283
REF: 000000001001 AID: A0000000031010
2022-06-21  09:08:33  23861 01          5780

891770699003439115015911419669744611331831

----------------CUT HERE----------------
*************************************** *
* Complete survey at dgcustomerfirst.com *
*            For a chance to              *
*WIN A $100 Gift Card*
* Weekly Drawings, Must be 18+ to enter   *
*          Survey Code                    *
Ӿ                                          Ӿ
      2370-6698-1081-792
*************************************** *

----------------CUT HERE----------------
**SATURDAY JUNE 25TH ONLY!**
**DG Store Coupon**          Valid 6/25/2022

# $5 OFF $25

$5 off your purchase of
$25 or more (pretax)

OR SHOP ONLINE: USE PROMO CODE DGSAVEJUN

$25

EXHIBIT C

CERTIFICATION OF JAVIER L. MERINO, ESQ.



```
            DOLLAR GENERAL STORE #23861
             KEYPORT, NJ 732-708-5083

CV VANILLA IC PAIL 070640022151 E      6.75
CV MACARONI CHEESE 076924889014 E      1.50
   2 @ 0.75
CV 2 MILK HG        070744009652 E      3.20
TOTAL SALE                           $11.45
Visa               0083 CHIP         $11.45
AUTH# 023159
REF: 000000001316 AID: A0000000031010
2022-06-23  10:48:23  23861 01            6274
```

89177018303443911521592041966974471333157 1

---------------CUT HERE----------------

```
*******************************************  *
* Complete survey at dgcustomerfirst.com  *
*           For a chance to                *
*WIN  A  $100  Gift Card*
* Weekly Drawings, Must be 18+ to enter    *
*        Survey Code                       *
*      2370-7138-1083-782                  *
*******************************************  *
```

---------------CUT HERE----------------

**SATURDAY JUNE 25TH ONLY!**

**DG Store Coupon**             Valid 6/25/2022

# $5 OFF $25

$5 off your purchase of
$25 or more (pretax)

OR SHOP ONLINE: USE PROMO CODE DGSAVEJUN

$25 or more (pretax) after all other DG
discounts. Limit one DG $2, $3, or $5
off store coupon per customer. Excludes

EXHIBIT D

CERTIFICATION OF JAVIER L. MERINO, ESQ.





```
            DOLLAR GENERAL STORE #23861
              KEYPORT, NJ 732-708-5083

  COKE ZERO              049000042559 E    20.25 S
     3 @ 6.75
  STORE DISCOUNT                           10.25-S
  BE MXD VEG             014500021281 E     6.00
     6 @ 1.00
  BIRDSEYE STEAMFRSH     014500010988 E     3.00
     3 @ 1.00
  ARMOUR LUNCHMAKER-     046600034274 E     2.00
     2 @ 1.00
  CV SM CURD COTTAGE     070744009775 E     2.40
  ARMOUR SMOKED HAM      027815091450 E     3.75
  CBAD MINI BF RAVIO     064144043064 E     2.50
     2 @ 1.25
  DGH ZIPPER SANDWIC     840323105873       2.35 S
  REG LAYS               028400090858 E     1.00
     2 @ 0.50
  SUBTOTAL                                 $33.00
  Tax1                                      $0.82
  TOTAL SALE                               $33.82
  MasterCard              7712 CHIP        $33.82
  AUTH# 01712B
  REF: 000000000489 AID: A0000000041010

            TOTAL SAVINGS
                 $10.25
   2022-06-28  12:30:57  23861 01           0933

  |||||| |||| ||||||| ||||| ||||||| ||||||||||||||
  891770842003439115716942919666034111331148

  ----------------CUT HERE----------------  *
  ***************************************** *
  * Complete survey at dgcustomerfirst.com *
  *          For a chance to               *
  *WIN A $100 Gift Card*
  * Weekly Drawings, Must be 18+ to enter   *
  *        Survey Code                      *
  *                                         *
  *█      2370-1828-1088-742      █*
  ***************************************** *
  ----------------CUT HERE----------------
        SATURDAY JULY 2ND ONLY!
  DG Store Coupon          Valid 7/2/2022
        $5 OFF $25
```







# EXHIBIT E

**CERTIFICATION OF JAVIER L. MERINO, ESQ.**



```
           DOLLAR GENERAL STORE #23861
             KEYPORT, NJ 732-708-5083

BE MXD VEG            014500021281 E    6.00
   6 @ 1.00
OREO COOKE ORIG 4P 044000055653 E       1.00
CV MACARONI CHEESE 076924889014 E       3.00
   4 @ 0.75
FRUIT BY THE FOOT    016000194304 E     5.70 S
   2 @ 2.85
UTZ 10CT ORIGINAL    041780192646 E     5.25
GOODNITES S-M GIRL 036000413144        11.50
SPASOAP ALOE REFIL 852474169109         1.00 S
XTRA LDS W BLCH AL 850038699000         1.00 S
PS MENS 3N1 C.BLUE 815195012024         1.00 S
VO5 MENS 3N1 OCN S 816559015149         1.00 S
S S 3-ROLL JUMBO W 013100301601         2.35
SCOTT 8PK 1000 SHE 054000119712         8.35
ALL FREE   CLEAR 8 072613739455         8.00 S
COKE ZERO            049000042659 E    40.50 S
   6 @ 6.75
STORE DISCOUNT                         18.50-S
SUBTOTAL                              $77.15
Tax1                                   $2.63
TOTAL SALE                            $79.78
Visa               0083 CHIP          $79.78
AUTH# 001492
REF: 000000000826 AID: A0000000031010

           TOTAL SAVINGS
                $18.50
2022-07-01  10:37:17  23861  01            1535
```

89177044034439116015986410419744213311221

```
----------------CUT HERE----------------
************************************** *
* Complete survey at dgcustomerfirst.com *
*        For a chance to               *
*WIN A $100 Gift Card*
* Weekly Drawings. Must be 18+ to enter *
```



# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-002774-22

**Case Caption:** BUTTON RYAN  VS DOLLAR GENERAL CORPO RATION, D

**Case Initiation Date:** 10/10/2022

**Attorney Name:** JAVIER LUIS MERINO

**Firm Name:** THE DANN LAW FIRM, PC

**Address:** 1520 U.S. HIGHWAY 130 STE 101 NORTH BRUNSWICK NJ 08902

**Phone:** 2013553440

**Name of Party:** PLAINTIFF : Button, Ryan

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Ryan Button?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
This is a putative class action requiring TK 4 management for the complexities of class cert, notice, class wide discover, lit

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/10/2022
Dated

/s/ JAVIER LUIS MERINO
Signed

## Case Summary

**Case Number:** MON L-002774-22

**Case Caption:** Button Ryan  Vs Dolgen Corp Llc

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Monmouth | **Case Initiation Date:** 10/10/2022 |
| **Case Type:** Complex Commercial | **Case Status:** Closed | **Jury Demand:** 6 Jurors |
| **Case Track:** 4 | **Judge:** Mara Zazzali-Hogan | **Team:** 3 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** 12/06/2022 | **Case Disposition:** Transferred To Another Court | **Statewide Lien:** |

**Plaintiffs**

**Ryan  Button**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Javier Luis Merino |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 078112014 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** JMERINO@DANNLAW.COM | | |

**Defendants**

**Dolgencorp Llc AKA  D/B/A Dollar General**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** Philip Andrew Goldstein |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 025732001 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** PAGOLDSTEIN@MCGUIREWOODS.COM | | |

**Todd  Vasos**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Philip Andrew Goldstein |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 025732001 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** PAGOLDSTEIN@MCGUIREWOODS.COM | | |

**Jeff  Owen**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Philip Andrew Goldstein |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 025732001 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** PAGOLDSTEIN@MCGUIREWOODS.COM | | |

**Steve  Sunderland**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Philip Andrew Goldstein |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 025732001 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** PAGOLDSTEIN@MCGUIREWOODS.COM | | |

**Emily  Taylor**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Philip Andrew Goldstein |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 025732001 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** PAGOLDSTEIN@MCGUIREWOODS.COM | | |

**Ividually , John Does 1-500, Ind**

**Party Description:** Fictitious                                   **Attorney Name:**

**Address Line 1:**                        **Address Line 2:**       **Attorney Bar ID:**

**City:**              **State:** NJ        **Zip:** 00000          **Phone:**

**Attorney Email:**

**Case Proceeding**

| Created Date | Scheduled Time | Court Room | Judge Name | Proceeding Description | Motion Type | Proceeding Status | Motion Status |
|---|---|---|---|---|---|---|---|
| 11/18/2022 | 09:00 | REMOT | MARA      ZAZZALI-HOGAN | MOTION HEARING | MOTION TO CORRECT DATA | COMPLETED | CM |

**Case Actions**

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 10/10/2022 | Complaint with Jury Demand for MON-L-002774-22 submitted by MERINO, JAVIER LUIS, THE DANN LAW FIRM, PC on behalf of RYAN BUTTON against DOLLAR GENERAL CORPORATION, DO, TODD VASOS, JEFF OWEN, STEVE SUNDERLAND, EMILY TAYLOR ET AL. | LCV20223595492 | 10/10/2022 |
| 10/11/2022 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20223596039 | 10/11/2022 |
| 10/11/2022 | DEFICIENCY NOTICE: re: Complaint [LCV20223595492] -Data Submitted Does Not Match Documents DF Dolgencorp is listed on the complaint but not in ecourts/ACMS - a motion to correct data is needed. | LCV20223602407 | 10/11/2022 |
| 10/13/2022 | CLERK NOTICE:  re: Complaint [LCV20223595492] -Because class actions are excluded from the CBLP program, this matter will proceed in the normal course as a Track IV case, as per Judge Zazzali-Hogan. | LCV20223632194 | 10/13/2022 |
| 10/19/2022 | ORDER TO REMOVE FROM COMPLEX BUSINESS LITIGATION - GRANTED by Judge MARA  ZAZZALI-HOGAN | LCV20223649853 | 10/19/2022 |
| 10/21/2022 | NOTICE OF APPEARANCE (NOT THE FIRST PAPER) submitted by RUDNICK, JONATHAN, S of JONATHAN RUDNICK, LLC on behalf of RYAN  BUTTON against DOLLAR GENERAL CORPORATION, DO, TODD  VASOS, JEFF  OWEN, STEVE SUNDERLAND, EMILY  TAYLOR ET AL. | LCV20223719863 | 10/21/2022 |
| 10/28/2022 | MOTION TO CORRECT DATA submitted by MERINO, JAVIER, LUIS of THE DANN LAW FIRM, PC on behalf of RYAN  BUTTON against DOLLAR GENERAL CORPORATION, DO, TODD  VASOS, JEFF  OWEN, STEVE  SUNDERLAND, EMILY  TAYLOR ET AL. | LCV20223779730 | 10/28/2022 |
| 10/28/2022 | The motion filed on 10/28/2022 will be decided on 11/18/2022. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO CORRECT DATA [LCV20223779730] | LCV20223780778 | 10/28/2022 |
| 11/18/2022 | ORDER TO CORRECT DATA [LCV20223779730] | LCV20223995994 | 11/18/2022 |
| 12/05/2022 | NOTICE OF REMOVAL submitted by GOLDSTEIN, PHILIP, ANDREW of MCGUIREWOODS LLP on behalf of DOLGENCORP LLC, TODD  VASOS, JEFF  OWEN, STEVE  SUNDERLAND, EMILY  TAYLOR against RYAN  BUTTON | LCV20224138404 | 12/05/2022 |

# U.S. District Court
## District of New Jersey [LIVE] (Trenton)
## CIVIL DOCKET FOR CASE #: 3:22-cv-07028-MAS-RLS

BUTTON v. DOLLAR GENERAL CORPORATION et al
Assigned to: Judge Michael A. Shipp
Referred to: Magistrate Judge Rukhsanah L. Singh
Case in other court: SUPERIOR COURT OF NEW JERSEY,
            MONMOUTH COUNTY, MON L 002774 22
Cause: 28:1441 Notice of Removal- Fraud

Date Filed: 12/05/2022
Jury Demand: Plaintiff
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

**Plaintiff**

**RYAN BUTTON**
*on behalf of himself and those similarly
situated*

represented by **ANDREW R. WOLF**
THE DANN LAW FIRM PC
1520 U.S HIGHWAY 130
SUITE 101
NORTH BRUNSWICK, NJ 08902
732-545-7900
Fax: 732-545-1030
Email: awolf@dannlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JAVIER LUIS MERINO**
DANN LAW FIRM
1520 U.S. HIGHWAY 130
SUITE 101
NORTH BRUNSWICK, NJ 08902
201-355-3440
Fax: 216-373-0536
Email: jmerino@dannlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DOLLAR GENERAL CORPORATION**

represented by **PHILIP ANDREW GOLDSTEIN**
MCGUIRE WOODS LLP
1251 AVENUE OF THE AMERICAS
20TH FLOOR
NEW YORK, NY 10020
212-548-2167
Email: pagoldstein@mcguirewoods.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOLGENCORP, LLC**
*agent of*
DOLLAR GENERAL

represented by **PHILIP ANDREW GOLDSTEIN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TODD VASOS**                                    represented by    **PHILIP ANDREW GOLDSTEIN**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**JEFF OWEN**                                     represented by    **PHILIP ANDREW GOLDSTEIN**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**STEVE SUNDERLAND**                              represented by    **PHILIP ANDREW GOLDSTEIN**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**EMILY TAYLOR**                                  represented by    **PHILIP ANDREW GOLDSTEIN**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES 1-500**
*individually, jointly, severally, or in the*
*alternative*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/05/2022 | 1 | NOTICE OF REMOVAL by STEVE SUNDERLAND, DOLGENCORP, LLC D/B/A DOLLAR GENERAL, EMILY TAYLOR, DOLLAR GENERAL CORPORATION, TODD VASOS, JEFF OWEN from Superior Court of the State of New Jersey, Monmouth County, Law Division, case number MON-L-002774-22. ( Filing and Admin fee $ 402 receipt number ANJDC-13874853), filed by STEVE SUNDERLAND, DOLGENCORP, LLC D/B/A DOLLAR GENERAL, EMILY TAYLOR, DOLLAR GENERAL CORPORATION, TODD VASOS, JEFF OWEN. (Attachments: # 1 Exhibit 1 - State Court Pleadings, # 2 Exhibit 2 - Notice to State Court and Adverse Parties, # 3 Exhibit 3 - Slip, # 4 Civil Cover Sheet, # 5 Certificate of Service)(GOLDSTEIN, PHILIP) (Entered: 12/05/2022) |
| 12/05/2022 | 2 | Exhibit to 1 Notice of Removal,, *Exhibit 3 - Declaration of Philip A. Goldstein in Support of Notice of Removal* by DOLGENCORP, LLC D/B/A DOLLAR GENERAL, DOLLAR GENERAL CORPORATION, JEFF OWEN, STEVE SUNDERLAND, EMILY TAYLOR, TODD VASOS. (GOLDSTEIN, PHILIP) <br><br> NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 12/05/2022) |
| 12/05/2022 | 3 | Corporate Disclosure Statement by DOLLAR GENERAL CORPORATION identifying no parent corporation as Corporate Parent.. (GOLDSTEIN, PHILIP) (Entered: 12/05/2022) |
| 12/05/2022 | 4 | Corporate Disclosure Statement by DOLGENCORP, LLC D/B/A DOLLAR GENERAL identifying Dollar General Corporation as Corporate Parent.. (GOLDSTEIN, PHILIP) |

1/4/23, 10:02 AM
Case 7:23-cv-00558-PMH   Document 1-2   Filed 01/20/23   Page 52 of 55
CM/ECF LIVE - U.S. District Court for the District of New Jersey

| | | (Entered: 12/05/2022) |
|---|---|---|
| 12/05/2022 | 5 | Third Party Litigation Funding disclosure statement pursuant to L.Civ.R 7.1.1(a)(1-3) filed by DOLLAR GENERAL CORPORATION. (GOLDSTEIN, PHILIP) (Entered: 12/05/2022) |
| 12/05/2022 | 6 | Third Party Litigation Funding disclosure statement pursuant to L.Civ.R 7.1.1(a)(1-3) filed by DOLGENCORP, LLC D/B/A DOLLAR GENERAL. (GOLDSTEIN, PHILIP) (Entered: 12/05/2022) |
| 12/05/2022 | | Judge Michael A. Shipp and Magistrate Judge Rukhsanah L. Singh added. (kht) (Entered: 12/06/2022) |
| 12/06/2022 | 7 | NOTICE of Appearance by ANDREW R. WOLF on behalf of RYAN BUTTON (WOLF, ANDREW) (Entered: 12/06/2022) |
| 12/06/2022 | 8 | NOTICE of Appearance by JAVIER LUIS MERINO on behalf of RYAN BUTTON (MERINO, JAVIER) (Entered: 12/06/2022) |
| 12/06/2022 | 9 | ORDER Scheduling Conference set for 1/31/2023 at 10:30 AM before Magistrate Judge Rukhsanah L. Singh. Signed by Magistrate Judge Rukhsanah L. Singh on 12/6/2022. (kht) (Entered: 12/06/2022) |
| 12/07/2022 | 10 | Application and Proposed Order for Clerk's Order to extend time to answer as to Defendants.. (Attachments: # 1 Certificate of Service)(GOLDSTEIN, PHILIP) (Entered: 12/07/2022) |
| 12/08/2022 | 11 | MOTION for Leave to Appear Pro Hac Vice *of Marc E. Dann* by RYAN BUTTON. (Attachments: # 1 Certification Certification of Javier L. Merino, # 2 Certification Certification of Marc E. Dann with Exhibits, # 3 Text of Proposed Order Proposed Order Granting Pro Hac Vice to Marc E. Dann)(MERINO, JAVIER) (Entered: 12/08/2022) |
| 12/09/2022 | | Clerk`s Text Order - The document 10 Application for Clerk's Order to Ext Answer/Proposed Order submitted by STEVE SUNDERLAND, DOLGENCORP, LLC, EMILY TAYLOR, DOLLAR GENERAL CORPORATION, TODD VASOS, JEFF OWEN has been GRANTED. The answer due date has been set for 12/27/2022. (jal, ) (Entered: 12/09/2022) |
| 12/09/2022 | | Set Deadlines as to 11 MOTION for Leave to Appear Pro Hac Vice *of Marc E. Dann*. Motion set for 1/3/2022 before Magistrate Judge Rukhsanah L. Singh. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (jal, ) (Entered: 12/09/2022) |
| 12/12/2022 | | CLERK'S QUALITY CONTROL MESSAGE - Please be advised, pursuant to Fed. R. Civ. P. 7.1, a disclosure statement is required to be filed by parties and intervenors in diversity actions to identify the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor. Such disclosure statements must be filed with the partys, intervenors or proposed intervenors first appearance, pleading, petition, motion, response or other request addressed to the Court. (jjc, ) (Entered: 12/12/2022) |
| 12/19/2022 | 12 | Exhibit to 1 Notice of Removal,, *Exhibit 3 "(Redacted)"-Declaration of Philip A. Goldstein in Support of Notice of Removal* by DOLGENCORP, LLC, DOLLAR GENERAL CORPORATION, JEFF OWEN, STEVE SUNDERLAND, EMILY TAYLOR, TODD VASOS. (GOLDSTEIN, PHILIP) (Entered: 12/19/2022) |
| 12/19/2022 | 13 | MOTION to Seal by DOLGENCORP, LLC, DOLLAR GENERAL CORPORATION, JEFF OWEN, STEVE SUNDERLAND, EMILY TAYLOR, TODD VASOS. (Attachments: |

|  |  | # [1](#) Declaration of Philip A. Goldstein In Support of Motion, # [2](#) Topics Index, # [3](#) (Proposed) Order, # [4](#) Certificate of Service)(GOLDSTEIN, PHILIP) (Entered: 12/19/2022) |
| 12/20/2022 | [14](#) | Corporate Disclosure Statement by EMILY TAYLOR. (GOLDSTEIN, PHILIP) (Entered: 12/20/2022) |
| 12/20/2022 | [15](#) | Corporate Disclosure Statement by TODD VASOS. (GOLDSTEIN, PHILIP) (Entered: 12/20/2022) |
| 12/20/2022 | [16](#) | Corporate Disclosure Statement by JEFF OWEN. (GOLDSTEIN, PHILIP) (Entered: 12/20/2022) |
| 12/20/2022 | [17](#) | Corporate Disclosure Statement by STEVE SUNDERLAND. (GOLDSTEIN, PHILIP) (Entered: 12/20/2022) |
| 12/20/2022 | [18](#) | Third Party Litigation Funding disclosure statement pursuant to L.Civ.R 7.1.1(a)(1-3) filed by STEVE SUNDERLAND. (GOLDSTEIN, PHILIP) (Entered: 12/20/2022) |
| 12/20/2022 | [19](#) | Third Party Litigation Funding disclosure statement pursuant to L.Civ.R 7.1.1(a)(1-3) filed by JEFF OWEN. (GOLDSTEIN, PHILIP) (Entered: 12/20/2022) |
| 12/20/2022 | [20](#) | Third Party Litigation Funding disclosure statement pursuant to L.Civ.R 7.1.1(a)(1-3) filed by EMILY TAYLOR. (GOLDSTEIN, PHILIP) (Entered: 12/20/2022) |
| 12/20/2022 | [21](#) | Third Party Litigation Funding disclosure statement pursuant to L.Civ.R 7.1.1(a)(1-3) filed by TODD VASOS. (GOLDSTEIN, PHILIP) (Entered: 12/20/2022) |
| 12/20/2022 | [22](#) | Corporate Disclosure Statement by DOLLAR GENERAL CORPORATION. (GOLDSTEIN, PHILIP) (Entered: 12/20/2022) |
| 12/20/2022 | [23](#) | Corporate Disclosure Statement by DOLGENCORP, LLC identifying Dollar General Corporation as Corporate Parent.. (GOLDSTEIN, PHILIP) (Entered: 12/20/2022) |
| 12/21/2022 | [24](#) | NOTICE by DOLGENCORP, LLC, DOLLAR GENERAL CORPORATION, JEFF OWEN, STEVE SUNDERLAND, EMILY TAYLOR, TODD VASOS *of Supplemental Submission of State Court Filings* (Attachments: # [1](#) Exhibit Exhibits to Complaint, # [2](#) Exhibit Summons Issued to Dollar General, # [3](#) Exhibit Civil Case Information Statement, # [4](#) Exhibit Track Assignment Notice, # [5](#) Exhibit Deficiency Notice Regarding Complaint, # [6](#) Exhibit Clerk's Notice, # [7](#) Exhibit Court Order, # [8](#) Exhibit Notice of Appearance, # [9](#) Exhibit Misc Motion Papers, # [10](#) Exhibit Text Entry, # [11](#) Exhibit Discovery) (GOLDSTEIN, PHILIP) (Entered: 12/21/2022) |
| 12/21/2022 | [25](#) | ORDER granting [11](#) Motion for Leave to Appear Pro Hac Vice as to Marc E. Dann. Signed by Magistrate Judge Rukhsanah L. Singh on 12/19/2022. (jal, ) (Entered: 12/21/2022) |
| 12/21/2022 |  | Set Deadlines as to [13](#) MOTION to Seal . Motion set for 1/17/2023 before Magistrate Judge Rukhsanah L. Singh. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (jal, ) (Entered: 12/21/2022) |
| 12/27/2022 | [26](#) | MOTION to Dismiss by JEFF OWEN, STEVE SUNDERLAND, EMILY TAYLOR, TODD VASOS. (Attachments: # [1](#) Exhibit Memorandum of Law In Support of Motion to Dismiss, # [2](#) Exhibit Declaration of Philip A. Goldstein In Support of Motion to Dismiss, # [3](#) Exhibit Complaint, # [4](#) Exhibit Unreported Cases, # [5](#) Exhibit (Proposed) Order, # [6](#) Exhibit Certificate of Service)(GOLDSTEIN, PHILIP) (Entered: 12/27/2022) |
| 12/27/2022 | [27](#) | MOTION to Dismiss by DOLGENCORP, LLC, DOLLAR GENERAL CORPORATION. (Attachments: # [1](#) Exhibit Memorandum of Law In Support of Motion to Dismiss, # [2](#) |

| | | |
|---|---|---|
| | | Exhibit Declaration of Philip A. Goldstein In Support of Motion to Dismiss, # <u>3</u> Exhibit Complaint, # <u>4</u> Exhibit Dolgencorp LLC's Price Override/Price Match Policy, # <u>5</u> Exhibit Unreported Cases, # <u>6</u> Exhibit (Proposed Order), # <u>7</u> Exhibit Certificate of Service) (GOLDSTEIN, PHILIP) (Entered: 12/27/2022) |
| 12/28/2022 | | Set Deadlines as to <u>26</u> MOTION to Dismiss . Motion set for 2/6/2023 before Judge Michael A. Shipp. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (jal, ) (Entered: 12/28/2022) |
| 12/28/2022 | | Set Deadlines as to <u>27</u> MOTION to Dismiss . Motion set for 2/6/2023 before Judge Michael A. Shipp. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (jal, ) (Entered: 12/28/2022) |
| 12/28/2022 | <u>28</u> | Letter from Philip A. Goldstein to the Hon. Rukhsanah L. Singh re: Pro Hac Vice Application. (Attachments: # <u>1</u> Certification of Philip A. Goldstein, # <u>2</u> Certification of R. Trent Taylor, # <u>3</u> Proposed Order, # <u>4</u> Certificate of Service)(GOLDSTEIN, PHILIP) (Entered: 12/28/2022) |
| 01/03/2023 | <u>29</u> | ORDER Granting pro hac vice admission, as to Trent Taylor. Signed by Magistrate Judge Rukhsanah L. Singh on 1/3/2023. (jdg, ) (Entered: 01/03/2023) |
| 01/03/2023 | <u>30</u> | RESPONSE in Opposition filed by RYAN BUTTON re <u>13</u> MOTION to Seal (MERINO, JAVIER) (Entered: 01/03/2023) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/04/2023 10:02:07 | | |
| **PACER Login:** | merinolawpc | **Client Code:** | 07457-Button |
| **Description:** | Docket Report | **Search Criteria:** | 3:22-cv-07028-MAS-RLS Start date: 1/1/1980 End date: 1/4/2023 |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

support of this Notice of Removal, and in accordance with 28 U.S.C. § 1446, Defendants state as follows:

<strong>PROCEDURAL BACKGROUND</strong>

1.     Plaintiff Ryan Button, a citizen and resident of New Jersey, filed a complaint in the Superior Court of New Jersey, Law Division, Monmouth County, dated October 6, 2022, captioned *Ryan Button, on Behalf of Himself and Those Similarly Situated v. Dollar General Corporation, Dolgencorp, LLC d/b/a Dollar General, Todd Vasos, Jeff Owen, Steve Sunderland, Emily Taylor, and John Does 1-500*, bearing docket number MON-L-002774-22 ("State Court Action").

2.     On November 4, 2022, the summons and complaint were served on Dolgencorp, LLC and the individual defendants.[1]

3.     Removal of the complaint is timely because this Notice of Removal is filed within 30 days after November 4, 2022, as that time is calculated under the Federal Rules of Civil Procedure, and within 1 year of Plaintiff filing the complaint.  28 U.S.C. §§ 1446(b)(1), (c)(1); 1453(b); Fed. R. Civ. P. 6(a).

4.     The State Court Action has not been previously removed to federal court.

5.     Defendants have not filed any responsive pleadings in the State Court Action.

6.     Defendants are informed and believe that there has been no service of process upon any "Does," which are fictitious defendants and therefore disregarded for the purpose of this removal.  28 U.S.C. § 1441(b)(1); *see also Ortiz v. Richmond Elevator Co., Inc.*, No. 15–672 (CCC), 2015 WL 5945433, at *6 (D.N.J. Sept. 29, 2015) (citing 28 U.S.C. § 1441(b)(1) stating "the citizenship of fictitious parties such as John Doe or ABC Corporation is disregarded for

---

[1]     Each of the named defendants in this suit joins in and consents to the removal.

2