**McGuireWoods**

McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Philip A. Goldstein
Direct: 212.548.2167
pagoldstein@mcguirewoods.com

March 24, 2023

**By ECF**
Hon. Philip M. Halpern, U.S.D.J.
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:     *Wolf v. Dollar General Corporation, et al.*, **Case No. 7:23-cv-00558-PMH (S.D.N.Y.)**

Dear Judge Halpern:

McGuireWoods represents Dollar General Corporation, Dolgen New York, LLC, and Dolgencorp of Texas, LLC (collectively, "Dollar General"). The parties exchanged pre-motion letters under Section 4.C of your Individual Practices. Defendants now seek a pre-motion conference concerning their anticipated motion to strike class allegations.

**I.      Rule 23 Permits a Pleadings-Based Review of the Class Allegations.**

Federal Rule of Civil Procedure 23(c) and (d)(1)(D) provide the Court authority to strike class allegations based on the pleadings. *See Grant v. New York Times Co.*, 329 F.R.D. 27, 30-31 (S.D.N.Y. 2018); *see also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."). "*Iqbal*'s plausibility standard applies to" a motion to strike class allegations. *Davis v. Navient Corp.*, No. 17-cv-00992, 2018 WL 1603871, at *5 (W.D.N.Y. Mar. 12, 2018). A motion to strike class allegations is successful by demonstrating the plaintiff's allegations fail "to show that it is plausible that plaintiffs will be able to satisfy the Rule 23 requirements after conducting discovery." *Id.* Plaintiffs' pre-motion observation that some courts view motions to strike class actions with disfavor does not preclude granting such a motion here.

March 24, 2023
Page 2

## II.    The Proposed Class is Overbroad.

"The failure to propose an appropriate time limitation in defining the class period usually will result in a finding that the class is impermissibly overbroad and not ascertainable." *Brecher v. Republic of Argentina*, 806 F.3d 22, 25 n.3 (2d Cir. 2015).  Plaintiffs allege that price discrepancies at Dollar General stores in New York started "in late summer 2022."  Compl., ¶ 14. Yet Plaintiffs define the class to extend to three years before they filed suit—to January 2020.  *Id.*, ¶ 28.  Plaintiffs' class definition is therefore impermissibly "overbroad and lacks precision" when encompassing a time earlier than late summer 2022.  *In re Ry. Indus. Emple. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464 (W.D. Pa. 2019) (striking class definition that includes all defendants' employees since 2009, but the allegations established that different groups of employees were not allegedly injured until later years); *see also, e.g.*, *Maddison v. Comfort Sys. USA (Syracuse), Inc.*, No. 5:17-cv-0359, 2018 WL 679477, at *8-9 (N.D.N.Y. Feb. 1, 2018) (striking class definition to the extent that it included time periods when the named plaintiff could not have suffered injury).

Not so, Plaintiffs say, using their pre-motion letter to point to their conclusory assertion that prices were charged higher "in the three-year period before the Complaint was filed."  *See* Compl., ¶ 26.  But this conclusory allegation is an impermissible "naked assertio[n] devoid of further factual enhancement."  *Iqbal*, 556 U.S. 662, 678 (2009).  They pleaded no fact showing that any purported price discrepancy happened before Summer 2022.  Indeed, the three-year period Plaintiffs reference is not based in fact, but the statute of limitations period.  *See SpeedFit LLC v. LifeCore Fitness, Inc.*, No. 22-cv-3140, 2023 WL 199595, at *4 (S.D.N.Y. Jan. 17, 2023) ("GBL § 349 claims are subject to a three-year statute of limitations.").  Plaintiffs' factually unsupported attempt to align the class period to the statute of limitation is the type of "formulaic recitation of the elements of a cause of action" that are not credited under *Iqbal*.  556 U.S. at 678.

March 24, 2023
Page 3

A motion will establish that, at minimum, the Court should strike part of Plaintiffs' class to the extent it predates Plaintiffs' first alleged injury.  *See Maddison*, 2018 WL 679477, at *8-9.

**III.    The Proposed Class is An Impermissible Fail-Safe Class.**

"A fail-safe class requires a court to decide the merits of individual class members' claims to determine class membership."  *Nypl v. JP Morgan Chase & Co.*, No. 15-cv-9300, 2022 WL 819771, at *9 (S.D.N.Y. Mar. 18, 2022).  "Courts in this circuit typically refuse to certify fail-safe classes unless the fail-safe aspect can be overcome by redefining the class or some other means." *Id*.  "Courts decline to certify fail-safe classes because they are unfair to defendants, prevent an adverse judgment being entered against plaintiffs, and are unmanageable."  *Lawrence v. NYC Medical Prac., P.C.*, No. 1:18-cv-8649, 2021 WL 2026229, at *6 (S.D.N.Y. May 20, 2021).

The putative class is defined as "[a]ll consumers who . . . paid more for merchandise than the advertised price labeled on the shelf at a Dollar General store located in New York."  Compl., ¶ 28.  Paying more for merchandise than the price printed on the shelf label—i.e., an alleged overcharge—is the crux of Plaintiffs' legal claims.  *See, e.g.*, *id.*, ¶¶ 31(a), (3), 49, 58.  Because class membership is "defined in terms of a legal injury," Plaintiffs propose an impermissible fail-safe class.  *Lawrence*, 2021 WL 2026229, at *6; *see also, e.g.*, *id.* at *7 (fail-safe class when membership turned on whether the individual experienced the facts establishing alleged liability, that is, not being paid overtime).

In their pre-motion letter, Plaintiffs do not dispute their proposed class is an impermissible fail-safe class.  The totality of their rebuttal on that point was just the header to an argument section—with no substantive support.  Plaintiffs' silence can be deemed a concession or waiver of the point.  *Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A.*, No. 22-cv-05006, 2022 WL 17342495, at *3 (S.D.N.Y. Nov. 30, 2022) ("A party may be deemed to concede an argument by failing to address it in an opposition brief.").

March 24, 2023
Page 4

Nonetheless, Plaintiffs' pre-motion letter takes the position that the fail-safe nature of their putative class should not stop them from conducting class discovery. The Court should not permit Plaintiffs to conduct class discovery for a legally impermissible class any more than it should permit fact discovery for a legally impermissible claim. Nor is this fatal aspect to Plaintiffs' class definition one that could be remedied by any amount of discovery (such as, for example, might be the case for adequacy or commonality arguments). Both now and in the future, no discovery will change that qualification for class membership requires the putative member to prove a claim under Plaintiffs' theory of the case. A motion will further establish this basis to strike Plaintiff's class allegations and putative class.

## V.    Conclusion.

For these reasons, the Court should strike Plaintiffs' class allegations and proposed class from the Complaint.

Sincerely,

*s/ Philip A. Goldstein*

Philip A. Goldstein

cc:    All counsel of record (via ECF)