**McGuireWoods**

McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Philip A. Goldstein
Direct: 212.548.2167
pagoldstein@mcguirewoods.com

March 24, 2023

**By ECF**
Hon. Philip M. Halpern, U.S.D.J.
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**Re:**   *Wolf v. Dollar General Corporation*, et al., Case No. 7:23-cv-00558-PMH (S.D.N.Y.)

Dear Judge Halpern:

McGuireWoods represents defendants (collectively, "Dollar General") in this matter. The parties exchanged pre-motion letters under Section 4.C of your Individual Practices. Defendants now seek a pre-motion conference concerning their anticipated motion to dismiss.

**I.     The Court Should Dismiss Count One.**

Count One asserts a claim under the Declaratory Judgment Act, seeking declaratory and injunctive relief. Compl., ¶¶ 42-54. This claim should be dismissed for three reasons.

**1.** "A request for injunctive relief is not a separate cause of action." *Milligan v. GEICO Gen. Ins. Co.*, No. 20-3726-cv, 2022 WL 433289, at *6 (2d Cir. Feb. 14, 2022) (affirming dismissal of a separate count for declaratory and injunctive relief). Plaintiffs' pre-motion response states that Count One, despite being separate from Count Two, "is *not* pled as a separate cause of action." Defendants' motion to dismiss will address that contradiction and support dismissal.

**2.** Count One is duplicative of Count Two. *See* Compl, ¶¶ 45, 49, 56, 61. Plaintiffs' pre-motion response admits this stating these are not separate causes of action. Because Count One "seeks resolution of legal issues that will . . . be resolved in the course of the litigation of the other caus[e] of action," Count One should be dismissed. *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp.2d 231, 249-50 (S.D.N.Y. 2006). Plaintiffs' pre-motion letter argument about a Rule

23(b)(2) class does not require a separate Count. A motion is appropriate to show why dismissal is proper.

3. Count One requires Count Two to be meritorious. *See Bhanusali v. Orange Reg. Med. Ctr.*, No. 10-cv-6694, 2012 WL 13059694, at *9 (S.D.N.Y. Jan. 20, 2012) ("declaratory judgment is . . . a form of relief that may be available if [a] plaintiff's substantive claims have merit"). Count One fails because Count Two should be dismissed as set forth below. *See, e.g.*, *Reid v. Supershuttle Int'l, Inc.*, No. 08-cv-4854, 2012 WL 1049613, at *10 (E.D.N.Y. Mar. 22, 2010).

## II. Count Two Should Be Dismissed.

Count Two asserts a claim under New York General Business Law ("GBL") § 349. This Count should be dismissed for four reasons.

1. A GBL § 349 claim requires pleading non-conclusory facts of "conduct that [are] . . . misleading." *Goldman v. Barrett*, No. 15-cv-9223, 2016 WL 5942529, at *8 (S.D.N.Y. Aug. 24, 2016). When "a defendant fully disclosed the terms and conditions of an alleged deceptive transaction that caused harm to [the] plaintiff, an action under GBL § 349 will not lie." *Dimond v. Darden Restaurants, Inc.*, No. 13-cv-5244, 2014 WL 3377105, at *7 (S.D.N.Y. July 9, 2014).

Plaintiffs plead they "noticed" the prices "charged . . . at checkout." Compl., ¶ 14. Plaintiffs noticed the charged price because, under New York law, cash register displays must be "positioned so that [their] indications may be accurately read and . . . observed from some reasonable 'customer' and 'operator' position." NIST Handbook 44, § 1.10, G-UR.3.3 (2019 ed.).[1] Plaintiffs do not plead the cash register displays violated this law or failed to display the price they were charged (allegedly higher than the price on the shelf label).

---

[1] Incorporated into New York law by 1 N.Y.C.R.R. 220.2(a). NIST Handbook 130 (2006 ed.) also requires compliance with Handbook 44. *See* Part V, § 6.1. In turn, this part of Handbook 130 is incorporated into New York law by 1 N.Y.C.R.R. 220.14.

Thus, the cash register displays in Dollar General stores would have displayed the price to Plaintiffs before payment. Disclosing that information—the alleged "overcharge"—renders the conduct not misleading. *See, e.g.*, *Grgat v. Giant Eagle, Inc.*, 135 N.E.3d 846, 852 (Ohio Ct. App. 2019) (retailer not liable when a "customer is explicitly informed [of the price] . . . on the computer screen . . . when the product is scanned"); *Reinbrecht v. Walgreen Co.*, 742 N.W.2d 243, 249 (Neb. App. 2007) (retailer had not engaged in deceptive acts when the cash register display gave price information); *Tudor v. Jewel Food Stores, Inc.*, 288 Ill. App. 3d 207, 209 (1997) ("a receipt and defendant's policy of providing a money-back guarantee if the scanned price differs from the shelf price indicates there was no deception"). Plaintiffs admitted knowledge of the alleged price discrepancies before paying precludes a GBL § 349 claim. *See Dimond*, 2014 WL 3377105, at *7-8 (nothing misleading about an 18% gratuity disclosed before ordering and paying for food).

Plaintiffs' pre-motion letter tries to distinguish this authority to no avail. Full disclosure of the price allegedly withheld, as here, distinguishes Plaintiffs' pre-motion letter authority. *See McCracken v. Verisma Sys., Inc.*, 131 F. Supp.3d 38, 47-48 (W.D.N.Y. 2015) (plaintiff alleged misleading practice about copying costs, even though copying costs disclosed in invoice, because disclosed figures did not reflect the actual copying costs but included undisclosed fees).

**2.**  A GBL § 349 claim requires "that the challenged act or practice . . . was misleading *in a material way*." *Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp.2d 410, 413 (S.D.N.Y. 2004) (emphasis added). "A material claim is one that involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product." *Id.* at 414.

Plaintiffs plead no facts showing that an alleged $0.10 and $0.25 overcharge (for a total of $0.45 across three products) is a materially misleading act. *See id.* To the contrary, the facts show that the overcharges were *immaterial*. That is, despite "notic[ing] discrepancies between the prices of merchandise advertised on the shelves and what they were charged and paid at checkout,"

Plaintiffs *kept shopping at Dollar General stores*.  Compl., ¶¶ 14, 16, 24.

Plaintiffs also did not plead using Dollar General's policies referenced in the Complaint. Dollar General's "Satisfaction Guaranteed" refund/return policy was made known to Plaintiffs through the Satisfaction Guaranteed seal on the shelf.  *See* Compl. Ex. 1, at 3-4.  That policy states "Register Refunds with a receipt for merchandise in the original packaging are *always* given within 90 days of purchase."  *See* Dollar General, www.dollargeneral.com/help-center (last visited Mar. 21, 2023) (click "Returns").  And Dollar General's Price Override/Price Match was invoked by others who retained Plaintiffs' counsel for other lawsuits.[2]  *See, e.g.*, Compl. Ex 2, at Ex. A at 3, Ex. D at 3, Ex. E at 2.  This policy states that "Dollar General strives to maintain consistency between an advertised price, a product's marked price, the shelf label price, and/or the price charged at the register (the 'scanned' price)."  Price Override/Price Match Policy.  "Occasionally a difference between these prices may occur, resulting in an inadvertent overcharge to the customer," but "Dollar General will honor the lowest price."  *Id*.  Had the alleged overcharges been material to Plaintiffs, they would have used these policies to recover that $0.45.  Their failure to do so confirms the allegedly misleading conduct was immaterial.

By pleading no facts showing how the purported overcharges were material to Plaintiffs' transactions, Plaintiffs' GBL § 349 claim fails.  *See, e.g.*, *Bildstein*, 329 F. Supp.2d at 414 (failure to plead materiality when no allegation that the plaintiff would have changed his conduct had he known about the wrongly withheld information).  Plaintiffs' pre-motion letter authority is distinguishable because it does not present the situation here: when the Plaintiffs' purchasing habits were unaffected by learning of the allegedly misleading nature of the defendant's conduct.

**3.**  It is "a complete defense" to a GBL § 349 claim if "the act or practice is . . . subject to

---

[2] Plaintiffs may have also used this policy, which would be evidenced on their receipts.  They did not file their Exhibit 5, which supposedly includes one of their receipts.  *See* Compl., ¶ 24.

and complies with the rules and regulations of, and the statutes administered by, . . . any official department, division, commission or agency of the United States." GBL § 349(d). The National Institute for Standards and Technology (NIST) is part of the U.S. Department of Commerce. *See* 15 U.S.C. § 272(a). It issued NIST Handbook 130, which includes rules and regulations. The NIST Handbook 130, Part V, is about price verification examination procedures, and is part of New York law. *See* 1 N.Y.C.R.R. 220.14. NIST Handbook 130 makes *legal* a 2%-or-less rate of discrepancy between shelf prices and the price charged at the register. *See* NIST Handbook 130, at Part V, § 10.2. Plaintiffs do not plead their instances of alleged overcharges were the result of a 2.1%-or-more rate of discrepancies. Plaintiffs' claims are therefore barred by GBL § 349's safe harbor.

4.  Plaintiffs seek "[p]unitive damages pursuant to GBL 349." Compl., Prayer ¶ q. But "punitive damages, as generally understood, are unavailable under [GBL] § 349." *Guzman v. Harris*, No. 16-v-3499, 2017 WL 4386369, at *2 (S.D.N.Y. Sept. 29, 2017). The Court should strike and dismiss Plaintiffs' allegations concerning punitive damages to the extent they are trying to seek punitive damages beyond the statutory damages provision in GBL § 349(h).

### III. The Claims Against Parties Not Alleged to Do Anything Should Be Dismissed.

Plaintiffs' allegations concern only Dolgen New York's conduct. *See* Compl., ¶¶ 9-12. As for Dollar General Corporation and Dolgencorp of Texas, Plaintiffs lump them as part of the collective "Defendants"—but never specify conduct attributable to them. *Id.*, ¶ 1. The Complaint does not state a claim against Dollar General Corporation and Dolgencorp of Texas, and the Court should dismiss these entities. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

Respectfully submitted,<br>
s/ Philip A. Goldstein<br>
Philip A. Goldstein

cc:   All counsel of record (via ECF)