Columbus | Cincinnati | Cleveland | New Jersey | New York

**Javier L. Merino, Esq.***

201-355-3440 | JMerino@DannLaw.com | 216-373-0536
Direct Telephone | Email | Fax

March 31, 2023

<u>**Via ECF**</u>
Hon. Philip M. Halpern, U.S.D.J.
The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *Wolf v. Dollar General Corporation, et al.*, Case No.: 7:23-cv-00588-PMH

Dear Judge Halpern:

      The Dann Law Firm represents Plaintiffs and the putative class ("Wolfs") in the above referenced matter against Defendants (collectively, "Dollar General"). Pursuant to Section 4.C of Your Honor's Individual Practices, the Wolfs submit this letter in opposition to Dollar General's request for a pre-motion conference concerning their anticipated motion to dismiss. For the reasons set forth below, Dollar General's request should be denied as their motion would be futile.

      **I.**    **The Court Should Not Dismiss Count One**

      Dollar General outlines three reasons why the Wolfs' Declaratory Judgment Act count should be dismissed. Each of these reasons fail for the reasons set forth below.

      **1.**  The federal Declaratory Judgment Act, ("DJA"), gives a district court the discretion to "declare the legal rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Wolfs seek declaratory and injunctive relief premised on Dollar General's GBL 349 violations. Thus, the DJA count is appropriately pled, and Dollar General's argument is misplaced. "The conclusion of those courts that dismissal was warranted because the DJA does not create an independent cause of action does not apply where, as here, there are other substantive claims asserted demonstrating an actual controversy." *Research Found. of State Univ.*

NJ Address | DannLaw.com | NY Address
1520 U.S. Highway 130, Suite 101 | 877-475-8100 | 42 Broadway, 12th Floor
North Brunswick, NJ 08902 | *Licensed in NJ and NY | New York, NY 10007
 | | By Appointment Only

*of N.Y. v. Nektar Therapeutics*, No. 1:09-cv-1292 (GLS/CFH), 2013 U.S. Dist. LEXIS 68912, at *24 (N.D.N.Y. May 15, 2013)

    **2.** Through the DJA count of the complaint, the Wolfs seek certification of a Rule 23(b)(2) class which will require Dollar General to provide notice to class members that their purchases at Dollar General stores in New York may have violated of GBL 349 and that if they were harmed or aggrieved or sustained an ascertainable loss that they can bring individual actions for treble damages under the GBL 349 and for an award of attorneys' fees and costs pursuant to GBL 349. Meanwhile, through the GBL 349 count of the complaint, the Wolfs seek certification of a Rule 23(b)(3) class, which permits the Wolfs to seek classwide damages. Rule 23(b)(2) and Rule 23(b)(3) require different proofs. Thus, the DJA count is *not* duplicative of the GBL 349 count.

    **3.** Count Two (the GBL 349 count) succeeds for the reasons set forth below, so there is no basis to otherwise dismiss the DJA claim.

    **II.**    **The Court Should Not Dismiss Count Two**

Dollar General outlines four reasons why the Wolfs' GBL 349 count should be dismissed. Each of these reasons fail for the reasons set forth below.

    **1.** Dollar General's deceptive acts and practices of charging consumers a higher price at checkout than advertised, is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund v Mar. Midland Bank, N.A.*, 85 NY2d 20, 26 (1995). Dollar General heavily relies upon the unfounded assumption that since its registers displayed the (overcharged) price at checkout, there was no deception. This argument first fails because there is no evidence that the (overcharged) prices were displayed to Wolfs and the class before checkout and as such, Dollar General assumes facts not in the complaint, which is inappropriate at the motion to dismiss stage. Even assuming, *arguendo*, that the registers did

display the overcharged prices, Dollar General's actions in overcharging consumers the price advertised on the shelves is likely to mislead a reasonable consumer, and the cases Dollar General relies upon are distinguishable. *Grgat v. Giant Eagle, Inc.*, 135 N.E.3d 846, 852 (Ohio Ct. App. 2019 did not concern overcharging consumers at checkout. Conversely, the promotion at issue was accurately and "expressly stated in the tag or sign." In *Tudor v. Jewel Food Stores, Inc.*, 288 Ill. App. 3d 207, 209 (1997), the court relied upon "the high accuracy rate of the scanners" to find no deceptive conduct. There is no evidence of high accuracy here. Last, in *Dimond v. Darden Rests, Inc.*, No. 13-cv-5244, 2014 WL 3377105, at *7 (S.D.N.Y. July 9, 2014), the court found no deceptive conduct because the pricing was "Fully disclosed" prior to the transaction. The opposite exists here – Defendants deceptively advertised an inaccurate price. Dollar General also argues the issuance of a receipt and the existence of a money-back guarantee somehow insulate its deceptive conduct. **"**However, the general rule that consumer fraud claims cannot be predicated on fully disclosed facts does not apply when one party has exploited a disparity of bargaining power." *Cohen v J.P. Morgan Chase & Co.*, 608 F. Supp. 2d 330, 349 (EDNY 2009). Such disparity exists here between Dollar General, who operates nearly 19,000 stores, and the typical Dollar General consumer, an older rural worker with a high school education and an income of less than $40,000.[1]

2. The Wolfs plead that Dollar General's conduct was misleading in a material way in that it induced the Wolfs to purchase and/or pay an overcharged price for Defendants' merchandise and goods. Under New York law, a material misrepresentation is one that is "likely to mislead a reasonable consumer acting reasonably *under the circumstances*." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (citation omitted and emphasis added). New York recognizes that false advertising claims are likely to mislead a reasonable consumer. *See, e.g. Greene v. Gerber*

---

[1] *See* https://www.businessinsider.com/typical-dollar-general-shopper-demographic-older-worker-earning-lower-income-2021-8

*Prods. Co.*, 262 F. Supp. 3d 38, 68 (E.D.N.Y. 2017); *McCracken*, 131 F. Supp. 3d at 48; *Spiro v. Healthport Techs., LLC*, 73 F. Supp. 3d 259, 274 (S.D.N.Y. 2014) (finding adequate allegations of materially misleading conduct where complaint stated simply that the fees charged to the plaintiffs exceeded the defendant's cost to produce the medical records, and the cost to produce the medical records was substantially less than $0.75 per page). Dollar General seeks to improperly introduce facts outside the 4 corners of the complaint (Dollar General's Price Override/Match Policy) to raise the baseless argument that consumers must seek a refund as a prerequisite to filing a GBL 349 complaint. The Court of Appeals squarely rejected this contention. *See Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29-30 (2000) (plaintiffs were not required to show that the failure to disclose a fee affected plaintiffs' decision to borrow from the defendant).

   3. Dollar General contends Plaintiff's claims are barred by GBL § 349's safe harbor provision. This argument fails for two reasons. First, the National Institute of Standards and Technology (NIST) Handbook is not a rule or letter that falls under the safe harbor provision of GBL 349. The safe harbor provision of GBL 349 provides a defense to a claim of deceptive business practices if the defendant can demonstrate that the challenged conduct is specifically authorized by a rule or regulation of a government agency, or by a formal advisory opinion from a government agency. The NIST Handbook, on the other hand, is a non-regulatory publication that provides guidelines and best practices for the management of information security programs. While the NIST Handbook may be useful in establishing industry standards for information security, it does not provide a safe harbor defense to claims of deceptive business practices under GBL 349. *See Greene v. Gerber Prods. Co.*, 262 F. Supp. 3d 38, 70 (E.D.N.Y. 2017) (rejecting contention that FDA letter constituted a "rule" or "regulation" under safe harbor provisions"). Second, there is no evidence that Dollar General's transactions fall within the acceptable 2% or

less rate of discrepancies. Such a determination is not appropriate at a motion to dismiss stage.

4. Plaintiff seeks punitive damages pursuant to GBL 349 as a consequence of Dollar General's ongoing overcharges even *after* the filing of multiple lawsuits. The law is unsettled as to whether punitive damages are available under § 349, *compare Bueno v. LR Credit 18, LLC*, 269 F. Supp. 3d 16, 23 (E.D.N.Y. 2017) (punitive damages available) *with Guzman v. Harris*, No. 16 Civ. 3499 (GBD)(RLE), 2017 U.S. Dist. LEXIS 162390, 2017 WL 4386369, at *2 (S.D.N.Y. Sept. 29, 2017) (punitive damages not available). As this early motion to dismiss stage, due to the unsettled nature of the claim, the court should not rule on the question of availability of punitive damages. *See Molgora v. Sharinn & Lipshie, P.C.*, No. 17-CV-03766 (SN), 2018 U.S. Dist. LEXIS 19838, at *2 (S.D.N.Y. Feb. 6, 2018).

### III.  Plaintiff Sufficiently Pleads Claims Against All Defendants

The Wolfs plead that Dolgen New York, LLC ("Dolgen") is a single member LLC and is the sole entity that operates the Dollar General Stores. The Wolfs then plead that Dolgen's sole member is Defendant Dolgencorp, and that Defendant Dollar General Corporation is the parent of Dolgen. "It is natural that the allegations against Defendant [Dolgen] and the other individual corporate Defendants would be similar, if not identical. At this point, considering the reach of [GBL 349], the allegations contained in Plaintiffs' Complaint remain sufficient to allow the Court to make a reasonable inference that" DGC and Dolgencorp violated GBL 349." *Paranee Sarikaputar v. Veratip Corp.*, No. 1:17-cv-814 (ALC), 2019 U.S. Dist. LEXIS 92436, at *6 (S.D.N.Y. June 3, 2019).

Respectfully submitted,

/s/ Javier L. Merino
Javier L. Merino, Esq.

Cc:   All counsel of record (via ECF)

Case 7:23-cv-00558-PMH   Document 17   Filed 03/31/23   Page 6 of 6

*March 31, 2023*
*Page 2*