Columbus  |  Cincinnati  |  Cleveland  |  New Jersey  |  New York  

**Javier L. Merino, Esq.***

| | | |
|---|---|---|
| 201-355-3440 | JMerino@DannLaw.com | 216-373-0536 |
| Direct Telephone | Email | Fax |

March 31, 2023

**Via ECF**
Hon. Philip M. Halpern, U.S.D.J.
The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

  Re: *Wolf v. Dollar General Corporation, et al.*, Case No.: 7:23-cv-00558-PMH

Dear Judge Halpern:

  The Dann Law Firm represents Plaintiffs and the putative class ("Wolfs") in the above referenced matter against Defendants (collectively, "Dollar General"). Pursuant to Section 4.C of Your Honor's Individual Practices, the Wolfs submit this letter in opposition to Dollar General's request for a pre-motion conference concerning their anticipated motion to strike class allegations. For the reasons set forth below, such a motion would be futile.

  **I.** **Motions to Strike Are Viewed with Disfavor**

  "Motions to strike are generally looked upon with disfavor [and] a motion to strike class allegations...is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of...litigation, solely on the basis of what is alleged in the complaint and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (internal quotation omitted). Dollar General does not dispute this standard. Furthermore, "[t]o succeed on a motion to strike class allegations, a defendant must demonstrate from the face of the complaint that it would be impossible to certify the alleged class regardless of the facts the plaintiffs may be able to obtain during discovery." *Greene v. Gerber*

*Prods. Co.*, 262 F. Supp. 3d 38, 52 (E.D.N.Y. 2017) (internal quotation omitted). Dollar General fails to meet this heightened standard.

## II.     The Proposed Class is Not Overbroad

The relevant inquiry in this regard is whether the defendants' conduct that allegedly injured the named plaintiffs "implicates 'the same set of concerns' as the conduct alleged to have caused injury to other members of the putative class by the same defendants." *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012). The Wolfs plead that "in the three-year period before the Complaint was filed, Defendants charged prices that were higher than advertised that were same or similar to the advertisements described, *supra*, to numerous consumers in its New York stores." Compl., ¶ 26. The Wolfs narrowly define their class as those consumers within the three (3) year period preceding the complaint filing who were overcharged prices higher than advertised. Dollar General seeks to strike the portion of Plaintiffs' class predating Plaintiffs' summer 2022 visits to the Dollar General stores. Their arguments fail for the reasons set forth below.

First, "case law has held that a "proposed class definition is not properly adjudicated at the Rule 12(b)(6) stage, and should be raised in connection with any Rule 23 motion for class certification." *Harris v. Old Navy, LLC*, 2022 U.S. Dist. LEXIS 206664, at *13 (S.D.N.Y. Nov. 15, 2022).

Second, Dollar General misrepresents that the Wolfs plead that the discrepancies started in late summer 2022, instead, that is when the Wolfs personally began noticing it.

Third, this case is easily distinguished from the cases Dollar General cites that found class definitions insufficiently objective or definite. In *Brecher v. Republic of Argentina*, for example, the class was defined by the "objective" criterion of beneficial ownership of certain bonds, but was

not limited to any "defined class period," leaving the class open-ended and literally indefinite. 806 F.3d 22, 25 (2d Cir. 2015); *see In re Petrobras Sec.*, 862 F.3d 250, 266 (2d Cir. 2017) (quoting *Brecher*). Defendants also cite to *In re Ry. Indus. Emple. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, (W.D. Pa. 2019), where a motion to strike was granted (without prejudice). However, the court there did so in a Sherman Act wage suppression case, in which the plaintiffs had to demonstrate predominance by alleging that "the compensation structures for all defendants were so rigid that the compensation of all class members, including employees with skills specific to the railway equipment supply industry and employees without skills specific to that industry, were tethered together." 395 F. Supp. 3d at 514. There is no basis for applying that pleading standard to this case, alleging GBL 349 violations.

Otherwise, courts in this Circuit have found *Maddison v. Comfort Sys. USA (Syracuse),* No. 5:17-CV-0359 (LEK/ATB), 2018 U.S. Dist. LEXIS 16090 (N.D.N.Y. Feb. 1, 2018), which Dollar General relies upon, to be unpersuasive. *See, e.g., Douglas v. Anthem Prods., LLC*, No. 18-CV-5789 (VEC), 2019 U.S. Dist. LEXIS 582, at *11 n.4 (S.D.N.Y. Jan. 2, 2019); Harris 2022 U.S. Dist. LEXIS 206664, at *14.

### III. The Proposed Class is Not an Impermissible Fail-Safe Class

A "fail-safe" class is one whose definition limits putative class members to those entitled to relief and therefore, the class members can only be known after a determination of liability. *See Marin v. Apple-Metro, Inc.*, No. 12-cv-5274, 2017 U.S. Dist. LEXIS 165568, at *133 (E.D.N.Y. Oct. 4, 2017) ("A fail-safe class is one whose definition shields the putative class members from receiving an adverse judgment.... In other words, in a fail-safe class, either the class members win or, by virtue of losing, they are not in the class, and therefore not bound by the judgment.") (internal quotation and citation omitted).

First, "[Dollar General's] concerns about the potential "fail-safe" nature of the proposed class are best resolved at the class certification stage, not through a motion to strike." *Owens v. Starion Energy, Inc.*, No. 3:16-cv-01912 (VAB), 2017 U.S. Dist. LEXIS 101640, at *25 (D. Conn. June 30, 2017).

Second, the classes as defined here are not fail-safe classes. The classes include any consumers who were overcharged by Dollar General. Here, "None of the key liability issues are baked into that class definition", *Watson v. Manhattan Luxury Autos., Inc.*, 2022 U.S. Dist. LEXIS 178069, at *29 (S.D.N.Y. Sep. 29, 2022), such as whether the conduct was consumer-oriented, whether the conduct was materially misleading, or that class members were injured. Class membership can be determined before any of these questions are adjudicated. "If [Dollar General] wins on any or all of those questions, all class members will be bound to that adverse judgment." *Id.*

Third, Defendants falsely state that Plaintiffs agreed this was an impermissible fail-safe class and in doing so demonstrate a fundamental misunderstanding of the nature of a fail-safe class. Here, preliminary class discovery can be conducted here absent a determination of Dollar General's liability. Specifically, the parties can engage in factfinding to determine the scope and extent of Dollar General's overcharging. For example, it is possible that after the classes get certified for those customers who were overcharged, a determination is then made that for certain periods of time within the class period, Dollar General's actions were not materially misleading. In that case, liability could be determined after certification. Dollar General twists this argument to falsely claim it is Plaintiff's position that the fail-safe nature of their putative class should not prevent them from conducting class discovery. Conversely, that class discovery can be conducted absent a determination of liability defeats Dollar General's claim that Plaintiff proposes a fail-safe

class.

## IV.     Conclusion

For all these reasons, the Court should deny Dollar General leave to file a motion to strike Plaintiff's class allegations.

Respectfully submitted,

**The Dann Law Firm, PC**

/s/ Javier L. Merino
Javier L. Merino, Esq.
*Counsel for Plaintiffs and the Putative Class*