# EXHIBIT 3

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

**NORMAN HUSAR**, on behalf of himself
and those similarly situated,

Case No. 22 C V 207 195

      Plaintiff(s)

      v.

**DOLGEN MIDWEST, LLC**
**d/b/a DOLLAR GENERAL**,

      Defendant.

**PRAECIPE FOR SERVICE**

TO THE CLERK OF COURT:

Please serve a copy of the Summons, Time-Stamped Complaint, and All Exhibits upon the
following party via certified mail:

**DOLGEN MIDWEST, LLC**
**d/b/a DOLLAR GENERAL**,
c/o Corporation Service Company
3366 Riverside Dr., Ste. 103
Upper Arlington, OH 43221

Respectfully submitted,

Whitney Kaster(0091540)
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Michael A. Smith Jr. (0097147)
**DANN LAW**
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

*Counsel for Plaintiff and the Putative Classes*

**IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO**

FILED
LORAIN COUNTY

**NORMAN HUSAR**, on behalf of himself
and those similarly situated,
℅ DannLaw
15000 Madison Avenue
Lakewood, OH 44107

Plaintiff(s)

v.

**DOLGEN MIDWEST, LLC
d/b/a DOLLAR GENERAL,**
c/o Corporation Service Company
3366 Riverside Dr., Ste. 103
Upper Arlington, OH 43221

Defendant.

Case No. **V 2 2 CV 207195**

Judge    COURT OF COMMON PLEAS
TOM ORLANDO

**CLASS ACTION COMPLAINT FOR
DAMAGES**

**JURY DEMAND ENDORSED HEREON**

Plaintiff Norman Husar ("Plaintiff"), individually and on behalf of all others similarly

situated, through his attorneys, brings this action against Defendant DolGen Midwest, LLC d/b/a

Dollar General ("Defendant" or "DG"), and alleges upon personal knowledge as to his own

actions and experiences, and upon investigation, information and belief as to all others, as

follows:

## NATURE OF THE ACTION

1.    This is a consumer protection class action against DG arising out of DG's policies

and procedures of regularly charging the Plaintiff and putative class members a higher price at

the register than the price of merchandise advertised on the shelves at the time of sale at Dollar

General stores across Ohio.

2.    This class action arises from DG's regular practice of charging customers a higher

price on various items than the price advertised on its shelves in violation of the Ohio Consumer

Sales Practices Act, ORC 1345.01, *et seq*.

## PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff Norman Husar ("Plaintiff") is a natural person who resides in the City of Cincinnati, County of Hamilton, State of Ohio.

4.      Defendant Dolgen Midwest, LLC d/b/a Dollar General ("DG") is a foreign limited liability company organized under the laws of the State of Tennessee with its principal place of business located at 100 Mission Ridge, Goodlettsville, TN 37072.

5.      This Court has jurisdiction pursuant to R.C. 1345.04 as this action arises under the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.* ("CSPA").

6.      Venue lies in this Court as the substantial majority of the transactions giving rise to the Plaintiff's causes of action occurred within various DG stores throughout Lorain County, Ohio.

## FACT RELATED TO DOLLAR GENERAL

7.      Plaintiff and all others similarly situated are persons who shop at Dollar General stores in Ohio.

8.      DOLLAR GENERAL operates dollar stores that offer a variety of inexpensive merchandise, including home products, seasonal products, consumables, and apparel. The company's business model is about offering products at competitive prices (typically less than $10) in a convenient, small-store format. Its core customer category includes low-to-middle-income customers. The company's stores are located in convenient locations that are easily accessible to its customers. It follows a small-box format and the stores have an easy "in and out" shopping set-up.[1]

---

[1] See https://marketrealist.com/2017/04/dollar-general-why-small-format-stores-are-key/ (last visited September 26, 2022)

9.      Dollar General caters mainly to low-and-middle-income customers in rural and suburban areas. The company's core customers earn around $40,000 a year or below, $20,000 below the median income. Dollar General looks to build stores in rural areas where a big box retailer or grocery store is not within 15 or 20 miles. Around 75% of Dollar General stores are in towns with 20,000 or fewer people.[2]

10.     As of March 2022, DOLLAR GENERAL owned and operated approximately Nine Hundred Forty-Three (943) Dollar General stores in Ohio with more locations scheduled to open.[3]

## FACTS RELATED TO PLAINTIFF'S TRANSACTIONS

11.     The Plaintiff incorporates and restates the allegations contained in Paragraphs 1 through 10 as if fully set forth herein.

12.     The Plaintiff is a frequent customer of DG stores throughout Lorain County and Cuyahoga County.

13.     While shopping at various DG locations between early July 2022 and early September 2022, the Plaintiff noticed discrepancies between the prices of the merchandise advertised on the shelves and what he was charged at the checkout.

14.     When there was a price discrepancy, the Plaintiff was usually charged and paid more than the advertised price.

15.     As a result of these discrepancies, the Plaintiff began to track his purchases.

16.     In addition to tracking his purchases, the Plaintiff also began to document the advertised/shelf prices to compare them to what he was charged and paid at checkout.

---

[2] See https://www.cnn.com/2019/07/19/business/dollar-general-opposition (last visited September 26, 2022)
[3] *See* https://www.statista.com/statistics/1121086/number-of-dollar-general-stores-in-the-united-states-by-state/ (last visited September 26, 2022)

17.    Between July 2022 and early September 2022, the Plaintiff made purchases at various DG Store Locations located in Lorain County, Ohio and Cuyahoga County, Ohio including:

- DG Store #04686 located at 1651 Cooper Foster Park Rd, Amherst, OH 44001;

- DG Store #07807 located at 425 W 4th St, Lorain, OH 44052-1644;

- DG Store #12868 located at 2540 Leavitt Road, Lorain, OH 44052-4142;

- DG Store #15058 at 7628 S. Leavitt Road, Amherst, OH 44001;

- DG Store #15242 located at 5248 Colorado Avenue, Sheffield Village, OH 44054-2335;

- DG Store #17110 located at 3785 Clague Rd, North Olmsted, OH 44070-2302

- DG Store #20045 located at 12526 Bellaire Rd, Cleveland, OH 44135

18.    Between July 2022 and early September 2022, the Plaintiff made purchases at the stores noted where the following price discrepancies occurred:

19.    In July and August 2022, Plaintiff made several purchases at Dollar General stores in Lorain County and Cuyahoga County. The discrepancies are outlined below:

| Date of Purchase | Store Number | Brand | Product | Price of Shelf/Sign | Register Price | Discrepancy |
|---|---|---|---|---|---|---|
| 07/03/22 | 12868 | Pepsi | Mountain Dew 2L | $1.90 | $2.20 | $0.30 |
| 07/06/22 | 15252 | Coca-Cola | Coke Zero 16 oz | $1.00 | $1.25 | $0.25 |
| 07/10/22 | 07807 | DG Health | Anti-Diarrheal | $3.50 | $3.95 | $0.45 |
| 07/14/22 | 07807 | CRC Brakleen | Brake Parts Cleaner 14 oz | $4.45 | $5.50 | $1.05 |
| 07/18/22 | 15252 | Eveready | Gold Battery AAA-8 | $4.95 | $6.00 | $1.05 |
| 07/23/22 | 04686 | Energizer | Max Battery D-2 | $4.65 | $5.50 | $0.85 |
| 07/28/22 | 17110 | Coca-Cola | Cherry Coke 16 oz | $1.00 | $1.25 | $0.25 |
| 07/31/22 | 07807 | Wrigley's | Extra Gum Slim Pack | $1.00 | $1.35 | $0.35 |
| 08/01/22 | 15058 | Coca-Cola | Coke de Mexico | $1.25 | $2.00 | $0.75 |
| 08/01/22 | 15252 | Raid | Aerosol A&R 17.5 oz | $4.75 | $5.25 | $0.50 |

| 08/05/22 | 20045 | Raid | Ant Baits 4 ct | $4.00 | $4.50 | $0.50 |
| 08/05/22 | 20045 | Coca-Cola | Sprite 16 oz | $1.00 | $1.25 | $0.25 |
| 08/09/22 | 07807 | Santitas | Tortilla Chips | $2.29 | $2.45 | $0.16 |
| 08/27/22 | 07807 | Energizer | 9V Batteries | $4.65 | $4.95 | $0.30 |
| 09/01/22 | 07807 | Crystal Valley | Water | $0.85 | $0.95 | $0.10 |
| 09/01/22 | 07807 | Crystal Valley | Water | $1.50 | $1.65 | $0.15 |

*See also* Exhibit 1 to Complaint - Receipts and Proof of Purchase.

20.     Based on the allegations in Paragraph 19 above and Exhibit 1 between July 3, 2022 and September 1, 2022 the Plaintiff was overcharged at least $7.26.

21.     Based on the allegations here and as demonstrated by Exhibit 1 DG used the same procedures that it employed in charging higher prices than advertised to the Plaintiff when selling the same and/or similar merchandise to numerous other Ohio consumers.

22.     In the two (2) year period before the Complaint was filed DG charged prices that were higher than advertised that were the same or similar to the advertisements described, *supra*, to numerous Ohio consumers.

23.     Based on the allegations herein, *supra*, and demonstrated by Exhibit 1, It is DG's policy and practice to charge higher prices at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves in DG's Ohio stores.

## **CLASS ACTION ALLEGATIONS**

24.     **Class Definition:** Plaintiff brings this action pursuant to Civ. R. 23 on behalf of a class of similarly situated individuals and entities defined as follows:

> All persons who resided in Ohio on the date this complaint was filed, who at any time on or after the day two years prior to the date on which this Complaint was filed, who purchased merchandise at a Dollar General store located in Ohio.

25.     **Subclass Definition:** The Plaintiff also brings this action on behalf of a Subclass

of similarly situated individuals and entitled defined as follows:

> All members of the Class who paid more for merchandise than the advertised price labeled on the shelf at a Dollar General store located in Ohio.

26.    Excluded from the Class and Subclass are (1) the Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parent(s) have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class and/or Subclass; (4) any person(s) who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any excluded parties.

27.    **Numerosity and Ascertainability:** Upon information and belief the Class and Subclass (the "Classes") are each composed of more than forty (40) members, such that the Classes are so numerous that joinder of all members is impractical.    This conclusion is reasonable given that Defendant operates 943 stores across Ohio as of March 2022 as noted above and the number of customers at each of DG's stores on a daily basis is likely dozens, if not hundreds or thousands of consumers.

28.    **Commonality and Predominance:** There are questions of law and fact common to the proposed Classes that predominate over any individual questions. These questions of law and fact include, but are not limited to:

   a.   Whether the shelf price labels are advertisements under the GA Regulations.

   b.   Whether the shelf price labels are advertisements as defined by the CSPA;

   c.   Whether any or all of the purchases made by the Plaintiff and members of the Classes were consumer transactions as defined by the CSPA;

   d.   Whether the mis-priced shelf labels violate the CSPA;

    e.  Whether the Plaintiff and/or members of the putative Classes suffered an ascertainable loss as a result of the Defendant's unlawful practices;

    f.  Whether by charging consumers in Ohio more than the advertised shelf price at checkout, DG committed a deceptive act as defined by the CSPA;

29.    **Typicality:** Plaintiff's claims are typical of the claims of the Classes.  Plaintiff and the putative Class Members were all subjected to and affected by a uniform course of conduct; specifically, DG's pattern and practice of charging Ohio consumers a higher price at the register than the posted price on the shelf for various pieces of merchandise.

30.    **Adequacy:** The Plaintiff will adequately represent the interests of the Classes. The Plaintiff does not have any interests adverse to the Classes.  Plaintiff's proposed class counsel has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

31.    **Superiority:** A class action is the superior method for the quick and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual members of the Classes are significant, the amount is modest compared to the expense and burden of individual litigation. The questions of law or fact common to the members of the Classes predominate over any question affecting only individual members. A class action will cause an orderly and expeditious administration of the claims of the Classes, and will foster economies of time, effort, and expense. Given the relatively small amount of damages available to Plaintiff and members of the Classes, adjudication on a classwide basis would provide members of the Classes with a remedy that they may be unlikely to pursue individually. Plaintiff does not anticipate any difficulty in the management of this litigation.

price as advertised on the shelf price labels for the same merchandise.

40.     Plaintiff and those similarly situated paid more for the merchandise they purchased than the price advertised on the shelf labels for that merchandise at the times of their purchases.

41.     Ohio Courts have determined that the actions of a supplier in failing to honor promised prices constitute unfair or deceptive acts or practices. *See State of Ohio ex rel. Petro v. Level Propane Gases, Inc.*, PIF No. 2198 (November 27, 2003) and *White v. Kent*, PIF No. 636 (March 30, 1988). A copy of PIF Nos. 2198 and 636 is attached as Exhibit 2.

42.     The Ohio Attorney General has made these determinations available for public inspection pursuant to R.C. 1345.05(A)(3).

43.     Plaintiff and the Class Members have a private right of action under the CSPA for the claimed breaches.

44.     As a direct and proximate result of the actions of DG which violate the CSPA, Plaintiff and the Class Members are entitled to actual damages in an amount to be determined at trial, as well as an award of reasonable attorneys' fees.

## COUNT TWO: UNJUST ENRICHMENT
### (On behalf of the Plaintiff and Classes)

45.     Plaintiff restates and incorporates all of his allegations contained in paragraphs 1 through 44 in their entirety.

46.     "The purpose of an unjust enrichment claim is not to compensate the plaintiff for loss or damage suffered by the plaintiff, but to enable the plaintiff to recover the benefit he has conferred on the defendant under circumstances in which it would be unjust to allow the defendant to retain it." *Barrow v. Vill. of New Miami*, 104 N.E.3d 814, 818 (Ohio Ct. App.

2018); *San Allen, Inc. v. Buehrer*, 11 N.E.3d 739, 781 (Ohio Ct. App. 2014). Equitable "restitution is the remedy for the unjust enrichment of one party at the expense of another." *Id.*

47.    "To prevail on a claim for unjust enrichment, a plaintiff must demonstrate that: (1) he conferred a benefit upon the defendant, (2) the defendant had knowledge of the benefit, and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." *Id.*

48.    Based on the allegations herein, *supra*, DG has engaged in a pattern and practice of overcharging the Plaintiff and members of the Classes by at least $7.35 and collected monies from the Plaintiff and members of the Classes which DG knew or should have known that DG had no contractual or legal right to collect.

49.    Based on the allegations herein, DG enjoyed the use of these overcharges without providing any material benefit to the Plaintiff and members of the Classes.

50.    DG is therefore liable to the Plaintiffs and members of the Classes for an award of actual damages, compensatory damages, and punitive damages in amounts to be determined at trial.

### COUNT THREE: VIOLATIONS OF THE CSPA, R.C. 1345.01, *et seq.* (On behalf of Plaintiff individually)

51.    Plaintiff restates and incorporates all of his allegations contained in paragraphs 1 through 50 in their entirety.

52.    A "consumer transaction" is defined as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." R.C. 1345.01(A).

53.    DG's sales of merchandise to Plaintiff constitute "consumer transactions" because

such services were for the primary purpose of Plaintiff's personal, family, or household use. R.C. 1345.01(A).

54.    Plaintiff is a "consumer" because he engaged in a consumer transaction with DG. R.C. 1345.01(D).

55.    DG is a "supplier" because it is engaged in the business of effecting or soliciting consumer transactions. R.C. 1345.01(C)

56.    "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. 1345.02(A).

57.    "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. 1345.03(A).

58.    DG has engaged in unfair, deceptive, and/or unconscionable acts or practices in direct violation of the CSPA by charging a higher price at the register for merchandise than the price as advertised on the shelf price labels for the same merchandise.

59.    Plaintiff paid more for the merchandise he purchased than the price advertised on the shelf labels for that merchandise at the times of his purchases.

60.    Ohio Courts have determined that the actions of a supplier in failing to honor promised prices constitute unfair or deceptive acts or practices. *See State of Ohio ex rel. Petro v. Level Propane Gases, Inc.*, PIF No. 2198 (November 27, 2003) and *White v. Kent*, PIF No. 636 (March 30, 1988). *See* Exhibit 2.

61.    The Ohio Attorney General has made these determinations available for public inspection pursuant to R.C. 1345.05(A)(3).

62.    Plaintiff has a private right of action under the CSPA for the claimed breaches and such action provides for remedies including actual damages, costs, treble damages, statutory damages and attorneys' fees.

63.    As a direct and proximate result of the actions of DG which violate the CSPA, Plaintiff is is entitled to actual damages in an amount to be determined at trial or statutory damages of $200.00, non-economic damages of up to $5,000.00, treble damages, as well as an award of reasonable attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Norman Husar, on behalf of himself and those similarly situated, respectfully requests that that this Court grants judgment against Defendant Dolgen Midwest, LLC d/b/a Dollar General, and issue an Order:

A. Finding that this action satisfies the prerequisites for Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and Subclass, each as defined, *supra*;

B. Designating the Plaintiff as a representative of the Class and Subclass, and his undersigned counsel as Class Counsel;

C. Awarding the Plaintiff, Class and Subclass their actual damages;

D. Awarding the Plaintiff, Class and Subclass their statutory damages, as applicable;

E. Awarding the Plaintiff his statutory non-economic damages for the violations of the CSPA, as applicable;

F. Awarding the Plaintiff, Class, and Subclass, treble damages, as applicable, for the violations of the CSPA;

G. Awarding the Plaintiff, Class and Subclass punitive damages, as applicable;

I.    Granting all such further and other relief as this Court deems just and appropriate.

Respectfully submitted,

Whitney Kaster (091540)
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Michael A. Smith Jr. (0097147)
**DANN LAW**
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

*Counsel for Plaintiff and the Putative Classes*

### JURY DEMAND

Plaintiff Norman Husar hereby respectfully demands a trial by jury on all such claims that may be so tried.

Whitney Kaster (091540)
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Michael A. Smith Jr. (0097147)
**DANN LAW**
*Counsel for Plaintiff and the Putative Classes*

13

# EXHIBIT 1

DOLLAR GENERAL







DOLLAR GENERAL

POS STICKER DISPLAYED $1.50 - DID NOT TAKE PICTURE BEFORE PURCHASE

NO POS STICKER NOW - PIC BELOW TAKEN ABOUT 20 MINS AFTER PURCHASE









DOLLAR GENERAL

POS PIC TAKEN 9.1.22 - SAME POS AS 8.27.22









DOLLAR GENERAL STORE #07807
LORAIN, OH 440-538-6258

SANITTAS WHITE COR 038400008103 E    2.45
TOTAL SALE                              $2.45
CASH                                    $5.00
CHANGE                                  $2.55
2022-08-08  19:00:11  07807 01         7497

- - - CUT HERE - - -

Complete survey at dgcustomerfirst.com
For a chance to
W I N  a  $100  G I F T  C a r d
Weekly Drawings. Must be 18+ to enter.
Survey Code
0776-8963-1130-102

- - - CUT HERE - - -
SATURDAY AUGUST 13TH ONLY!
DG Store Coupon          Valid 08/13/2022

$5 OFF $25
is off your purchase of
$25 or more (pretax)

$25 or more (pretax) after all other DG
discounts. Limit one DG $2, $3, or $5
off store coupon per customer. Excludes
phone, gift and prepaid financial cards,
prepaid wireless handsets, Rug Doctor
rental, propane, tobacco and alcohol.
X9577677124870780

DOLLAR GENERAL 08.09.22







DOLLAR GENERAL







DOLLAR GENERAL-12526 BELLAIRE RD, CLEV, OH 44135

















PICS ABOVE TAKEN 8.5.22 - NO RAID PRODUCTS AVAILABLE



DOLLAR GENERAL STORE
AMHERST, OH 440-591-

COKE DE MEXICO
049000004632-110

SUBTOTAL
Tax1                                    $2.00
TOTAL SALE                              $0.13
CASH                                    $2.13
CHANGE                                 $20.00
                                       $17.87

ITEMS 1
2022-08-01  20:36:52  15058 01          4008

CUT HERE

DOLLAR GENERAL







DOLLAR GENERAL







0  39800 03006  1



DOLLAR GENERAL STORE #07807
LORAIN OH 440-538-6288

EXTRA PEPPMINT SLT 022000008916 E    1.35
TOTAL SALE                            $1.35
CASH                                  $2.00
CHANGE                                $0.65
2022-07-31   20:12:41   07807 02      2401

8997163101200391160109104192699183193414

---------- CUT HERE ----------
*********************************************
* Complete survey at dgcustomerfirst.com
* For a chance to
* WIN A $100 Gift Card
* Weekly Drawings. Must be 18+ to enter
*        Survey Code
*       0776-3308-1121-113
*********************************************
---------- CUT HERE ----------

**SATURDAY AUGUST 6TH ONLY!**
DG Store Coupon            Valid 8/6/2022

# $5 OFF $25
$5 off your purchase of
$25 or more (pretax)

OR SHOP ONLINE USE PROMO CODE DG5WNAUS

$25 or more (pretax) after all other
discounts. Limit one DG $2 $3 or

DOLLAR GENERAL







DOLLAR GENERAL



