*Revised May 2, 2022*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

JOSEPH WOLF, et al.    Plaintiff(s),

v.

DOLLAR GENERAL CORPORATION, et al.,    Defendant(s).
-----------------------------------------------------X

**CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**

23 CV 00558 (PMH)

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel and any unrepresented parties, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] **[do not consent]** to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed and the parties shall file a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (form AO 85) using the ECF Filing Event "Proposed Consent to Jurisdiction by US Magistrate Judge" prior to the Initial Pretrial Conference at which time such scheduled conference will be cancelled.)

2. This case **[is]** [is not] to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by __August 21, 2023__. (Absent exceptional circumstances, 30 days from date of this Order.)

4. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed by __August 3, 2023__. (Absent exceptional circumstances, 14 days from date of this Order.)

5. Fact Discovery

    a. All fact discovery shall be completed by __November 17, 2023__. (Absent exceptional circumstances, a period not to exceed 120 days from date of this Order.)

    b. Initial requests for production of documents shall be served by __September 18, 2023__.

    c. Interrogatories shall be served by __September 18, 2023__.

      d. Non-expert depositions shall be completed by <u>October 17, 2023</u>.

      e. Requests to admit shall be served by <u>September 18, 2023</u>.

      f. Any of the interim deadlines in paragraphs 5(b) through 5(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5(a).

6. Expert Discovery

      a. All expert discovery, including expert depositions, shall be completed by <u>January 5, 2024</u>. (Absent exceptional circumstances, 45 days from date in paragraph 5(a); i.e., the completion of all fact discovery.)

      b. Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by <u>October 10, 2023</u>.

      c. Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by <u>November 7, 2023</u>.

      d. The interim deadlines in paragraphs 6(b) and 6(c) may be extended by the written consent of all parties without application to the Court, provided that all expert discovery is completed by the date set forth in paragraph 6(a).

7. Additional provisions required by Fed. R. Civ. P. 26(f) and agreed upon by the parties are attached hereto and made a part hereof.

8. ALL DISCOVERY SHALL BE COMPLETED BY <u>Janaury 5, 2024</u>. (Absent exceptional circumstances, this date should align with the close of expert discovery.)

9. The parties shall file a joint letter concerning settlement/mediation by <u>December 1, 2023</u>. (Unless otherwise ordered by the Court, within 14 days after the close of fact discovery).

10.    a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

      b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: _____

Counsel for both parties are currently in mediation in the Northern District of Ohio for similar claims. *See Husar v. Dolgen Midwest, LLC*, No. 1:22-cv-2044. There, the court originally scheduled mediation for May 4, 2023. On May 1, 2023, the court alerted the parties that the original magistrate judge recused himself. On the same day, the court referred the case to mediation with Magistrate Judge James E. Grimes, Jr. On May 4, 2023, mediation was scheduled for June 2, 2023. On June 2, 2023, Judge Grimes conducted the first mediation. Another mediation occurred on June 30, 2023. Given the early stages of this case, the parties request that any alternative dispute

resolution occur until mediation in *Husar* is completed, upon the belief that alternative dispute resolution could save the court unnecessary resources and time.

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)_____

    —— Following mediation in *Husar*. See 11(b) above. ——

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. All motions and applications shall be governed by the Court's Individual Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed.

12. Unless otherwise ordered by the Court, within 30 days after the date for the completion of discovery, or, if a dispositive motion has been filed, within 30 days after a decision on the motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Practices. The parties shall also comply with the Court's Individual Practices with respect to the filing of other required pretrial documents.

13. The parties have conferred and their present best estimate of the length of the trial is ___four weeks___.

14. This Civil Case Discovery Plan and Scheduling Order may not be modified or the dates herein extended without leave of the Court or the assigned Magistrate Judge acting under a specific order of reference (except as provided in paragraphs 5(f) and 6(d) above).

15. The Magistrate Judge assigned to this case is the Honorable ___Davison___.

16. If, after the entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

17. The next case management conference is scheduled for __February 14, 2024_ at __11:00 a.m.__. (The Court will set this date at the initial conference.)

Dated: White Plains, New York
       July 20, 2023

                                            SO ORDERED:

                                            Philip M. Halpern
                                            United States District Judge