

Columbus | Cincinnati | Cleveland | New Jersey | New York

**Javier L. Merino, Esq.***

201-355-3440　　　　　JMerino@DannLaw.com　　　　　216-373-0536
Direct Telephone　　　　　　Email　　　　　　　　　　　　　Fax

October 19, 2023

**Via ECF**
Hon. Philip M. Halpern, U.S.D.J.
The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re: *Wolf v. Dollar General Corporation, et al.*
       Case No.: 7:23-cv-00558-PMH

Dear Judge Halpern:

  As you are aware, The Dann Law Firm represents Plaintiffs Joseph Wolf, Carmen Wolf, and the putative class (collectively, the "Wolfs") in the above referenced matter against Dolgen New York, LLC d/b/a Dolgen ("Dollar General"). In accordance with Section 1.C of Your Honor's Individual Practices, the Wolfs and Dollar General (collectively, the "Parties") submit this joint letter motion requesting a forty-five (45) day extension of the discovery deadlines and attach a proposed revised Civil Case Discovery Plan and Scheduling Order. The original discovery deadlines as set forth in the July 21, 2023 Civil Case Discovery Plan and Scheduling Order are as follows: Motions due by 8/21/2023; Non-Expert Depositions due by 10/17/2023; Expert Deposition due by 1/5/2024; Fact Discovery due by 11/17/2023; Expert Discovery, including depositions due by 1/5/2024. Discovery due by 1/5/2024. The Parties state the following in support of this request. First, Dollar General is still completing its responses to the Wolfs' Request for Production of Documents, of which there were 104 such requests. The Wolfs served Dollar General with their original document production demand on August 2, 2023. On September 11, 2023, Dollar General provided its first batch of responses, consisting of nearly 5,000 pages of documents. On September 29, 2023, Dollar General provided its second batch of responses,

consisting of over 2,000 pages of documents. On October 10, 2023, Dollar General provided its third batch of responses, consisting of over 13,000 pages. Dollar General will provide its final batch of documents on or before October 20, 2023. With a fact discovery deadline of November 17, 2023, the Wolfs believe that the October 20, 2023 production date leaves insufficient time for Plaintiffs to review for sufficiency, raise objections, if any, and complete fact depositions. The Wolfs also believe that it leaves insufficient time for Plaintiffs to evaluate the same with their experts so that they could meet their expert disclosure and report deadlines. Dollar General is willing to accommodate Plaintiff's request for an extension. This is the Parties' first request for an extension of the discovery deadlines.

Respectfully submitted,

**The Dann Law Firm, PC**

/s/ Javier L. Merino
Javier L. Merino, Esq.
*Counsel for Plaintiffs and the Putative Class*

**MCGUIREWOODS LLP**

/s/ Philip A. Goldstein
Philip A. Goldstein

*Counsel for Dolgen New York, LLC*

*Revised May 2, 2022*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

Joseph Wolf, et al.,     Plaintiff(s),

v.

Dolgen New York, LLC d/b/a Dolgen,

Defendant(s).
----------------------------------X

**AMENDED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**

__23__ CV __0558__ (PMH)

This Amended Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel and any unrepresented parties, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] **[do not consent]** to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed and the parties shall file a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (form AO 85) using the ECF Filing Event "Proposed Consent to Jurisdiction by US Magistrate Judge" prior to the Initial Pretrial Conference at which time such scheduled conference will be cancelled.)

2. This case **[is]** [is not] to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by __August 21, 2023__. (Absent exceptional circumstances, 30 days from date of this Order.)

4. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed by __August 3, 2023__. (Absent exceptional circumstances, 14 days from date of this Order.)

5. Fact Discovery

    a. All fact discovery shall be completed by __January 8, 2024__. (Absent

      exceptional circumstances, a period not to exceed 120 days from date of this Order.)

    b. Initial requests for production of documents shall be served by __September 18, 2023__.

    c. Interrogatories shall be served by __September 18, 2023__.

    d. Non-expert depositions shall be completed by __December 8, 2024__.

    e. Requests to admit shall be served by __September 18, 2023__.

    f. Any of the interim deadlines in paragraphs 5(b) through 5(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5(a).

6. Expert Discovery

    a. All expert discovery, including expert depositions, shall be completed by __February 19, 2024__. (Absent exceptional circumstances, 45 days from date in paragraph 5(a); i.e., the completion of all fact discovery.)

    b. Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by __December 4, 2023__.

    c. Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by __January 12, 2024__.

    d. The interim deadlines in paragraphs 6(b) and 6(c) may be extended by the written consent of all parties without application to the Court, provided that all expert discovery is completed by the date set forth in paragraph 6(a).

7. Additional provisions required by Fed. R. Civ. P. 26(f) and agreed upon by the parties are attached hereto and made a part hereof.

8. If either party later believes that an extension is warranted as to provisions 5(d) [non-expert deposition deadline], 6(b) [Plaintiff's expert disclosure deadline], or 6(c) [Defendant's expert deadline], the other party will meet and confer in good faith.

9. ALL DISCOVERY SHALL BE COMPLETED BY __February 19, 2024__. (Absent exceptional circumstances, this date should align with the close of expert discovery.)

10. The parties shall file a joint letter concerning settlement/mediation by January 22, 2024. (Unless otherwise ordered by the Court, within 14 days after the close of fact discovery).

11.   a. Counsel for the parties have discussed an informal exchange of information in aid

of an early settlement of this case and have agreed upon the following:

_____
_____
_____

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: _____
_____

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)_____
_____

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

12. All motions and applications shall be governed by the Court's Individual Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed.

13. Unless otherwise ordered by the Court, within 30 days after the date for the completion of discovery, or, if a dispositive motion has been filed, within 30 days after a decision on the motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Practices. The parties shall also comply with the Court's Individual Practices with respect to the filing of other required pretrial documents.

14. The parties have conferred and their present best estimate of the length of the trial is ___four weeks___.

15. This Civil Case Discovery Plan and Scheduling Order may not be modified or the dates herein extended without leave of the Court or the assigned Magistrate Judge acting under a specific order of reference (except as provided in paragraphs 5(f) and 6(d) above).

16. The Magistrate Judge assigned to this case is the Honorable ___Davison___.

17. If, after the entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

18. The next case management conference is scheduled for February 14, 2024 at 11:00 a.m.. (The Court will set this date at the initial conference.)

Dated: October 19, 2023

3

SO ORDERED:

Philip M. Halpern
United States District Judge

Case 7:23-cv-00558-PMH   Document 40   Filed 10/19/23   Page 6 of 6

4