

Columbus | Cincinnati | Cleveland | New Jersey | New York

**Javier L. Merino, Esq.***

| | | |
|---|---|---|
| *201-355-3440* | JMerino@DannLaw.com | *216-373-0536* |
| *Direct Telephone* | *Email* | *Fax* |

December 7, 2023

**<u>Via ECF</u>**
Hon. Philip M. Halpern, U.S.D.J.
The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   Re: *Wolf v. Dollar General Corporation, et al.*
      Case No.: 7:23-cv-00558-PMH

Dear Judge Halpern:

  As you are aware, The Dann Law Firm represents Plaintiffs Joseph Wolf, Carmen Wolf, and the putative class (collectively, the "Wolfs") along with our co-counsel, Milberg Coleman Bryson Phillips Grossman, PLLC, in the above referenced matter against Dolgen New York, LLC d/b/a Dolgen ("Dollar General"). In accordance with Section 1.C of Your Honor's Individual Practices, the Wolfs and Dollar General (collectively, the "Parties") submit this joint letter motion requesting a sixty (60) day extension of the discovery deadlines and attach a proposed revised Civil Case Discovery Plan and Scheduling Order.

  The original discovery deadlines as set forth in the July 21, 2023 Civil Case Discovery Plan and Scheduling Order were as follows: Motions due by 8/21/2023; Non-Expert Depositions due by 10/17/2023; Expert Deposition due by 1/5/2024; Fact Discovery due by 11/17/2023; Expert Discovery, including depositions due by 1/5/2024. Discovery due by 1/5/2024. (Dkt. 37).

  On October 19, 2023, Your Honor granted the Parties' joint request to extend the discovery deadlines in relevant part as follows: Fact Discovery due by 01/08/2024 and Expert Discovery due by 02/19/2024. (Dkt. 43).

*December 7, 2023*
*Page 2*

The parties have been working diligently and cooperatively during discovery, yet both parties need more time to produce additional documents, review the produced documents, and schedule and take depositions. To date, Dollar General has produced approximately 40,000 pages of discovery. They provided their latest substantive production on October 20, 2023, which contained approximately 20,000 pages, including various excel spreadsheets each containing tens of thousands of data points. On November 30, 2023, the Wolfs conducted their first Rule 30(b)(1) deposition, and the Parties have agreed on two (2) further Rule 30(b)(1) Dollar General depositions to take place on December 12 and 14, respectively. Furthermore, the Parties are conferring on the Wolfs' responses to Dollar General's written discovery demands and on scheduling the Wolfs for their respective depositions.

Over the past approximately month and a half, the parties have had seven meet and confer calls, each lasting approximately an hour, to discuss the data produced to date and additional data Plaintiffs seek in furtherance of class certification. As a result of the parties' significant time conferring together, Dollar General has agreed to make an additional production in roughly mid to late December that would encompass an additional subset of product-specific data related to audits Dollar General has been subject to. Multiple Dollar General employees are involved in preparing this information by compiling data from multiple sources during the busiest time of the year for retail. Before Dollar General can even compile this data to create those spreadsheets, however, Dollar General must take additional action with the information provided by Plaintiffs that attempts to identify specific products for which to pull data. This information provided by Plaintiffs is often inaccurate or missing key components (through no fault of Plaintiffs, this is just the nature of the information), and so Dollar General is required to clean that information up so Dollar General can try to identify close matches of actual Dollar General products, manually

review those findings, and then select the closest match of an actual product (if possible) for which the requested data will be pulled. The Parties anticipate this production will encompass tens of thousands of data points.

Given Plaintiffs must review and analyze the documents already produced and to be produced internally and with their expert(s), schedule depositions, and continue to confer with Dollar General on any remaining discovery issues, both Parties request a sixty-day extension of all relevant deadlines.

Respectfully submitted,

**The Dann Law Firm, PC**

/s/ Javier L. Merino
Javier L. Merino, Esq.
*Counsel for Plaintiffs and the Putative Class*

**McGuireWoods LLP**

*/s/ Philip A. Goldstein*
Philip A. Goldstein

*Counsel for Dolgen New York, LLC*