

**Columbus** | **Cincinnati** | **Cleveland** | **New Jersey** | **New York**

**Javier L. Merino, Esq.***
JMerino@DannLaw.com
Email

*201-355-3440*
*Direct Telephone*

*216-373-0536*
*Fax*

July 8, 2024

<u>Via ECF</u>
Hon. Philip M. Halpern, U.S.D.J.
The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   Re:  *Wolf, et al. v. Dolgen New York, LLC*
       Case No.: 7:23-cv-00558-PMH

Dear Judge Halpern:

   Plaintiffs Joseph Wolf, Carmen Wolf, and the putative class (collectively, the "Wolfs"), by its undersigned counsel, respectfully advise the Court of relevant supplemental authority decided after the parties submitted their letters on Defendant Dolgen New York, LLC's ("Dollar General") request for pre-motion conference for its summary judgment motion ("Request") [DE 63, 68], and request leave to submit the supplemental authority to the Court for consideration in connection with the Request. On July 3, 2024, the Seventh Circuit Court of Appeals issued a ruling in *Kahn v. Walmart Inc.*, No. 23-1751, 2024 U.S. App. LEXIS 16267, __ F.4th __ (7th Cir. July 3, 2024), a true and correct copy of which is attached hereto as **Exhibit A**. The *Kahn* court reversed a district court's decision.[1]

   In *Kahn*, the Court of Appeals held that "Walmart's inaccurate shelf pricing is a deceptive act or practice" as "[i]t is neither 'unreasonable' nor 'fanciful' for consumers to believe Walmart will sell them its merchandise at the prices advertised on the shelves." *Kahn*, No. 2024 U.S. App. LEXIS 16267, at *16. Regarding whether providing post-purchase receipts may relieve a retailer of having to provide accurate shelf pricing, the Court of Appeals held that "when we focus on reasonable consumer behavior under the totality of the circumstances", "merely providing a receipt is insufficient to dispel the deception created by Walmart's inaccurate shelf prices, at least as a matter of law on the pleadings." *Id.* at *18. As to whether a register display could likewise dispel deceptive overcharging, the Court held:

     Even if consumers do notice a price discrepancy on a point-of-sale display…they must then raise the issue to the store's attention to resolve it. It is reasonable to infer that many consumers in that situation would be concerned about holding up the six shoppers in line

---

[1] Dollar General relied upon the lower court's opinion in *Kahn v. Walmart, Inc.*, 2023 WL 2599858, at *3 (N.D. Ill. Mar. 21, 2023) in its pre-motion letter (DE 63 at 2 fn 3) to assert that this action should be dismissed because receipts enable customers to compare prices at checkout versus the advertised shelf prices.

NJ Address
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902

DannLaw.com
877-475-8100
*Licensed in NJ and NY

NY Address
42 Broadway, 12th Floor
New York, NY 10007
**By Appointment Only**

behind them, reluctant to trouble a busy store manager over a few pennies per item, or unable to spare the time to track that manager down.

*Id.* at *20-21.

In addition, the Court of Appeals distinguished *Tudor v. Jewel Food Stores, Inc.*, 288 Ill. App. 3d 207, 681 N.E.2d 6 (1997), another case Dollar General relied upon in its pre-motion letter to assert that a money back guarantee if the scanned price differs from the shelf price would defeat a consumer action. *See* DE 63 at 2 fn 4. The Court of Appeals noted that *Tudor* was distinguishable "[s]ince a high accuracy rate and a money-back policy are not alleged here". 2024 U.S. App. LEXIS 16267, at *36. Regarding the money-back policy, the Court went one step further and noted that:

> The money-back policy in *Tudor* went beyond a mere refund of the price difference. Jewel's policy was to give the consumer the item for free as a bounty for catching the price discrepancy. *Tudor*, 288 Ill. App. 3d at 210. That policy went well beyond merely honoring the shelf price and offered stronger evidence of a retailer's lack of intent for the consumer to rely on inaccurate prices than a policy that merely refunds the price difference. Offering consumers the full value of the item as a bounty gives them an incentive to look for price discrepancies and shifts the balance of incen-tives for the retailer closer to optimal deterrence.

*Id.* at *36 fn 9.

For the foregoing reasons, the Wolfs respectfully request leave to submit the *Kahn* opinion as supplemental authority in support of its opposition to Dollar General's request for a pre-motion conference for its summary judgment motion.

Respectfully submitted,


**The Dann Law Firm, PC**

<u>/s/ Javier L. Merino</u>
Javier L. Merino, Esq.
*Counsel for Plaintiffs and the Putative Class*


Cc:    All Counsel of Record (via ECF)