# McGuireWoods

**McGuireWoods LLP**
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

**Philip A. Goldstein**
Direct: 212.548.2167
pagoldstein@mcguirewoods.com

July 12, 2024

**By ECF**
Hon. Philip M. Halpern, U.S.D.J.
The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

      Re:    ***Wolf et al. v. Dolgen New York, LLC***
              **Case No. 7:23-cv-00558-PMH**
              ***Response to Plaintiffs' Notice of Supplemental Authority (ECF No. 72)***

Dear Judge Halpern,

      We represent defendant Dolgen New York, LLC ("Dollar General") in the above referenced matter. We write in response to Plaintiffs' notice of supplemental authority. *See* ECF No 72. Contrary to Plaintiffs' contention, *Kahn v. Walmart Inc.*, No. 23-1751, 2024 WL 3282097 (7th Cir. July 3, 2024), does not change that this Court should enter summary judgment in Dollar General's favor. Plaintiffs' discussion of *Kahn* overlooks several key points.

      First, *Kahn* was decided at the Rule 12 stage. *See Kahn*, 2024 WL 3282097, at *3. As such, the Seventh Circuit notes that the defendant's unsuccessful arguments at the pleading stage may very well win the day at summary judgment. *See, e.g.*, *id.* at *8 n.7. *Kahn*'s reasoning throughout its opinion, which is tethered to the Rule 12 stage, does not provide significant insight for summary judgment.

      Second, while *Kahn* emphasizes that a receipt alone is not enough to dispel any deception about an inaccurate shelf price label, *Kahn*, 2024 WL 3282097, at *7-8, Plaintiffs here were presented with more than a receipt. Dollar General makes available both a point-of-sale display and receipt to enable Dollar General customers to identify price discrepancies. Dollar General also has adopted a price match policy that makes refunds available to customers, which allow customers to rectify such discrepancies. ECF No. 63 at 2–3.

      Third, *Kahn* does not reflect New York law. *Kahn* lumps point-of-sale displays (which display the accurate sales price *before* purchase) with receipts (which display the accurate sales price *after* purchase)—and holds that their existence does not suffice to dispel any deception. *Kahn*, 2024 WL 3282097, at *8. This terse holding under Illinois law cannot be squared with New York law, which forecloses a GBL § 349 claim when the allegedly deceptive practice is fully disclosed, including the amount of the charge, such as through the point-of-sale display before sale. ECF No. 63 at 1-2.

      Fourth, *Kahn* acknowledges that its rumination about reasonable customers was just the court's view at the Rule 12 stage, and that the defendant could at later stages "prove that providing

Hon. Philip M. Halpern, U.S.D.J. | July 12, 2024
Page 2

a receipt or a point-of-sale price display does, as a factual matter, dispel any deception created by inaccurate shelf prices." 2024 WL 3282097, at *8 n.7. That is precisely what Dollar General has done here. *See, e.g.*, ECF No. 63 at 19, ¶¶ 69–70.

Fifth, *Kahn* does nothing to lessen the persuasiveness of *Tudor v. Jewel Food Stores, Inc.*, 681 N.E.2d 6 (Ill. Ct. App. 1997), to the instant matter. In distinguishing *Tudor*, *Kahn* points to "the totality of the circumstances" in the earlier case—a "96% accuracy rate of the scanners, in conjunction with the receipt and the money-back guarantee"—and concludes that, because "a high accuracy rate and a money-back guarantee [were] not alleged" in *Kahn*, *Tudor* did not compel a finding of no deception. *Kahn*, 2024 WL 3282097, at *12. In contrast with the allegations and posture of *Kahn*, here there is no evidence that the White Lake store where Plaintiffs shopped had significant rates of discrepancies, and evidence shows that Dollar General provided receipts and customers like Plaintiffs could benefit from a price match policy as well as the availability of refunds. ECF No. 63 at 2–4.

Sixth, *Kahn* acknowledges "that in designing and operating any real-world system, perfection is impossible." *Kahn*, 2024 WL 3282097, at *12. "We assume that neither courts nor regulators can insist on perfection in retail pricing." *Id*. That is precisely the nature of New York law, which allows for a 2% rate of price discrepancies at any given store. ECF No. 63 at 4. Plaintiffs lack evidence showing that the price discrepancies they allegedly experienced contributed to a price discrepancy rate at the White Lake Store that exceeded 2%, and thus have no GBL claim. *Id*. Without evidence showing a 2-plus percent rate of discrepancy, Plaintiffs cannot merely assume such an error rate into existence.

Accordingly, Plaintiffs' request to submit *Kahn* as supplemental authority for their opposition to Dollar General's request for a pre-motion conference for its summary judgment motion should be denied as *Kahn* is not persuasive authority to support denying Dollar General's summary judgment motion.

Respectfully submitted,

*/s/ Philip A. Goldstein*

Philip A. Goldstein

cc: All Counsel of Record (via ECF)

191705859