

**Trenton Kashima**
Senior Counsel
401 W Broadway, Suite 1760
San Diego, CA 92101
Telephone: (714) 651-8845
Email: tkashima@milberg.com

September 21, 2023

*Via* Email

R. Trent Taylor
McGuireWoods LLP
800 East Canal Street
Richmond, Virginia 23219
rtaylor@mcguirewoods.com

**Re:** **Wolf. Et. al, v. Dolgen New York, LLC D/B/A DOLGEN–Meet and Confer regarding Defendant's Responses to Plaintiffs' First Set of Document Requests and Interrogatories**

Dear Mr. Taylor:

This letter regards Defendant's Responses to Plaintiffs' First Set of Requests for Production and Interrogatories or, more precisely, the lack thereof. Should the parties be unable to resolve the disputes identified below, Plaintiff will be forced to bring this matter to the Court's attention.

## GENERAL OBJECTIONS

Upon review of Defendant's Responses, it seems that a number of objections are largely parroted throughout that can be addressed collectively here. First, many of Defendant's objections are either boilerplate or simply fail as a matter of law.

Defendant also makes a number of proportionality objections which seem to be based on Rule 26(b)(1) "proportionality" requirement. Although Rule 26(b)(1) was amended in 2015 to add language regarding "proportionality," this amendment is not to be read as altering any of the existing discovery obligations and responsibilities of the parties. Advisory Committee Notes, Fed. R. Civ. Pro. 26(b)(1) (2015 Amendment). Indeed, the Advisory Committee specifically noted that the 2015 Amendments are not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Id.*

Instead, it is the resisting party that has duty to state specific facts which indicate the nature and extent of the burden to demonstrate that Plaintiffs' Requests are indeed disproportionate. *Commonspirit Health v. Healthtrust Purchasing Grp., L.P.,* No. 3:21-CV-00460, 2022 WL 19403858, at *2 (M.D. Tenn. July 13, 2022) ("Boilerplate objections, such as the discovery requests are 'overly broad,' are 'vague,' are 'not proportional to the needs of the case,' or are 'unduly and substantially burdensome,' are 'legally meaningless and amount to a waiver of an objection.'"); Fed. R. Civ. Pro. 26(b)(2)(b) ("In motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost."). Without such information, it is impossible for the parties to conduct meaningful meet and confer, or for the Court to sustain Defendant's objections.

But even if Defendant were to try to substantiate its proportionality objections, it would be difficult to do here. This lawsuit is a class action that involves at least tens of thousands, if not hundreds of thousands,



of putative class members. Plaintiffs allege that these individuals overpaid for the products for at least over three years. The amount in dispute is in the millions of dollars. Accordingly, it would be difficult to assert that Defendant is being forced to bear a burden not normally associated with a case of this magnitude. *Thomas v. Hickman*, 2007 WL 4302974, at *10 (E.D. Cal., Dec. 6, 2007) (The "fact that complying with a discovery request will involve expense or consumption of time… [does not] render it unduly burdensome.").

The vast majority of the objections within Defendant's individual responses to Plaintiffs' Document Requests and Interrogatories incorporates the above general objections. To the extent that these individual responses do parrot these general objections, they should be withdrawn for the reasons stated above.

## INTERROGATORIES

Above-referenced general objections form the basis of many Defendant's responses to Plaintiffs' individual document requests. To the extent Defendant relies on the above objections in their individual responses, Plaintiffs will not repeat the arguments above. Additionally, a number of the objections are simple boilerplate, and are repeated throughout. *Wesley Corp. v. Zoom T.V. Prod., LLC*, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) ("[a]n objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request."). Such objections lack the specificity required under Rule 33 (as well as Rule 34) and are forfeited. *Id.* (citing cases). Nonetheless, there are a number of responses that merit a specific rebuttal and will be addressed below:

**Interrogatory No. 5:**

Here, Defendant refuses to respond to a request regarding basic information (i.e. the product names and SKU numbers) for the products sold during the relevant time period. From our experience working with retailers, such information is often regularly kept and easily retrieved, given it is often found in Defendant's inventory database. Accordingly, we have difficulty believing that such information would be truly unduly burdensome to obtain and disproportionate to the needs of the case. *Weiss v. Astellas Pharma U.S., Inc.*, No. CV 5:05-527-JMH, 2006 WL 8430440, at *2 (E.D. Ky. June 20, 2006) (conclusory assertions of burden are not enough). Indeed, such information is important because it identifies the scope of the potential products at dispute and allows Plaintiffs to identity the products at issue in pricing and sales data, which is often identified by SKU number and not the product's name in electronic POS and inventory databases. Thus, such information is highly relevant. Further, you have objected under Rule 33(d). Under Rule 33(d), it states in part: "the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by…". However, the exemplar you are referencing in your response is not equally ascertainable to Plaintiffs as they are to defendant. Defendant only has access to any exemplars and SKUS of products during the relevant period. Please amend your answer to list an exemplar or provide bates numbers to documents that reference an exemplar. Further, please amend Defendant's response to either agree to produce such information or explain the exact nature of the burden in retrieving this information. Plaintiffs are further willing to discuss a reasonable ESI protocol regarding the search of Defendant's electronic POS and inventory systems, if warranted. Accordingly, during our meet and confer, be prepared to discuss the structure and functionality of Defendant's electronic POS and inventory systems.



**Interrogatory Nos. 6-7, 17:**

Again, Defendant refuses to respond to requests regarding basic pricing information that is at the heart of this case. Information regarding the prices displayed (or should have been displayed) and the prices charged is directly relevant to the claims at issue. Additionally, as noted above, Plaintiffs understand that such information should be ascertainable from Defendant's inventory database. Accordingly, Plaintiffs doubt that the effort in producing such information could outweigh the needs of the case. *Weiss*, 2006 WL 8430440 at *2. Please amend Defendant's response to either agree to produce such information or explain the exact nature of the burden in retrieving this information. Further, please see Plaintiffs' arguments about the inapplicable use of Rule 33(d) to these interrogatories in the same manner explained in Interrogatory number 5. Plaintiffs are further willing to discuss a reasonable ESI protocol regarding the search of Defendant's electronic POS and inventory systems, if warranted. Accordingly, during our meet and confer, be prepared to discuss the structure and functionality of Defendant's electronic POS, pricing, and inventory systems.

**Interrogatory No. 15:**

Defendant has responded pursuant to Rule 33(d) but has not identified any responsive documents in which the requested information could be found. Please amend accordingly.

**Interrogatory No. 16:**

Again, Defendant responses without providing a substantive answer to the Interrogatory posed (i.e. identify third-parties involved in Defendant's product pricing) but simply offers to meet and confer. This is not an appropriate response under Rule 33(b)(3)-(4). Again, the identity of individuals and entities involved in the pricing process are directly relevant to Plaintiffs' claims and there is no significant burden in identifying potential witnesses and their connection to pricing practices at issue in this case (i.e. their agreements with Defendant). Please amend accordingly.

**Interrogatory No. 21:**

Defendant objected pursuant to Rule 33(d) but has not identified any responsive documents which the requested information can be found. Further, please see Plaintiffs' arguments about the inapplicable use of Rule 33(d) to this Interrogatory in the same manner explained in Interrogatory number 5.

## REQUEST FOR PRODUCTION

Similar to the Interrogatories, Defendant makes a number of improper boilerplate objections, which will not be addressed as they lack the specificity required and are considered waived. *See Wesley Corp.,* 2018 WL 372700, at *4. Nonetheless, Plaintiffs will address Defendant's more specific objections are responses below.

Additionally, Defendant has not stated whether its production is completed, or if it will be completed by a date certain. Instead, in many incidents, Defendant simply agrees to produce responsive documents in its possession, custody, or control. Based on Plaintiffs' initial review, we believe that Defendant's production is woefully incomplete. While Defendant's effort is appreciated, Rule 34 requires more. Specifically, Rule



34(b)(2)(B) states that Defendant must either produce documents "no later than the time for inspection specified in the request or another reasonable time specified in the response." While Plaintiffs understand that some documents searches may take time, it does not absolve Defendant from indicating when its production will be completed. Nor does it allow endless rolling productions. Accordingly, please provide a date certain when Defendant will complete its production.

Defendant also objects to several Requests on the grounds that it would require Defendant to take "screenshots" of its systems which may not otherwise exist but on the screen of the computer when such information accessed. However, Defendant leaves it unexplained why creating a copy of a physical document is appropriate, but creating an electronic document that exists on a computer screen is inappropriate, under Rule 34. Indeed, Rule 34(b)(2)(B) expressly provides that "[t]he responding party may state that it will produce copies of documents *or of electronically stored information* instead of permitting inspection" (emphasis added). Thus, we believe that this objection is without merit. Please indicate if any documents are being withheld based on this objection.

Further, Dollar General objected to almost all of the Requests on the basis of attorney client privilege, work product doctrine, or some similar protection. As stated above, Dollar General has not provided a privilege log; hence, any documents withheld on this basis is improper. If Dollar General does seek to assert an objection based on privilege or another similar protection, please indicate the document being withheld, its author and any recipients of the document, and the basis of the objection. Otherwise, such objections may be deemed waived.

Finally, Dollar General states that it will meet and confer in lieu of providing responsive documents. This is improper. As noted in Rule 34(b)(2)(B), defendant should either "state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Thus, non-objectionable documents must be produced and Defendant must indicate those documents being withheld. Conditioning discovery on further meet and confer is not permissible. Nonetheless, Plaintiffs are willing to meet and confer on these matters.

Last, with respect to the documents Defendant has produced to date, Dollar General wholly failed to organize and label them to correspond to the categories in our requests, in accordance with FRCP 34(b)(2)(E)(i). *See Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-CV-7163 (HG), 2022 U.S. Dist. LEXIS 230630, at *11 (E.D.N.Y. Dec. 22, 2022) (ordering defendant to "identify the bates ranges of documents responsive to each request."). We demand that Dollar General amend its written responses to identify the bates ranges of already produced documents responsive to each request, and to the extent that Dollar General supplements its production, that Dollar General further amends its answers as appropriate to maintain compliance with FRCP 34(b)(2)(E)(i)

**Request Nos 5:**

Plaintiffs have not received any emails from district store managers. Such documents are clearly relevant and proportionate to the needs of this case. Please advise when we can expect to receive such emails.



**Request Nos 6:**

Plaintiffs have not received any emails regarding any governmental agencies in New York related to price discrepancies. Such documents are clearly relevant and proportionate to the needs of this case. Please advise when we can expect to receive responsive documents that are related to this request.

**Request Nos. 11, 13:**

Defendant has indicated that it is withholding documents based on disproportionality. However, as noted above, such generalized objection, without describing the class of documents withheld and the nature of the burden associated with producing the documents are impermissible boilerplate. Further, you have mentioned you will produce an exemplar of various price labels that were changed throughout the relevant period. These should be fairly easy to produce and we will meet and confer with you on what a production of such exemplars would look like.

**Request No. 14:**

Defendant has indicated the phrase "price check" is vague. Plaintiffs are referring to whether Defendant engages in regular checking of prices at certain intervals for a certain number of items. Please produce responsive documents to this request as we have not received any.

**Request Nos. 19, 20, 21, 22, 23, 24, 26:**

For example in RFP No. 19, Plaintiffs asked for Store Manager Training Program related documents and has indicated that it is withholding documents based on disproportionality. However, as noted above, such generalized objection, without describing the class of documents withheld and the nature of the burden associated with producing the documents are impermissible boilerplate. Please amend these responses and produce responsive documents that are responsive to these requests.

**Request Nos. 27, 28, 29:**

Defendant objects and states it is willing to meet and confer with Plaintiffs to determine if there are relevant documents Plaintiffs are trying to reach with these requests. Finally, Dollar General states that it will meet and confer in lieu of providing responsive documents. This is improper. As noted in Rule 34(b)(2)(B), defendant should either "state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Thus, non-objectionable documents must be produced and Defendant must indicate those documents being withheld. Conditioning discovery on further meet and confer is not permissible. Nonetheless, Plaintiffs are willing to meet and confer on these matters.

Regards,



J. Hunter Bryson, Esq.

CC:
Travis C. Gunn, rtaylor@mcguirewoods.com
Elizabeth B. Wright, Elizabeth.Wright@ThompsonHine.com
Brenna Fasko, Brenna.Fasko@ThompsonHine.com