# EXHIBIT 2

Philip A. Goldstein, Esq.
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: (212) 548-2100
Fax: (212) 548-2150
*pagoldstein@mcguirewoods.com*
*Counsel for Defendant Dollar New York, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ X

JOSEPH WOLF, CARMEN WOLF,      :    Case No. 7:23-cv-00558 (PMH)
ON BEHALF OF THEMSELVES AND THOSE    :
SIMILARLY SITUATED,      :    **DEFENDANT DOLGEN NEW**
     :    **YORK, LLC'S ANSWER TO**
     Plaintiffs,      :    **THE SECOND AMENDED**
     :    **CLASS ACTION**
     v.      :    <u>**COMPLAINT**</u>
     :
DOLGEN NEW YORK, LLC D/B/A DOLGEN,    :
     :
     Defendant.      :

------------------------------------------------------------------ X

       Dolgen New York, LLC ("Dollar General"), by and through the undersigned counsel, hereby answers Plaintiffs Joseph and Carmen Wolf's Second Amended Class Action Complaint and Jury Demand ("SAC"). *See* ECF 26. Except as expressly admitted or qualified, Dollar General denies every allegation in the SAC. This denial includes, without limitation, denying that Plaintiffs have suffered any damages by reason of any act, omission, or conduct on the part of Dollar General, and denying that Plaintiffs are entitled to the relief sought in the SAC, or to any relief at all, from Dollar General.

       To the extent the SAC attempts to characterize certain alleged facts (*e.g.*, by describing conduct, labels, and/or products as "unlawful," "unfair," or "deceptive"), Dollar General responds that such allegations are mere pejoratives or conclusions of law and do not constitute allegations of fact requiring a response. To the extent such allegations may be construed as allegations of fact,

Dollar General objects to and denies every such allegation and incorporates by reference this response in each paragraph below as if fully set forth therein.

Dollar General further responds that the headings in the SAC do not constitute allegations of fact requiring a response, but to the extent the headings may be construed as allegations of fact, Dollar General responds to each such allegation in a footnote attached to the headnote. By restating the heading in this Answer as originally alleged by Plaintiffs, in order to provide a response to that heading, Dollar General does not admit any part of that heading.

As to the unnumbered introductory paragraph, preceding Paragraph 1, no allegations against Dollar General are made and therefore Dollar General need not respond. To the extent a response is required, Dollar General admits that Plaintiffs bring allegations, on behalf of themselves and on behalf of a purported class, by way of a complaint. Dollar General denies that Plaintiffs' allegations are meritorious and denies that Plaintiffs are entitled to any relief or remedy. Dollar General denies that this suit may proceed as a class action.

## AS TO NATURE OF THE ACTION

1.      Dollar General admits that Plaintiffs have brought a putative class action against Dollar General, based on alleged facts that Plaintiffs contend constitute a violation of New York law, as alleged in Paragraph 1. Dollar General denies all remaining allegations in Paragraph 1. Dollar General specifically denies that this lawsuit has merit and that this litigation may proceed as a class action.

2.      Dollar General admits that Plaintiffs have brought a putative class action against Dollar General, based on alleged facts that Plaintiffs contend constitute a violation of New York law, as alleged in Paragraph 2. Dollar General denies all remaining allegations in Paragraph 2. Dollar General specifically denies that this lawsuit has merit, that this litigation may proceed as a

class action, and that Dollar General has a regular practice of charging customers a higher price at the cash register on various items than the price on the in-store shelves.

## AS TO VENUE AND JURISDICTION

3.      The allegations in Paragraph 3 constitute legal conclusions to which no response is required.  To the extent a response is required, Dollar General admits that this Court has personal jurisdiction over Dollar General for purposes of Plaintiffs' claims, admits that it maintains a store in White Lake, New York, and admits that the White Lake store is within the Southern District of New York.  Dollar General denies all remaining allegations in Paragraph 3.

4.      The allegations in Paragraph 4 constitute legal conclusions to which no response is required.  To the extent a response is required, Dollar General admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) and denies all remaining allegations in Paragraph 4. Dollar General specifically denies that this lawsuit has merit and that this litigation may proceed as a class action.

## AS TO PARTIES

5.      Dollar General is without sufficient information to admit or deny the allegations in Paragraph 5 and, therefore, denies them.

6.      Dollar General admits the allegations in Paragraph 6.

## AS TO FACTS RELATED TO DOLGEN

7.      Dollar General admits that Plaintiffs purport to bring this suit on behalf of a class of persons who shop at Dollar General stores in New York.  Dollar General is without sufficient information to admit or deny the remaining allegations in Paragraph 7 and, therefore, denies them.

8.      Dollar General admits that it operates stores that offer a variety of merchandise, including home products, seasonal products, consumables, and apparel.  Dollar General further

3

admits that its business model is to offer products at everyday low prices in convenient locations. Dollar General states that the quoted language in the fifth sentence of Paragraph 8 speaks for itself.[1] Dollar General denies any allegations inconsistent therewith. Dollar General denies all remaining allegations in Paragraph 8.

9.      Dollar General admits that it operates a chain of retail stores located in various areas and that it has the needs of its customers in mind. Dollar General further admits that its business model is to offer products at everyday low prices in convenient locations.[2] Dollar General denies all remaining allegations in Paragraph 9.

10.      Dollar General admits the allegations in Paragraph 10 that Dollar General operates numerous stores in New York and that the exact number has changed over time.[3] Dollar General denies all remaining allegations in Paragraph 10.

### AS TO FACTS RELATED TO PLAINTIFFS' TRANSACTIONS

11.      Dollar General is without sufficient information to admit or deny the allegations in Paragraph 11 and, therefore, denies them.

---

[1]     Dollar General admits that the quote from Paragraph 8 comes from the hyperlinked website in Footnote 1. Dollar General denies that Plaintiffs accurately and comprehensively quotes from this source.

[2]     Dollar General admits that the information in Paragraph 9 purports to come from the hyperlinked website in Footnote 2. Dollar General states that the article cited in Footnote 2 of Paragraph 9 speaks for itself. Dollar General denies that Plaintiffs accurately and comprehensively quotes from this source.

[3]     Dollar General admits that the information in Paragraph 10 purports to come from the hyperlinked website in Footnote 3. Dollar General denies that the allegations in Paragraph 10 are supported by the hyperlinked website in Footnote 3, when that website is accessed as of the time of Dollar General drafting this Answer. Dollar General states that the article cited in Footnote 3 of Paragraph 10 speaks for itself. Dollar General denies any allegations inconsistent therewith. Dollar General denies that Plaintiffs accurately and comprehensively quotes from this source.

12.     Dollar General is without sufficient information to admit or deny the allegations in Paragraph 12 and, therefore, denies them.

13.     Dollar General is without sufficient information to admit or deny the allegations in Paragraph 13 and, therefore, denies them.

14.     Dollar General is without sufficient information to admit or deny the allegations in Paragraph 14 and the accompanying chart and, therefore, denies them.  Dollar General denies the authenticity of what Exhibit 1 purports to be at this time.

15.     Dollar General admits that Plaintiffs' counsel filed a similar lawsuit in the Superior Court of New Jersey, Law Division, Monmouth County, as identified by the case name and number alleged in Paragraph 15, against Dollar General Corporation, Dolgencorp LLC, and a number of individual defendants.  Dollar General denies that the lawsuit has merit.  Dollar General states that the cited Composite Exhibit 2 speaks for itself.[4]  Dollar General denies anything inconsistent therewith.  Dollar General denies all remaining allegations in Paragraph 15.

16.     Dollar General is without sufficient information to admit or deny the allegations in Paragraph 16 as to when the defendants in what Plaintiffs title the "NJ Overcharge Matter" were served with the summons and complaint in that matter and, therefore, denies them.  Dollar General denies that it directly or "under various entities" was served with the summons and complaint in what Plaintiffs title the "NJ Overcharge Matter."  Dollar General denies that "Exh. 1, p. 54 at ¶ 2" supports the allegations in Paragraph 16, as alleged by Plaintiffs.  Dollar General denies all remaining allegations in Paragraph 16.

---

[4]     Dollar General admits that other entities and persons affiliated with Dollar General removed what Plaintiffs title the "NJ Overcharge Matter" to federal court.  Dollar General denies the remaining allegations in Footnote 4, including the allegation that Dollar General acted to remove such litigation.

17.     Dollar General admits that Plaintiffs' counsel filed a similar lawsuit in the Court of Common Pleas, Lorain County, Ohio, as identified by the case name and number alleged in Paragraph 17, against Dolgen Midwest LLC. Dollar General denies that the lawsuit has merit. Dollar General states that the cited Composite Exhibit 3 speaks for itself.[5] Dollar General denies anything inconsistent therewith. Dollar General denies all remaining allegations in Paragraph 17.

18.     Dollar General is without sufficient information to admit or deny the allegations in Paragraph 18 as to when the defendant in what Plaintiffs title the "OH Overcharge Matter" was served with the summons and complaint in that matter and, therefore, denies them. Dollar General denies that it directly or "under various entities" was served with the summons and complaint in what Plaintiffs title the "OH Overcharge Matter." Dollar General denies that "Exh. 2, p. 98 at ¶ 2" supports the allegations in Paragraph 18, as alleged by Plaintiffs. Dollar General denies all remaining allegations in Paragraph 18.

19.     Dollar General admits that the State of Ohio, through its Attorney General, filed a lawsuit against Dollar General Corporation and Dolgen Midwest LLC, as identified by the case number and docket number alleged in Paragraph 19. Dollar General denies that the lawsuit has merit. Dollar General states that the cited Composite Exhibit 4 speaks for itself. Dollar General denies anything inconsistent therewith. Dollar General denies all remaining allegations in Paragraph 19.

20.     Dollar General is without sufficient information to admit or deny the allegations in Paragraph 20 as to when the defendants in what Plaintiffs title the "OH AG Matter" was served

---

[5]     Dollar General admits that another entity affiliated with Dollar General removed what Plaintiffs title the "OH Overcharge Matter" to federal court. Dollar General denies the remaining allegations in Footnote 5, including the allegation that Dollar General acted to remove such litigation.

with the summons and complaint in that matter and, therefore, denies them.  Dollar General denies

that "Exh. 3, p. 8" supports the allegations in Paragraph 20, as alleged by Plaintiffs.  Dollar General

denies all remaining allegations in Paragraph 20.

21.     Dollar General denies the allegations in Paragraph 21 that the plaintiffs in what

Plaintiffs title the "NJ and OH Overcharge Matters and the OH AG Matter" made any allegations

against Dollar General directly or "under various entities."  Dollar General admits the allegations

in Paragraph 21 that the plaintiffs in the identified matters assert similar allegations regarding price

discrepancies between the price displayed on a store shelf and the scan price at a register.  Dollar

General denies all remaining allegations in Paragraph 21.  Dollar General specifically denies that

the identified lawsuits have merit, that any litigation may proceed as a class action, and that Dollar

General has a regular practice of charging customers a higher price at the cash register on various

items than the price on the in-store shelves.

22.     Dollar General is without sufficient information to admit or deny the allegations in

Paragraph 22 and the accompanying chart and, therefore, denies them.  Dollar General denies the

authenticity of what Exhibit 5 purports to be at this time.

23.     Dollar General denies the allegations in Paragraph 23.

24.     Dollar General denies the allegations in Paragraph 24.

25.     Dollar General denies the allegations in Paragraph 25.

**_As to Defendant Routinely Overcharges Consumers at a Rate Which Well Exceeds Acceptable Industry Standards._** [6]

26.     Dollar General admits the allegations in Paragraph 26.

27.     Dollar General admits the allegation in Paragraph 27 that NIST may "cooperate

with the States in securing uniformity in weights and measures laws and methods of inspection"

---

[6]      Dollar General denies the allegations in this unnumbered heading.

to perform its functions specified by Congress.  Dollar General denies that 15 U.S.C. § 272(a)(4) supplies this quote, as alleged in Paragraph 27, as this quote comes from 15 U.S.C. § 272(c)(4). Dollar General denies all remaining allegations in Paragraph 27.

28.     Dollar General admits the allegations in Paragraph 28 that NIST publishes Handbook 130, that Handbook 130 has multiple editions, and that Part V of Handbook 130 is about examination procedures for price verifications.  Dollar General denies the allegations in Paragraph 28 that NIST publishes only a single handbook and that the latest version of this single handbook is NIST Handbook 130.  Dollar General denies all remaining allegations in Paragraph 28.

29.     Dollar General states that the quoted language Paragraph 29 speaks for itself. Dollar General admits that Paragraph 29 accurately quotes the latest edition of Handbook 130, Part V, § 10.1.  Dollar General denies any allegations inconsistent therewith and denies that this excerpt comprehensively quotes from this source.  Dollar General denies all remaining allegations in Paragraph 29.

30.     Dollar General states that the quoted language Paragraph 30 speaks for itself. Dollar General admits that Paragraph 30 accurately quotes the latest edition of Handbook 130, Part V, § 10.2.  Dollar General denies any allegations inconsistent therewith and denies that this excerpt comprehensively quotes from this source.  Dollar General denies all remaining allegations in Paragraph 30.

31.     Dollar General denies the allegations in Paragraph 31 that compliance under Part V of Handbook 130 is based solely on the accuracy rates determined by Handbook 130, Part V, § 10.2, for example, without consideration of what errors should not be considered under Part V, § 9.1, and without consideration of when overcharges and undercharges should be considered for

purposes of enforcement under Part V, § 10.1.  Dollar General denies all remaining allegations in Paragraph 31.

32.     Dollar General denies the allegations in Paragraph 32.[7]

33.     Dollar General is without sufficient information to admit or deny the allegations in Paragraph 33 and, therefore, denies them.  Dollar General denies the authenticity of what Exhibit 1 purports to be at this time.

34.     Dollar General is without sufficient information to admit or deny the allegations in Paragraph 34 and, therefore, denies them.  Dollar General denies the authenticity of what Exhibit 5 purports to be at this time.

35.     Dollar General admits that Dollar General stores are subject to price verification audits by New York governmental entities.  Dollar General states that the cited Composite Exhibit 6 speaks for itself.  Dollar General denies anything inconsistent therewith.  Dollar General denies all remaining allegations in Paragraph 35.

36.     Dollar General states that the cited Composite Exhibit 6 in Paragraph 36 speaks for itself.  Dollar General denies the allegations in Paragraph 36 to the extent they are inconsistent therewith and denies that this allegation comprehensively describes this source.  Dollar General denies all remaining allegations in Paragraph 36.

37.     Dollar General states that the cited Composite Exhibit 6 in Paragraph 37 speaks for itself.  Dollar General denies the allegations in Paragraph 37 to the extent they are inconsistent therewith and denies that this allegation comprehensively describes this source.  Dollar General denies all remaining allegations in Paragraph 37.

---

[7]     Footnote 7 in Paragraph 32 is a legal conclusion to which no response is required.  To the extent a response is required, Dollar General denies the allegations in Footnote 7 of Paragraph 32.

38.     Dollar General states that the cited Composite Exhibit 6 in Paragraph 38 speaks for itself.  Dollar General denies the allegations in Paragraph 38 to the extent they are inconsistent therewith and denies that this allegation comprehensively describes this source.  Dollar General denies all remaining allegations in Paragraph 38.

39.     Dollar General states that the cited Composite Exhibit 6 in Paragraph 39 speaks for itself.  Dollar General denies the allegations in Paragraph 39 to the extent they are inconsistent therewith and denies that this allegation comprehensively describes this source.  Dollar General denies all remaining allegations in Paragraph 39.

40.     Dollar General states that the cited Composite Exhibit 6 in Paragraph 40 speaks for itself.  Dollar General denies the allegations in Paragraph 40 to the extent they are inconsistent therewith and denies that this allegation comprehensively describes this source.  Dollar General denies all remaining allegations in Paragraph 40.

41.     Dollar General denies the allegations in Paragraph 41.

42.     Dollar General denies the  allegations in Paragraph 42.

## AS TO CLASS ACTION ALLEGATIONS

43.     Dollar General admits that Plaintiffs have brought a putative class action against Dollar General, based on alleged facts that Plaintiffs contend constitute a violation of New York law, as alleged in Paragraph 43.   Dollar General denies that this lawsuit has merit, that this litigation may proceed as a class action, and that Dollar General has a regular practice of charging customers a higher price at the cash register on various items than the price on the in-store shelves.  Dollar General denies that certification the alleged class definition is proper.  Dollar General denies all remaining allegations in Paragraph 43.

44.     Dollar General denies the allegations in Paragraph 44.

45. Dollar General denies the allegations in Paragraph 45.

46. Dollar General denies the allegations, including all subparts, in Paragraph 46.

47. Dollar General denies the allegations in Paragraph 47.

48. Dollar General is without sufficient information to admit or deny the allegations in Paragraph 48 at this time and, therefore, denies them.

49. Dollar General is without sufficient information to admit or deny the allegations in Paragraph 49 at this time and, therefore, denies them.

50. Dollar General is without sufficient information to admit or deny the allegations in Paragraph 50 at this time and, therefore, denies them.

51. Dollar General is without sufficient information to admit or deny the allegations in Paragraph 51 at this time and, therefore, denies them.

52. Dollar General denies the allegations in Paragraph 52.

53. Dollar General denies the allegations in Paragraph 53.

54. Dollar General denies the allegations in Paragraph 54.

55. Dollar General denies the allegations in Paragraph 55.

56. Dollar General denies the allegations in Paragraph 56.

### AS TO CLASS CLAIMS[8]

**COUNT ONE (On Behalf of Plaintiffs and the Class)[9]**
**Violation of N.Y. GEN. BUS. LAW § 349**

57. Dollar General, repeats, realleges, and incorporates by reference every response to every allegation contained in the preceding paragraphs as if fully set forth herein.

---

[8] Dollar General denies the allegation in this heading that Plaintiffs are entitled to bring claims on behalf of a class.

[9] Dollar General denies the allegation in this heading that Plaintiffs are entitled to bring claims on behalf of a class.

58.     Dollar General denies the allegations in Paragraph 58.

59.     Dollar General denies the allegations in Paragraph 59.

60.     Dollar General denies the allegations in Paragraph 60.

61.     Dollar General denies the allegations in Paragraph 61.

62.     Dollar General denies the allegations in Paragraph 62.

63.     Dollar General denies the allegations in Paragraph 63.

64.     Dollar General denies the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 constitute legal conclusions to which no response is required.  To the extent a response is required, Dollar General denies the allegations in Paragraph 65.

66.     Dollar General denies the allegations in Paragraph 66.

## AS TO PRAYER FOR RELIEF

Dollar General denies that Plaintiffs are entitled to any relief or remedy whatsoever, including, and without limitation, the certification of a class action or any of the relief sought in the unnumbered "WHEREFORE" Paragraph, including subparts (a) to (s).

## AS TO JURY DEMAND

Dollar General admits that Plaintiffs have demanded a trial by jury.

## GENERAL DENIAL

Dollar General denies all allegations not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Second Amended Complaint fails to state claims upon which relief may be granted for many reasons, including but not limited to the grounds asserted in Dollar General's pre-motion letter exchanged with Plaintiffs' counsel and filed with the Court.

12

## SECOND AFFIRMATIVE DEFENSE
### (Safe Harbor Defense)

Each cause of action alleged in the Second Amended Complaint is barred by the "safe harbor" provision of New York's general business law.  N.Y. Gen. Bus. Law § 349(d).

## THIRD AFFIRMATIVE DEFENSE
### (Comparative Fault/Contributory Negligence)

Plaintiffs' claims may be barred or reduced by the doctrine of comparative fault or contributory negligence.

## FOURTH AFFIRMATIVE DEFENSE
### (Commercially Reasonable Manner)

At all times relevant, Dollar General conducted itself in a commercially reasonable manner, consistent with the requisites of applicable law.

## FIFTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

Each of the causes of action alleged in the Second Amended Complaint is barred to the extent that Plaintiffs and the putative classes seek relief based on acts or omissions by Dollar General, or by products purchased by Plaintiffs or putative class members, prior to the applicable limitations periods (statute of limitations or statute of repose).

## SIXTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Each of the causes of action alleged in the Second Amended Complaint is barred, in whole or in part, by the equitable doctrines of laches, estoppel and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Each of the causes of action alleged in the Second Amended Complaint is barred, in whole or in part, by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE
**(Failure to Provide Adequate Notice)**

Each of the causes of action alleged in the Second Amended Complaint is barred, in whole or in part, by Plaintiffs' failure to give Dollar General required and adequate notice of the claim.

### NINTH AFFIRMATIVE DEFENSE
**(Failure to Plead Fraud with Particularity)**

To the extent the Second Amended Complaint alleges causes of action sounding in fraud, deception and/or misrepresentation, those claims are barred by Plaintiffs' failure to allege the circumstances constituting the alleged fraud, deception and/or misrepresentation with particularity.

### TENTH AFFIRMATIVE DEFENSE
**(Existence of Contract)**

The equitable relief sought by Plaintiffs and the putative class is barred by the existence of a contract.  *See Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012).

### ELEVENTH AFFIRMATIVE DEFENSE
**(Voluntary Payment Doctrine)**

Each of the causes of action alleged in the Second Amended Complaint is barred by the voluntary payment doctrine to the extent Plaintiffs and/or the putative class members voluntarily purchased the products at issue knowingly and intelligently and without mistake of fact.

### TWELFTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

The monetary relief sought by Plaintiffs and the putative classes is barred to the extent that they failed to make reasonable efforts to prevent or mitigate any alleged injury or loss.

14

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Proximate Cause)

Dollar General is not liable to Plaintiffs, in whole or in part, because the losses that Plaintiffs allegedly suffered were not proximately caused by any act or omission of Dollar General.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Insubstantial Number of Putative Class Members Affected)

The purported claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Class Certification Improper)

The purported class cannot be certified under Federal Rule of Civil Procedure 23 because the purported class, class representatives and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions, and also fail to meet the standards articulated in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016).

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Class Certification Improper)

Plaintiffs' purported class claims are barred because the members of the class are not so numerous that it would be impracticable and uneconomical to require joinder of each class member.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Class Certification Improper)

Plaintiffs' purported class claims are barred because Plaintiffs' definition of the class is vague, ambiguous, and overly broad.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Other Available Remedies)

The purported claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue are precluded or limited because Plaintiffs and other members of the purported class on whose behalf they purport to sue failed to exhaust other available remedies.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Cause)

Plaintiffs' alleged injuries were caused by an intervening or superseding cause.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Not Material)

Plaintiffs are precluded from recovery because the representations, actions or omissions alleged by Plaintiffs were not and are not material to Plaintiffs' decisions to purchase or use Dollar General's products.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Consumer Protection Laws Unduly Vague)

Any finding of compensatory liability under the consumer protection laws of the states at issue would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and of any analogous provision contained in any state constitution, because the standards of liability under these consumer protection laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Substantive Due Process)

As a matter of constitutional right and substantive due process, Dollar General would be entitled to contest by jury trial its liability to any individual plaintiff, even if the purported representative of the putative class prevails on his claims. Trying this case as a class action would violate the United States Constitution and the constitution of New York.

16

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Basis for Restitution)

There is no basis for restitution as Dollar General has not been unjustly enriched.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Other Classes)

Plaintiffs are estopped from pursuing relief in this action against Dollar General to the extent that Plaintiffs proceeded with prosecution of any other class, consolidated, or individual action in any jurisdiction against Dollar General, including but not limited to those certain actions instituted prior or subsequent to this action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Any Damages Caused By Others)

Plaintiffs' alleged injuries and damages were due to, and proximately caused by, in whole or in part, other events, conditions, instrumentalities, and/or acts or omissions of an individual or entity over whom or which Dollar General exercised no control.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Negligence or Fault of Others)

The negligence or fault of others, over whom Dollar General exercises no control, was a, or the sole, proximate cause of Plaintiffs' injuries.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Setoff)

Dollar General is entitled to a setoff against any damages awarded to Plaintiffs for all payments made by any collateral source, including any funds paid in settlement on behalf of other joint tortfeasors and settling parties.

17

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Any calculation or award of punitive damages against Defendant Dollar General based in whole or in part upon Dollar General's alleged conduct toward non-parties is unconstitutional and constitutes a taking of Dollar General's property without due process. *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Damages Cap)

Plaintiffs' claims are subject to New York's limitations on punitive damages.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Any award of punitive damages against Dollar General in this matter would violate Dollar General's guarantees of due process, equal protection, property, and protection against excessive fines under the Fourteenth Amendment to the United States Constitution and under applicable laws of this jurisdiction.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Punitive Damages)

Any award of punitive damages against Dollar General in this matter based on Dollar General's conduct outside of this jurisdiction would impose unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution and would be in violation of the United States Supreme Court's holding in *State Farm v. Campbell*, 538 U.S. 408 (2003).

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Punitive Damages)

Punitive damages may not be awarded: (a) without proof of every element beyond a reasonable doubt, or in the alternate without proof by clear convincing evidence; (b) without

bifurcating the trial of all punitive issues, including punitive liability; (c) with no limits, including the maximum amount that a jury may impose in this jurisdiction; (d) with no limits, including the constitutional prohibition against punitive damages awards being greater than a single-digit multiplier of any compensatory damages award, *see State Farm*, 538 U.S. at 408; (e) which improperly compensates Plaintiffs for elements of damage not otherwise recognized under the laws of this jurisdiction; (f) without standards or sufficient clarity for determining the appropriateness or appropriate size of the award; (g) without consideration of the three constitutional guideposts of reprehensibility, ratio, and civil penalties, *see State Farm*, 538 U.S. at 408; (h) without appropriate instructions on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (i) under a vague and arbitrary standard that does not define the necessary conduct or mental state required for punitive damages; and (j) without judicial review on the basis of objective standards, including the three constitutional guideposts of reprehensibility, ratio, and civil penalties, *see State Farm*, 538 U.S. at 408.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Punitive Damages)

Any award of punitive damages against Dollar General in this matter would violate Dollar General's guarantees of due process of protection against double jeopardy, excessive fines, and multiple punishments under the Fifth and Fourteenth Amendments to the United States Constitution and under applicable law of this jurisdiction, since Dollar General is subject to multiple punitive awards for the same alleged wrong or conduct.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Any award of punitive damages against Dollar General in this matter based upon a single course of conduct or enterprise for which punitive damages have already been imposed would

constitute unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
#### (Comparative Causation)

Plaintiffs' claims are limited or barred to the extent Plaintiffs' own actions caused any alleged damage.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
#### (Damages Too Remote)

Damages alleged by Plaintiffs are too remote from any alleged conduct by Dollar General to support any recovery or relief to Plaintiffs.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Accord and Satisfaction)

Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Speculative Damages)

Some or all of Plaintiffs' claims are or may be barred in whole or in part because Plaintiffs' requested damages are impermissibly speculative.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
#### (No Duty)

Dollar General has not breached any duty owed to Plaintiffs.

### FORTIETH AFFIRMATIVE DEFENSE
#### (Lack of Standing)

Plaintiffs and the putative class members lack standing to assert the causes of action for the products and the relief alleged in the Complaint.

### FORTY-FIRST AFFIRMATIVE DEFENSE
**(Lack of Standing)**

Plaintiffs and the putative class members who did not experience price discrepancies or were refunded for any alleged price discrepancy lack standing to assert the causes of action for the products and the relief alleged in the Complaint.

### FORTY-SECOND AFFIRMATIVE DEFENSE
**(Lack of Standing)**

Plaintiffs lack standing to pursue injunctive relief because they cannot show that they are likely to suffer future injury. *Los Angeles v. Lyons*, 461 U.S. 95 (1983).

### FORTY-THIRD AFFIRMATIVE DEFENSE
**(Adequate Remedy at Law)**

The equitable relief sought by Plaintiffs and the putative class is barred because any damage allegedly suffered by Plaintiffs and/or putative class members can be adequately compensated in an action at law for damages. *See Samiento v. World Yacht Inc*., 883 N.E.2d 990 (N.Y. 2008).

### FORTY-FOURTH AFFIRMATIVE DEFENSE
**(Not False, Misleading, Deceptive, Unfair, Unlawful, or Unconscionable)**

No practice relating to, or label, sticker, or display for, products sold at Dollar General stores contain or contained any false, misleading, deceptive, unfair, unlawful, or unconscionable statement, promises, or other assertions. As such, the practices relating to, and labels, stickers, or other displays for, products sold at Dollar General stores are not, and were not, false, misleading, deceptive, unfair, unlawful, or unconscionable, and were not intended to mislead or deceive consumers. This action is barred, in whole or in part, because the practices relating to, and labels, stickers, or other displays for, products sold at Dollar General stores complied with Ohio law, including regulations promulgated by the United States Department of Commerce and NIST.

21

## FORTY-FIFTH AFFIRMATIVE DEFENSE
### (Examination of the Products)

Plaintiffs and putative class members had the opportunity to examine, and did or should have examined, the products at issue, and such an examination did, or should have under a reasonable examination, reveal the alleged deceptive and/or misleading conduct, the alleged omission, and/or the alleged defect

## FORTY-SIXTH AFFIRMATIVE DEFENSE
### (Caveat Emptor)

Plaintiffs' claims are barred in whole or in part by the application of the doctrine of caveat emptor.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE
### (Primary Jurisdiction Doctrine)

Each of the causes of action alleged in the Complaint is barred by the primary jurisdiction doctrine because adjudication of Plaintiffs' claims requires resolution of issues that lie within the specific expertise of state and/or federal regulatory bodies.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE
### (Free Speech)

Plaintiffs' claims are barred in whole or in part by the First Amendment to the Constitution of the United States and/or by free speech provisions of state constitutions.

## FORTY-NINTH AFFIRMATIVE DEFENSE
### (Notice / Knowledge / Full Disclosure)

Plaintiffs had actual or construct notice or knowledge of any alleged discrepancy between the price listed on store shelf and the scan price at a register because, without limitation to other facts, Plaintiffs' ability to view the shelf price, the scan price on a register display, and the price charged and paid on a receipt. These circumstances also establish the full disclosure of the terms and conditions of the transactions giving rise to Plaintiffs' claims.

22

## FIFTIETH AFFIRMATIVE DEFENSE
### (Not Consumer Oriented)

The allegedly liable conduct is not consumer oriented for purposes of N.Y. Gen. Bus. Law § 349.

## FIFTY-FIRST AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiffs are not entitled to punitive damages for their claim under N.Y. Gen. Bus. Law § 349. *See Guzman v. Harris*, No. 16-v-3499, 2017 WL 4386369, at *2 (S.D.N.Y. Sept. 29, 2017).

## RESERVATION OF ADDITIONAL DEFENSES

Dollar General presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Dollar General hereby reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent to it through discovery in this matter or otherwise.

## DEMAND FOR JURY TRIAL

Dollar General requests a jury trial on all issues so triable.

## PRAYER

WHEREFORE, having fully answered the SAC, Dollar General respectfully prays:

1.      That Plaintiffs take nothing by way of their Second Amended Complaint;

2.      That judgment be entered in favor of Dollar General and against Plaintiffs on the Second Amended Complaint as a whole;

3.      That this Court finds that this suit cannot be maintained as a class action;

4.      That Dollar General be awarded costs of suit, including attorneys' fees and expert fees, as may be proper under applicable statutes;

5.      That the Court award such other relief as the Court may deem appropriate.

Dated: June 2, 2023
     New York, New York

Respectfully Submitted,

**MᴄGᴜɪʀᴇWᴏᴏᴅꜱ LLP**

*/s/ Philip A. Goldstein*
Philip A. Goldstein
1251 Avenue of the Americas, 20th Floor
New York, NY 10020-1104
Phone:  (212) 548-2100
Fax:      (212) 548-2150
Email: pagoldstein@mcguirewoods.com

*/s/ R. Trent Taylor*
R. Trent Taylor (*Pro hac vice*)
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Phone: (804) 775-1182
Fax: (804) 225-5409
Email: rtaylor@mcguirewoods.com

*Counsel for Dolgen New York, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was filed electronically this 2nd day of June, 2023.  Notice of this filing can be accessed by parties by operation of the Court's electronic filing system.  Notice of this filing was sent to counsel via email.

*/s/ Philip A. Goldstein*