# EXHIBIT 10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ X
JOSEPH WOLF, CARMEN WOLF,                              :        Case No. 7:23-cv-00558 (PMH)
ON BEHALF OF THEMSELVES AND THOSE            :
SIMILARLY SITUATED,                                            :
                                                                            :
              Plaintiffs,                                     :
                                                                            :
        v.                                                    :
                                                                            :
DOLGEN NEW YORK, LLC D/B/A DOLGEN,              :
                                                                            :
            Defendant.                                   :
------------------------------------------------------------------ X

## PLAINTIFFS' COMBINED SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS

For their combined responses to the First Set of Requests for Production of Documents ("Request" or "Requests") propounded by Defendant, Dolgen New York, LLC, Plaintiffs Joseph and Carmen Wolf (hereinafter "Plaintiff" or "Wolf" hereby respond as follow, subject to the General Objections below:

## GENERAL OBJECTIONS

Plaintiffs make the following general objections pertaining to each Request posed by Defendant. For the sake of convenience and brevity, each objection may not be repeated in responses to individual Requests but, rather, are set forth immediately below and are hereby incorporated into each answer. The assertion of the same, similar or additional objections or the provisions of partial answers to the Requests below waives none of Plaintiffs' objections.

1.      Plaintiffs object to each Request, Instruction and/or Definition to the extent it seeks information which is neither relevant to the subject matter of this action nor proportional to the needs of the case.

2.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that it purports to impose any burden or obligation greater than the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. Plaintiffs will answer only according to the obligations imposed under the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

3.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that it is unduly burdensome, annoying, harassing, oppressive, overly broad, susceptible to more than one reasonable interpretation, or seeks information or documents that are irrelevant, immaterial, or disproportionate or unreasonable given the claims, subject matter, and amount in controversy in this case.

4.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that any of the foregoing seeks information protected by any applicable privilege including, without limitation, the attorney-client privilege or the work product doctrine. Plaintiffs reserve the right to object at any time before, or at, trial to the introduction into evidence or the use of any privileged information that has been revealed or produced inadvertently.

5.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that it seeks information not in the possession, custody or control of Plaintiffs.

6.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that such Request lacks foundation, assumes facts that do not exist, is incorrect, or relates to the construction/interpretation of applicable law. Any statement herein does not indicate and should

not be construed as an agreement by Plaintiffs as to the truth or accuracy of any of Defendant's characterizations of fact or law, the factual expressions or assumptions contained in any Request, the propriety of the Request, or the relevance or admissibility of a Request.

7.      By responding to these Requests, Plaintiffs do not concede that any information provided is properly discoverable or admissible.

8.      Plaintiffs expressly reserve the right to object to further discovery into the subject matter encompassed by these Requests and to object to the introduction into evidence of and of Plaintiffs' responses to the Requests.

9.       Plaintiffs further expressly reserve the right to rely on any further, additional, or different facts, documents or other information that may develop or come to their attention.

10.     Plaintiffs' answers as set forth herein are made without prejudice to Plaintiffs' right to provide additional responses or assert additional grounds for objections to the Requests.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NUMBER 1:**

Documents sufficient to identify every purchase by you or anyone in your household of any product from a Dollar General store from January 23, 2020, to present.

**Answer:** Objection.  This Request is overly broad and unduly burdensome in that it seeks documents related to purchases that are not the subject of this litigation and *household* members

who are not parties to this action.  Subject to and without, in any way, waiving the foregoing objection, Plaintiffs hereby respond as follows:

Plaintiffs do not recall each and every Dollar General purchase from January 23, 2020 to present. Plaintiffs do recall 4 purchases which are referenced in WOLF_000001-000012.

**Supplemental Answer:** Plaintiffs also conducted an online search with their credit and/or debit card(s) used at Dollar General stores and enclose herein the results of the search, at WOLF_00076-91.

## REQUEST FOR PRODUCTION NUMBER 2:

The Products that remain in your possession, custody, or control.  Dollar General is willing to meet and confer on an appropriate inspection date pursuant to this request.

**Answer:**

Objection.  This Request is overly broad, unduly burdensome and not reasonably limited in scope, including as to time.  Subject to and without, in any way, waiving the foregoing objection, Plaintiffs hereby respond as follows:

Plaintiffs purchase items at Dollar General for personal or household use.  They are intended to be consumed and, therefore, they are not available for inspection.

**Supplemental Answer:** Plaintiffs will be visiting their second home (from which they shop at Dollar General) the weekend of January 6, 2024 and can confirm what Products, if any, remain in their possession, custody or control as of this date.

## REQUEST FOR PRODUCTION NUMBER 3:

All receipts for the Products.

**Answer:**

The Receipts are at WOLF_000001-2, 000006, and 000009.

**Supplemental Answer:** See Plaintiffs' response to RFP No. 1.


**REQUEST FOR PRODUCTION NUMBER 4:**

All documents, tangible things, and electronically stored information constituting, referring to, or relating to any communications between you and other representative, member, or potential member of the class proposed in your Complaint which relate to or refer to any claim or allegation made in or giving rise to your Complaint or your potential participation in this action.

**Answer:**

Objection. This Request is overly broad, unduly burdensome and not reasonably limited in scope, including as to time. This Request is further objectionable to the extent that it seeks to violate the work-product doctrine. Subject to and without, in any way, waiving the foregoing objection, Plaintiffs hereby respond as follows:

Plaintiffs do not possess information responsive to this Request.


**REQUEST FOR PRODUCTION NUMBER 5:**

Copies of all social media postings or other electronic communications related to any claim or allegation made in or giving rise to your Complaint.

**Answer:**

Objection. This Request is unduly burdensome, overly broad and not reasonably limited in scope, including as to time. This Request also seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs do not have any information responsive to this Request.

**Supplemental Answer:** In Plaintiffs' supplemented response to Interrogatory No. 9, Plaintiffs stated they do not have any social media accounts in which they have used to used to communicate or make posts related to the Complaint or consumer reports or complaints. Hence, Plaintiffs have no documents that are responsive to this request.

## REQUEST FOR PRODUCTION NUMBER 6:

Copies of all social media postings or other electronic communications related to any claim or allegation about Price Discrepancies at any merchant (including any Dollar General store) that are not made in or that do not give rise to your Complaint.

**Answer:**

Objection. This Request is unduly burdensome, overly broad and not reasonably limited in scope, including as to time. This Request also seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. This Request also seeks information protected by the attorney-client privilege. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs do not have any information responsive to this Request.

## REQUEST FOR PRODUCTION NUMBER 7:

All documents, tangible things, and electronically stored information which you intend to introduce as evidence or exhibits (including, but not limited to, for demonstrative purposes) in support of your motion for class certification, motion for summary judgment, or at any hearing or trial of this matter.

**Answer:**

Objection. This Request seeks information protected by the attorney client privilege and/or the work product doctrine. Furthermore, Plaintiffs have not yet selected which evidence and/or

exhibits will be used in support of its Motion for Class Certification, Motion for Summary Judgment, or at any hearing or trial of this matter. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs attach hereto their document production batestamped WOLF_000001-000065 and reserve the right to rely upon any or all of these documents in any motion, hearing, or trial of this matter.

## REQUEST FOR PRODUCTION NUMBER 8:

All documents, tangible things, and electronically stored information provided to, reviewed by, or relied upon, by any person who may be called to present expert testimony at any hearing on a motion for class certification or at trial or who will submit as an expert, an affidavit, declaration, or expert report/disclosure in connection with any motion for class certification or at trial.

### Answer:

Objection. This Request seeks information protected by the attorney client privilege and/or the work product doctrine. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs have not yet retained any experts in this matter. If and when experts are retained, Plaintiffs reserve the right to amend and supplement this response to identify the documents, if any, required to be supplied in accordance with FRCP 26(a)(2)(B).

## REQUEST FOR PRODUCTION NUMBER 9:

The named Plaintiffs' current resumes, biographies, and CVs.

**Answer:**

Plaintiffs object to this Request as it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objections, Plaintiffs enclose herein their resumes at WOLF_000013-14.

**REQUEST FOR PRODUCTION NUMBER 10:**

All documents, tangible things, and electronically stored information constituting, relating to, or referring to any communications between you and Dollar General.

**Answer:**

Plaintiffs do not possess responsive information.

**REQUEST FOR PRODUCTION NUMBER 11:**

All documents, tangible things, and electronically stored information constituting, relating to, or referring to any communications between you and any government agency, commission, or regulatory authority about the claims or allegations made in or giving rise to your Complaint.

**Answer:**

Objection. This Request is unduly burdensome, overly broad and not reasonably limited in scope, including as to time. Moreover, this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs enclose herein documents received from various Departments of Weights and Measures located at WOLF_000015-65

_____**Supplemental Answer:** Plaintiffs have not had any communications with any government agency, commission, or regulatory authority about the claims or allegations made in or giving rise to their Complaint.

## REQUEST FOR PRODUCTION NUMBER 12:

All communications and records of communications of any kind related to the Products.

**Answer:**

Objection.  This Request is unduly burdensome, overly broad and not reasonably limited in scope, including as to time.  Moreover, this Request seeks information protected by the attorney-client privilege and/or work product doctrine and seeks information that is not reasonably calculated to lead to the discovery of relevant information.

**Supplemental Answer:** Plaintiffs do not have any non-privileged documents within their custody or control that are responsive to this request.

## REQUEST FOR PRODUCTION NUMBER 13:

All communications and records of communications related to Dollar General including without limitation documents related to requests made under the Freedom of Information Act ("FOIA") or other public access laws and documents received pursuant to any type of request (other than a request to Dollar General).

**Answer:**

Objection.  This Request seeks information that is as equally accessible to Defendant as it is to Plaintiffs and therefore this Request is unduly burdensome.  The Request is also overly broad

and not reasonably limited in scope, including as to time. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

See Response to Request No. 11.

**REQUEST FOR PRODUCTION NUMBER 14:**

All documents, tangible things, and electronically stored information identified, mentioned, or referenced in your answers to Dollar General's First Set of Interrogatories to Plaintiffs.

**Answer:**

Objection. This Request is unduly burdensome, overly broad and not reasonably limited in scope, including as to time. Moreover, this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

See WOLF_00001-14.

**REQUEST FOR PRODUCTION NUMBER 15:**

All documents, tangible things, and electronically stored information which you relied upon in preparing your answers to Dollar General's First Set of Requests for Production to Plaintiffs.

**Answer:**

Objection. This Request is unduly burdensome, overly broad and not reasonably limited in scope, including as to time. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

See WOLF_000001-65    .

**REQUEST FOR PRODUCTION NUMBER 16:**

All documents, tangible things, and electronically stored information relating to any claims or allegations made by you against any other person, entity, or association that relate to Price Discrepancies.

**Answer:**

Objection.  This Request is unduly burdensome, overly broad and not reasonably limited in scope, including as to time.  Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

See WOLF_000001-65    .

**REQUEST FOR PRODUCTION NUMBER 17:**

All documents, tangible things, and electronically stored information relating to any representations, promises, agreements, or warranties upon which you base your claims or allegations in the Complaint.

**Answer:**

Plaintiffs object to this request as it calls for a legal conclusion as to "representations, promises, agreements, or warranties" upon which Plaintiffs base their claim. Without waiving such objection, Plaintiffs refer to the price shelf labels they encountered at WOLF_000003-5, 7-8, and 10-12. Plaintiffs also rely upon the audits produced by the various Weights and Measures departments at WOLF_000015-65.

**REQUEST FOR PRODUCTION NUMBER 18:**

11

All documents, tangible things, and electronically stored information not provided in response to any other Request upon which you intend to rely on to show or prove your claims or allegations in the Complaint.

**Answer:**

Objection. This Request is unduly burdensome, overly broad and not reasonably limited in scope, including as to time. Moreover, this Request seeks information protected by the attorney-client privilege and/or the work product doctrine. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs have enclosed herein responsive documents at WOLF_000001-65 and reserve the right to rely upon any or all of these documents to prove their claims or allegations.

**REQUEST FOR PRODUCTION NUMBER 19:**

All documents, tangible things, and electronically stored information received by any Plaintiff or Plaintiff's counsel in response to any subpoena issued in this case.

**Answer:**

Plaintiffs do not possess any responsive information. Any pertinent information required to be provided by the Federal Rules of Civil Procedure, the Court's local rules and/or the Court's orders in this case will be provided by Plaintiffs' counsel in accordance with the timeframes set forth therein.

**REQUEST FOR PRODUCTION NUMBER 20:**

Copies (including metadata) of text messages, emails, or other electronic form of messaging (including private messages or direct messages on any website or application) sent or

received by Plaintiffs relating in any way to any Product, the claims and allegations made in or giving rise to your Complaint, or this lawsuit.

**Answer:**

Objection. This Request is unduly burdensome, overly broad and not reasonably limited in scope, including as to time. Moreover, this Request seeks information protected by the attorney-client privilege and/or the work product doctrine. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs    have agreed to allow an inspection of Plaintiffs' respective personal cell phones to search for responsive information. Plaintiffs will produce responsive information upon completion of the inspection.

**Supplemental Answer:** Plaintiffs separately produced a forensic audit report of the Plaintiffs' phones pursuant to the agreement between the parties.


**REQUEST FOR PRODUCTION NUMBER 21:**

Copies of all documents, tangible things, and electronically stored information that Plaintiffs have accessed or printed from the internet regarding any product claims associated with any Product.

**Answer:**

Objection. This Request seeks information that is as equally accessible to Defendant as it is to Plaintiffs and therefore this Request is unduly burdensome. The Request is also overly broad and not reasonably limited in scope, including as to time. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs do not possess responsive information.

13

**REQUEST FOR PRODUCTION NUMBER 22:**

All newspaper articles, photos, and videotapes of news broadcasts relating to any Product, the claims and allegations made in or giving rise to your Complaint, or this lawsuit.

**Answer:**

Objection.  This Request seeks information that is as equally accessible to Defendant as it is to Plaintiffs and therefore this Request is unduly burdensome.  The Request is also overly broad and not reasonably limited in scope, including as to time.  Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs do not possess responsive information.

**REQUEST FOR PRODUCTION NUMBER 23:**

Transcripts of all depositions of any person who may be called to offer expert testimony at any hearing on a motion for class certification or at trial, or who will submit as an expert an affidavit, declaration, expert report, or expert disclosure in connection with any motion for class certification or at trial.

**Answer:**

Objection.  This Request is overly broad, unduly burdensome and not reasonably limited in scope, including as to time.  Moreover, this Request seeks information protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs do not possess any responsive information.  Any pertinent information required to be provided by the Federal Rules of Civil Procedure, the Court's local rules and/or the Court's orders in this case will be provided by Plaintiffs' counsel in accordance with the timeframes set forth therein.

**REQUEST FOR PRODUCTION NUMBER 24:**

All documents, tangible things, and electronically stored information relating to any compensation or remuneration, if any, received by Plaintiffs relating to any claims or allegations made in or giving rise to the Complaint.

**Answer:**

Plaintiffs do not have responsive information.


**REQUEST FOR PRODUCTION NUMBER 25:**

All documents, tangible things, and electronically stored information constituting, relating to, or referring to any communications between you and any person who was, or who was acting as a representative of, agent for, or otherwise related to, a media outlet, agency, corporation, entity, or service, where such communication relates to any of Product, any type of customer complaints, or any type of lawsuit.

**Answer:**

Objection.  This Request seeks information which is equally accessible to Defendant as it is to Plaintiffs and therefore this Request is overly broad and unduly burdensome.  Without, in any way, waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs do not have any information responsive to this Request.

**REQUEST FOR PRODUCTION NUMBER 26:**

All documents, tangible things, and electronically stored information that discuss, relate to, or involve any governmental and/or industry codes, standards, regulations, or advisories that you contend govern or that relates to the sale of products at Dollar General, including without limitation the shelf labeling or pricing of products sold at Dollar General, and Dollar General's compliance or non-compliance with the same.

**Answer:**

Objection. This Request is overly broad, unduly burdensome, and not reasonably limited in scope, including as to time. Furthermore, this request calls for a legal conclusion as to documents which "govern" the sale of products at Dollar General.

**Supplemental Answer:** Plaintiffs do not have any documents within their custody or control that are responsive to this request.

**REQUEST FOR PRODUCTION NUMBER 27:**

All documents, tangible things, and electronically stored information that describe, discuss, relate to, or involve any communications between or among you and any regulatory or industry agency or association, including, but not limited to, any state or federal government regulator, executive agency, or personnel, and the Federal Trade Commission, that relates to the sale of products at Dollar General, including without limitation the shelf labeling or pricing of products sold at Dollar General.

**Answer:**

16

Objection. This Request is overly broad, unduly burdensome, and not reasonably limited in scope, including as to time. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs have no responsive documents.


**REQUEST FOR PRODUCTION NUMBER 28:**

If you contend that you have suffered damages as a result of any action of Dollar General, produce documents, tangible things, and electronically stored information supporting that contention.

**Answer:**

Objection. This Request is overly broad, unduly burdensome, and not reasonably limited in scope, including as to time. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs refer to the documents supporting Dollar General's overcharges for their purchases at WOLF_000001-12.


**REQUEST FOR PRODUCTION NUMBER 29:**

All documents, tangible things, and electronically stored information that support or relate to any of the allegations in your Complaint.

**Answer:**

Objection. This Request is overly broad, unduly burdensome, and not reasonably limited in scope, including as to time. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs' entire document production at WOLF_000001-65.

**REQUEST FOR PRODUCTION NUMBER 30:**

All photographs, diagrams, drawings, slides, videotapes, audiotapes, motion pictures, or other similar materials related to any Product, the claims and allegations made in or giving rise to your Complaint, or this lawsuit.

**Answer:**

Objection. This Request is overly broad, unduly burdensome, and not reasonably limited in scope, including as to time. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs produce responsive documents at WOLF_000001-12 consisting of pictures of products and shelf labels in addition to the relevant receipts.

**REQUEST FOR PRODUCTION NUMBER 31:**

All statements of witnesses or persons who may have knowledge, whether written, oral, summarized or otherwise reproduced in any manner, related to any Product, the claims and allegations made in or giving rise to your Complaint, or this lawsuit.

**Answer:**

Objection.  This Request seeks information protected by the work-product doctrine. Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs do not possess any responsive information.

**REQUEST FOR PRODUCTION NUMBER 32:**

All documents, tangible things, and electronically stored information related to any Dollar General product, including, but not limited to, packaging, shelf labeling, marketing, advertising materials, and coupons.

**Answer:**

Objection.  This Request is overly broad, unduly burdensome, and not reasonably limited in scope, including as to time.  Subject to and without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

See Response to Request No. 30.

**REQUEST FOR PRODUCTION NUMBER 33:**

All documents, tangible things, and electronically stored information related to the funding of this litigation.

**Answer:**

Objection.  This Request seeks information protected by the attorney-client privilege. Without waiving this objection, Plaintiffs state as follows: they have no documents responsive to this request as the litigation is self-funded.

## REQUEST FOR PRODUCTION NUMBER 34:

Your engagement or retainer letter with your attorneys for this litigation.

**Answer:**

Objection.  This Request seeks information protected by the attorney-client privilege.

**Supplemental Answer:**    Plaintiffs enclose herein their retainer and rights and responsibilities letters executed with their attorneys as WOLF_000056-74.

## REQUEST FOR PRODUCTION NUMBER 35:

All documents, tangible things, and electronically stored information including without limitation financial statements, including bank statements, credit card statements, debit card statements, or other statements, during the class period until institution of your lawsuit evidencing any purchase at any Dollar General store.  This request includes without limitation credit card or debit card statements reflecting the purchases specifically mentioned as being accomplished through the use of a credit card or debit card in the operative complaint.

**Answer:**

Objection.  This Request is overly broad and unduly burdensome to the extent it seeks to discovery information that is not relevant to the dispute regarding overcharging by Dollar General. Without, in any way, waiving the foregoing objection, Plaintiffs further respond as follows:

20

Plaintiffs will produce responsive information subject to the parties' confidentiality order and non-responsive information shall be redacted (e.g. information not pertaining to Dollar General purchases).

**Supplemental Answer:** Plaintiffs conducted an online search with their credit and/or debit card(s) used at Dollar General stores and enclose herein the results of the search, at WOLF_00076-91.

## REQUEST FOR PRODUCTION NUMBER 36:

All documents, tangible things, and electronically stored information constituting, referring to, or otherwise related to your communication with any media relevant to or about the claims or allegations made in or giving rise to your Complaint.

## Answer:

Objection. This Request seeks information which is equally accessible to Defendant as it is to Plaintiffs and therefore this Request is overly broad and unduly burdensome. Furthermore, this Request also seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**Supplemental Answer:** Plaintiffs do not have any documents that are responsive to this request in their custody or control.

## REQUEST FOR PRODUCTION NUMBER 37:

All documents, tangible things, and electronically stored information constituting, relating to, or referring to any communications between you and any product producer, manufacturer, or retailer, who is not Dollar General, relating to Price Discrepancies.

## Answer:

Objection.  This Request seeks information which is protected by the work-product doctrine or is attorney-client privilege.  Without, in any way, waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs do not have any information responsive to this Request.

**REQUEST FOR PRODUCTION NUMBER 38:**

All documents, tangible things, and electronically stored information constituting, relating to, or referring to any communications between you and Norman Husar.

**Answer:**

Objection.  This Request seeks information which is protected by the work-product doctrine or is attorney-client privilege.  Without, in any way, waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs do not have any information responsive to this Request.

**REQUEST FOR PRODUCTION NUMBER 39:**

All documents, tangible things, and electronically stored information constituting, relating to, or referring to any communications between you and Ryan Button.

**Answer:**

Plaintiffs do not have any information responsive to this Request.

**REQUEST FOR PRODUCTION NUMBER 40:**

Copies (including metadata) of any photograph on any device, including without limitation all cameras, phones, tablets, or computers, of (1) any Dollar General store (or any part thereof) in New York, (2) any product that was offered for sale at a Dollar General store in New York, or (3) any product that was bought from a Dollar General store in New York.

**Answer:**

Objection.  This Request is overly broad, unduly burdensome and not reasonably limited in scope, including as to time.  Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:

Plaintiffs enclose herein various photographs of receipts and shelf labels at WOLF_000001-12. Plaintiffs and Defendant have agreed to allow a forensic search of Plaintiffs' phone to be conducted to obtain metadata related to Dollar General-related photos. Upon completion of the inspection, Plaintiffs will amend this response and supplement it with metadata.


**Supplemental Answer:** Plaintiffs have produced WOLF_000001-12. Plaintiffs separately produced a forensic audit report of the Plaintiffs' phones pursuant to the agreement between the parties.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 4th day of January, 2024, a true and correct copy of the foregoing Plaintiffs' Supplemental Responses to Dolgen New York, LLC's First Set of Requests for Production To Plaintiffs was served by electronic mail upon the following:


Philip A. Goldstein
1251 Avenue of the Americas, 20th Floor
New York, NY 10020-1104
Email: pagoldstein@mcguirewoods.com

R. Trent Taylor
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Email: rtaylor@mcguirewoods.com



_/s/ Javier Merino_____