# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ X
JOSEPH WOLF, CARMEN WOLF,        :    Case No. 7:23-cv-00558 (PMH)
ON BEHALF OF THEMSELVES AND THOSE   :
SIMILARLY SITUATED,                         :
                                 :
            Plaintiffs,            :
                                 :
         v.                       :
                                 :
DOLGEN NEW YORK, LLC D/B/A DOLGEN,   :
                                 :
            Defendant.          :
------------------------------------------------------------------ X

**PLAINTIFFS' SUPPLEMENTAL COMBINED RESPONSES TO**
**DEFENDANT DOLGEN NEW YORK, LLC'S**
**<u>FIRST SET OF INTERROGATORIES</u>**

For their supplemented responses to the First Set of Interrogatories ("Request" or "Requests") propounded by Defendant, Dolgen New York, LLC, Plaintiffs Joseph and Carmen Wolf (hereinafter "Plaintiff" or "Wolf" hereby respond as follow, subject to the General Objections below:

**<u>OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS</u>**

Plaintiffs make the following general objections pertaining to each Request posed by Defendant. For the sake of convenience and brevity, each objection may not be repeated in responses to individual Requests but, rather, are set forth immediately below and are hereby incorporated into each answer. The assertion of the same, similar or additional objections or the provisions of partial answers to the interrogatories below waives none of Plaintiffs' objections.

1.     Plaintiffs object to each Request, Instruction and/or Definition to the extent it seeks information which is neither relevant to the subject matter of this action nor proportional to the needs of the case.

2.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that it purports to impose any burden or obligation greater than the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. Plaintiffs will answer only according to the obligations imposed under the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

3.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that it is unduly burdensome, annoying, harassing, oppressive, overly broad, susceptible to more than one reasonable interpretation, or seeks information or documents that are irrelevant, immaterial, disproportionate or unreasonable given the claims, subject matter, and amount in controversy in this case.

4.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that any of the foregoing seeks information protected by any applicable privilege including, without limitation, the attorney-client privilege or the work product doctrine. Plaintiffs reserve the right to object at any time before, or at, trial to the introduction into evidence or the use of any privileged information that has been revealed or produced inadvertently.

5.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that it seeks information not in the possession, custody or control of Plaintiffs.

6.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that such Request lacks foundation, assumes facts that do not exist, is incorrect, or relates to the construction/interpretation of applicable law. Any statement herein does not indicate and should not be construed as an agreement by Plaintiffs as to the truth or accuracy of any of Defendant's characterizations of fact or law, the factual expressions or assumptions contained in any Request, the propriety of the Request, or the relevance or admissibility of a Request.

7.     By responding to these Interrogatories, Plaintiffs do not concede that any information provided is properly discoverable or admissible.

8.     Plaintiffs expressly reserve the right to object to further discovery into the subject matter encompassed by these Interrogatories and to object to the introduction into evidence of and of Plaintiffs' responses to the Requests.

9.      Plaintiffs further expressly reserve the right to rely on any further, additional, or different facts, documents or other information that may develop or come to their attention.

10.     Plaintiffs' answers as set forth herein are made without prejudice to Plaintiffs' right to provide additional responses or assert additional grounds for objections to the Requests.

## INTERROGATORIES

## INTERROGATORY NUMBER 1:

Identify the circumstances of each product that you or anyone in your household purchased at a Dollar General store from January 23, 2020, to present.  For purposes of this interrogatory, "identify" means to state, without limitation: (1) the identity of the product; (2) the date of purchase; (3) the location (address, city, state) of the Dollar General store from which you purchased the product; (4) the shelf-price; (5) the price you paid for the product; (6) the method of payment; (7) whether you received and still possess the receipt for that purchase; and (8) the quantity of each item type purchased.  If you are unable to specify the day of purchase, please so indicate and specify the month and year of the purchase.  If the month is also unknown, please so indicate and specify the time of year and the year of purchase.  If the time of year is also unknown, please at least specify the year of purchase.

**Answer:**

Objection.  This Request is unduly burdensome in that it requires Plaintiffs to recall every item purchased at Defendant's stores over a three-year period.  Therefore, this Request is not reasonably limited in scope, especially as to time.  Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:

Plaintiffs do not specifically recall "each product" purchased over this period but there were several, as items Plaintiffs purchased were primarily for household use/consumption. Plaintiffs produce documentation demonstrating purchases made at Dollar General stores, including the purchases made where Dollar General overcharged Plaintiffs above the advertised prices, attached hereto as WOLF_00001-000012. Plaintiffs are searching to determine whether they still have originals of the receipts.

**Supplemental Answer:** On September 4, 2022, Plaintiff purchased a 2% Lactose Free Clover Valley Milk for $4.25 plus applicable sales tax. On September 18, 2022, Plaintiff purchased a 2% Lactose Free Clover Valley Milk for $4.25 plus applicable sales tax. On December 11, 2022, Plaintiff purchased Low Fat Vanilla Yogurt for $2.25 plus applicable sales tax. On April 11, 2023, Plaintiffs purchased Waffles, Chicken, taco ingredients, hot dogs, dog food, among other items. Plaintiffs paid $37.90 for the transactions. Plaintiffs have receipts for all of these purchases and all of them have been produced to Defendant. In addition, on occasion, Plaintiffs have bought milk, pancake mix, eggs, and potentially other items (e.g. batteries) from Dollar General Store #14321. Plaintiffs cannot recall the exact details of those purchases in terms of prices. Plaintiffs do not have any additional receipts outside of the receipts they have produced.

**INTERROGATORY NUMBER 2:**

4

Describe how you first became aware of potential Price Discrepancies at Dollar General stores. For purposes of this interrogatory, "describe" means to state, without limitation, identifying the date when you first became aware of potential Price Discrepancies at Dollar General stores.

**Answer:**

Objection. This Interrogatory is vague and ambiguous as to the meaning of the phrases "became aware" and "potential Price Discrepancies." Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:

Plaintiffs do not recall any specific date regarding "awareness" of "potential" discrepancies between what Defendant Dollar General advertised and how it overcharged its customers. Plaintiffs recall being overcharged multiple times at a Dollar General store and, since then, Plaintiffs generally recall hearing news stories about the widespread problem of deceptive pricing at Dollar General stores around the country.

**INTERROGATORY NUMBER 3:**

Identify the date you first became aware of any alleged Price Discrepancy for any product identified in response to Interrogatory Number 1. If there was no Price Discrepancy for the product, please so state.

**Answer:**

Objection. This Interrogatory is vague and ambiguous as to the meaning of the phrases "became aware" and "Price Discrepancy." Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:

As noted in Response to Interrogatory No. 1, Plaintiffs do not recall each product purchased at Dollar General since January 23, 2020 outside of the purchases noted on WOLF_000001-

5

000012. With respect to the purchases identified in WOLF_000001-000012, the Plaintiffs became aware of the Price Discrepancy on or about the date of each respective purchase.

See documents produced in response to Defendant's Requests for Production of Documents which identify the dates Plaintiffs were overcharged by Dollar General in the receipts provided.

**INTERROGATORY NUMBER 4:**

Describe all instances when you experienced, observed, or were otherwise aware of a Price Discrepancy other than at a Dollar General store.  For purposes of this interrogatory, "describe" means to state, without limitation, the date of such experience, observation, or awareness; the item subject to the Price Discrepancy; the name of the establishment where the Price Discrepancy occurred; the name, brand, and type of product subject to the Price Discrepancy; what occurred in response to the discovery of the Price Discrepancy.

**Answer:**

Objection. This Request is irrelevant to the subject matter of this dispute which relates to Dollar General's practice of charging customers more than its advertised prices rather than the pattern or practice of other retailers. Therefore, this Request is not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, this Request is unduly burdensome in that it requires Plaintiffs to recall "every instance" of an experience, "every instance" of an observation or "every instance" of other vaguely described circumstances regarding overcharging by retailers not involving Defendant Dollar General and is not reasonably limited in scope, including as to time.  Moreover, this Request is vague and ambiguous regarding the use of the phrase "otherwise aware" relating to retailers overcharging customers above the advertised prices as Dollar General has done.

**Supplemental Answer:** Plaintiffs have no specific recollection of ever experiencing, observing or being otherwise aware of any instance of a Price Discrepancy in any other retail location other than a Dollar General during the instances described herein.

**INTERROGATORY NUMBER 5:**

Describe what, if anything, you said to Dollar General (inclusive of its employees or representatives) in relation to any alleged Price Discrepancy at a Dollar General store, or that Dollar General (inclusive of its employees or representatives) said to you in relation to any alleged Price Discrepancy at a Dollar General store. For purposes of this interrogatory, "describe" means to state without limitation the identity of the individual to whom you spoke, the date of the communication, the substance of the communication, and the substance of any response.

**Answer:**

Objection. This Request is unduly burdensome and overly broad in that it seeks to require Plaintiffs to recall "anything" and, presumably, "everything," said in a discussion between Plaintiffs and Dollar General store employees where Dollar General attempted to overcharge customers for products offered for sale. Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:

Plaintiffs recall at least one occasion where Dollar General attempted to overcharge Plaintiffs and Plaintiff (Mr. Wolf) objected. The Dollar General employee (name unknown) removed Mr. Wolf from the checkout line, sent him to a separate area where the price could be investigated. Plaintiffs do not recall any additional pertinent information other than the significant delay imposed on him as a result of Dollar General's failure to charge the correct amount at checkout.

**Supplemental Answer:** Sometime after September of 2022 within 2022, Plaintiffs recall

at least one occasion where Dollar General attempted to overcharge Plaintiffs and Plaintiff (Mr. Wolf) objected. The Dollar General employee (name unknown) removed Mr. Wolf from the checkout line, sent him to a separate area where the price could be investigated. Dollar General did correct the overcharged price at the register. Plaintiffs do not recall any additional pertinent information other than the significant delay imposed on him as a result of Dollar General's failure to charge the correct amount at checkout. Plaintiffs have spoken to no one else about the substance of this lawsuit.

**INTERROGATORY NUMBER 6:**

Identify all communications that you have had with any person, entity, or association regarding the claims or allegations made in or giving rise to the Complaint.  For purposes of this interrogatory, "identify" means to state, for each communication, the name, entity, address, email address, and telephone number of the person you communicated with, the date of the communication, the mode of communication, and the substance of the communication.

**Answer:** Objection.  This interrogatory seeks information subject to the attorney-client privilege and/or the work product doctrine.  Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:

Other than conversations with legal counsel, Plaintiffs have only spoken with each other regarding Dollar General's practice of overcharging customers more than advertised prices.

**Supplemental Answer:** Please see Plaintiffs' response to Interrogatory Number 5 and 7.

**INTERROGATORY NUMBER 7:**

Identify all communications that you have had with any person, entity, or association regarding the claims or allegations of Price Discrepancies at any store (including without limitation Dollar General stores) not encompassed by your Complaint.  For purposes of this interrogatory,

"identify" means to state, for each communication, the name, entity, address, email address, and telephone number of the person you communicated with, the date of the communication, the mode of communication, and the substance of the communication.

**Answer:**  Objection.  This interrogatory seeks information subject to the attorney-client privilege and/or the work product doctrine.  Moreover, this interrogatory is overly burdensome in that it asks Plaintiffs to recall "all communications" with "any person" regarding Dollar General's practice of charging customers more than the advertised price. Furthermore, as noted in Response to Interrogatory No. 4, to the extent this Request seeks information related to non-Dollar General stores, this Request is irrelevant to the subject matter of this dispute which relates to Dollar General's practice of charging customers more than its advertised prices rather than the pattern or practice of other retailers. Therefore, this Request is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows with respect to Dollar General's Price Discrepancies:

Other than conversations with legal counsel, Plaintiffs have only spoken with each other regarding Dollar General's practice of charging customers more than the advertised prices.

**Supplemental Answer:** On or before September 4, 2022, attorney Andrew R. Wolf of The Dann Law Firm contacted Joseph Wolf for the purpose of providing legal advice. On or after September 4, 2022, after being overcharged, and again on or after September 18, 2022, after being overcharged, Plaintiffs contacted attorney Wolf for the purpose of obtaining legal advice pertaining to this matter. Plaintiffs formally executed a retainer agreement with counsel on or about September 21, 2022. After September 21, 2022, Plaintiffs have had various communications with current counsel for the purpose of obtaining legal advice.

**INTERROGATORY NUMBER 8:**

Describe whether, before you made each purchase identified in response to Interrogatory Number 1, you had the ability to read the shelf price label and the Cash Register Display and, if not, explain why not.

**Answer:**

Objection. This Request is improperly compound. Moreover, this Request is ambiguous and vague in meaning with respect to "ability to read" a shelf label or a display at the register. Subject to and without, in any way waiving the foregoing objection, Plaintiffs respond as follows:

Plaintiffs have the ability to read; however, Plaintiffs state that they were overcharged by Dollar General on several occasions as noted in the Complaint and realized they had been overcharged by Dollar General after paying for their items. Plaintiffs did not consent, in any way, to Dollar General overcharging them for products Dollar General advertised at a lower price regardless of the existence of any display indicating a higher price than the lower advertised shelf price at checkout.

**INTERROGATORY NUMBER 9:**

Identify all social networking website, internet groups, forums, organizations, or other online entries of which you are a member, have an account or profile, or otherwise participate that you used to communicate or make posts related to the Complaint or consumer reports or complaints. This interrogatory is intended to include all accounts concerning social networking websites including without limitation Facebook, Myspace, Instagram, Twitter, Tik Tok, and LinkedIn. This interrogatory also is intended to request information regarding Plaintiffs' memberships, accounts, or profiles for any length of time, whether currently active or inactive. For purposes of this interrogatory, "identify" includes stating all names, user names, titles, aliases,

10

nicknames, handles, symbols, or other forms of identification you have used on any such social networking website.

**Answer:**  Objection. This interrogatory is irrelevant to the subject matter of this dispute and is not reasonably calculated to the discovery of admissible evidence.  Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:


Facebook:   joseph.wolf.100
Instagram:   j.wolf101
Twitter:      @JosephW70503614
Linked in:  https://www.linkedin.com/in/joseph-wolf-713ab428a?trk=contact-info`

Carmen Wolf does not have information responsive to this Request

**Supplemental Answer:** None.  Plaintiffs previously disclosed the existing of social media accounts for the sake of disclosure. Carmen Wolf does not have social media whatsoever. Joseph Wolf has social media accounts that were previously disclosed; however, none of those accounts were used "to communicate or make posts related to the Complaint or consumer reports or complaints".


**INTERROGATORY NUMBER 10:**

Identify the dates on which you (1) first communicated with counsel, and (2) retained counsel in relation to the claims or allegations made in or giving rise to the Complaint.

**Answer:**  Objection.  This interrogatory seeks information subject to the attorney-client privilege and/or the work product doctrine.  Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:

Plaintiffs engaged counsel on or about September 21, 2022.

**Supplemental Answer:** See Response to Interrogatory No. 7.

**INTERROGATORY NUMBER 11:**

Identify all civil lawsuits or legal proceedings that you have participated in or been a beneficiary to. For purposes of this interrogatory, "identify" means to state: the case name; the case number; all courts/forums before which the case was pending; all parties named in the lawsuit/legal proceeding; your role in the lawsuit/legal proceeding; all counsel who represented you; the basis for the lawsuit/legal proceeding; and the status and/or result of the lawsuit/legal proceeding.

**Answer:**

Objection. This Request is overly broad and not reasonably limited in scope, including as to time and, as a result, is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this Request is unreasonably vague and ambiguous as to the meaning of the term "legal proceedings." Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:

Plaintiffs have not been parties to any civil lawsuits.

**INTERROGATORY NUMBER 12:**

Describe whether you have visited a Dollar General website or used a Dollar General mobile application and if so, whether you have ever made a purchase via the website or mobile application or received an electronic coupon. For purposes of this interrogatory, "describe" means to state the date you accessed the website or mobile application, the reason for your access, what parts, pages, or features of the website or mobile application you accessed during each access, the device you used to access the website or mobile application, and whether you have created an account for the Dollar General website or a Dollar General mobile application.

12

**Answer:**

Plaintiffs have never been to Dollar General's website or used its mobile application.


**INTERROGATORY NUMBER 13:**

Explain if you had or have any relationship or family connection with any attorney or employee of the law firm of DannLaw, including by not limited to Andrew Wolf, prior to retaining DannLaw for this case, and if so, the nature of that relationship or family connection.

**Answer:**  This Request is irrelevant to the subject matter of this dispute and is not reasonably calculated to the discovery of admissible evidence.  Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:

Andrew Wolf is Plaintiff Joseph Wolf's father and is "of counsel" with Dann Law.


**INTERROGATORY NUMBER 14**:

Identify the date on which you retained counsel for this matter.

**Answer:**  Objection.  This Request seeks information subject to the attorney-client privilege and/or the work product doctrine.  Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:

See response to interrogatory No. 10 above.


**INTERROGATORY NUMBER 15:**

Describe whether, during your purchases described in the Complaint, you had the opportunity to view the screen at the cash register in Dollar General that displayed prices of the items scanned, and if not, explain why not.

13

**Answer:**

Objection.  This Request is ambiguous and vague with respect to the phrase "opportunity to view" and to which "screen" is referred to in this Request.  Moreover, this Request assumes facts not in evidence.  Specifically, there is no foundation establishing that any prices were in fact "displayed" to Plaintiffs prior to their purchases or prior to Dollar General overcharging Plaintiffs and others prior to their purchases.  Subject to and without, in any way, waiving the foregoing objection, Plaintiffs responds to this Request as follows:

Plaintiffs do not specifically recall the check-out layout at the time of the purchases described in the Complaint but did realize they were overcharged by Dollar General on at least some occasions after their purchase.  Plaintiffs categorically reject this Request's implied premise that they consented to Dollar General's practice of overcharging customers and/or that customers are responsible for ensuring that Dollar General accurately advertises its products or accurately charges the correct amount at checkout.  Plaintiffs contend that the responsibility of accurate pricing lies squarely with Dollar General and that Plaintiffs have been harmed by Dollar General's practice of overcharging its customers.

**INTERROGATORY NUMBER 16:**

Describe every circumstance when Dollar General's price override or price match policy or other discount or refund was applied to your purchase of products from a Dollar General store.  For purposes of this interrogatory, "describe" means to state without limitation the date of the purchase, the products that the price override or price match policy or other discount or refund was applied to, all products you purchased during that visit to Dollar General, and the reason why

the price override or price match policy or other discount or refund was applied (for example, without limitation, identifying who raised the issue of a price discrepancy and who raised the ability to apply the price match policy or other discount or refund).

**Answer:**

Objection. This Request is unduly burdensome and overly broad in that it seeks to require Plaintiffs to recall "every circumstance." Moreover, this Request is vague, ambiguous, and uncertain as to the meaning of the terms "price override" and "price match policy." Moreover, this Request is improperly compound and not reasonably limited in scope, including as to time. Subject to and without, in any way, waiving the foregoing objection, Plaintiffs respond as follows:

See response to interrogatory No. 5 above.

**Supplemental Answer**: Plaintiffs further object to the extent this request insinuates that Dollar General would honor its price override or price match policy. Without waiving this objection, Plaintiffs state as follows: as previously mentioned, there was one time where Plaintiff Joseph Wolf objected to a price discrepancy at a Dollar General Store. Plaintiff cannot recall whether it was at a self-checkout or checkout with a Dollar General employee, however, Dollar General made the price correction before Plaintiff paid for the product.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of January, 2024, a true and correct copy of the foregoing Plaintiffs' Combined Supplemented Responses to Dolgen New York, LLC's First Set of Interrogatories To Plaintiffs was served by electronic mail upon the following:

Philip A. Goldstein
1251 Avenue of the Americas, 20th Floor
New York, NY 10020-1104
Email: pagoldstein@mcguirewoods.com

R. Trent Taylor
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Email: rtaylor@mcguirewoods.com


_/s/ Javier Merino_

16