# EXHIBIT 12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------  X
JOSEPH WOLF, CARMEN WOLF,                         :   Case No. 7:23-cv-00558
ON BEHALF OF THEMSELVES AND THOSE SIMILARLY   :   (PMH)
SITUATED,                                                       :
                                                                   :
                         Plaintiffs,                        :
                                                                   :
            v.                                                   :
                                                                   :
DOLGEN NEW YORK, LLC D/B/A DOLGEN,           :
                                                                   :
                         Defendant.                       :
------------------------------------------------------------------  X

**PLAINTIFFS' FIRST AMENDED RESPONSES TO**
**DEFENDANT DOLGEN NEW YORK, LLC'S**
**FIRST SET OF REQUESTS FOR ADMISSIONS**

For their First Amended Responses to the First Set of Requests for Admissions ("Request"
or "Requests") propounded by Defendant, Dolgen New York, LLC, Plaintiffs Joseph and Carmen
Wolf (hereinafter "Plaintiffs" or "Wolfs" hereby respond as follow, subject to the General
Objections below:

**GENERAL OBJECTIONS**

Plaintiffs make the following general objections pertaining to each Request posed by
Defendant. For the sake of convenience and brevity, each objection may not be repeated in
responses to individual Requests but, rather, are set forth immediately below and are hereby
incorporated into each answer. The assertion of the same, similar or additional objections or the
provisions of partial answers to the Requests below waives none of Plaintiffs' objections.

1.        Plaintiffs object to each Request, Instruction and/or Definition to the extent it seeks
information which is neither relevant to the subject matter of this action nor proportional to the
needs of the case.

2.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that it purports to impose any burden or obligation greater than the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. Plaintiffs will answer only according to the obligations imposed under the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

3.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that it is unduly burdensome, annoying, harassing, oppressive, overly broad, susceptible to more than one reasonable interpretation, or seeks information or documents that are irrelevant, immaterial, disproportionate, or unreasonable given the claims, subject matter, and amount in controversy in this case.

4.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that any of the foregoing seeks information protected by any applicable privilege including, without limitation, the attorney-client privilege or the work product doctrine. Plaintiffs reserve the right to object at any time before, or at, trial to the introduction into evidence or the use of any privileged information that has been revealed or produced inadvertently.

5.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that it seeks information not in the possession, custody, or control of Plaintiffs.

6.      Plaintiffs object to each Request, Instruction and/or Definition to the extent that such Request lacks foundation, assumes facts that do not exist, is incorrect, or relates to the construction/interpretation of applicable law. Any statement herein does not indicate and should not be construed as an agreement by Plaintiffs as to the truth or accuracy of any of Defendant's characterizations of fact or law, the factual expressions or assumptions contained in any Request, the propriety of the Request, or the relevance or admissibility of a Request.

7.     By responding to these Requests, Plaintiffs do not concede that any information provided is properly discoverable or admissible.

8.     Plaintiffs expressly reserve the right to object to further discovery into the subject matter encompassed by these Requests and to object to the introduction into evidence of and of Plaintiffs' responses to the Requests.

9.      Plaintiffs further expressly reserve the right to rely on any further, additional, or different facts, documents or other information that may develop or come to their attention.

10.    Plaintiffs' answers as set forth herein are made without prejudice to Plaintiffs' right to provide additional responses or assert additional grounds for objections to the Requests.

**RFA No. 1**.

Admit that Joseph Wolf's individual claims against Dollar General seek to recover injuries or damages resulting from only the September 4, 2022 and September 18, 2022 purchases of 2% Lactose Free Milk, and the December 11, 2022 purchase of Low Fat Vanilla Yogurt, all from the White Lake Dollar General store, as identified at Second Amended Complaint ¶¶ 14 and 22.

**Answer:**  Objection.  This Request is vague, ambiguous and uncertain as to the meaning of the term "individual claims."  Moreover, this Request seeks a legal conclusion from Plaintiffs in that it seeks an improper admission from Plaintiffs that their claims are limited to only the specific overcharging instances described in the Second Amended Complaint, despite the fact that Plaintiffs pleaded that it "is Defendant's policy and practice to charge a higher price at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves in Defendant's New York stores" which suggests that Plaintiffs were regularly charged more than the advertised prices.  This Request is further objectionable in that it seeks to mischaracterize Plaintiffs claims in this case as being premised on only a few purchases given that

these are but a few examples of Dollar General's widespread pricing misconduct with respect to overcharging customers at checkout.  Without, in any way, waiving the foregoing objections, Plaintiffs further respond as follows:

Denied.  While Plaintiffs Second Amended Complaint identifies specific instances of Dollar General's misconduct, Plaintiffs also allege damages premised upon Dollar General's widespread practice of overcharging customers across the entire State of New York.  While specific instances of Dollar General's overcharging are referenced in the Second Amended Complaint, the Plaintiffs allege harm caused by Dollar General due to the broad scope and frequency of Dollar General's pricing misconduct.

### RFA No. 2

Admit that Carmen Wolf's individual claims against Dollar General seek to recover injuries or damages resulting from only the September 4, 2022, and September 18, 2022, purchases of 2% Lactose Free Milk, and the December 11, 2022, purchase of Low Fat Vanilla Yogurt, all from the White Lake Dollar General store, as identified at Second Amended Complaint ¶¶ 14 and 22.

**Answer:**  Objection.  This Request is vague, ambiguous and uncertain as to the meaning of the term "individual claims."  Moreover, this Request seeks a legal conclusion from Plaintiffs in that it seeks an improper admission from Plaintiffs that their claims are limited to only the specific overcharging instances described in the Second Amended Complaint, despite the fact that Plaintiffs pleaded that it "is Defendant's policy and practice to charge a higher price at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves in Defendant's New York stores" which suggests that Plaintiffs were regularly charged

more than the advertised prices.  This Request is further objectionable in that it seeks to mischaracterize Plaintiffs claims in this case as being premised on only a few purchases given that these are but a few examples of Dollar General's widespread pricing misconduct with respect to overcharging customers at checkout.  Without, in any way, waiving the foregoing objections, Plaintiffs further respond as follows:

Denied.  While Plaintiffs Second Amended Complaint identifies specific instances of Dollar General's misconduct, Plaintiffs also allege damages premised upon Dollar General's widespread practice of overcharging customers across the entire State of New York.  While specific instances of Dollar General's overcharging are referenced in the Second Amended Complaint, the Plaintiffs allege harm caused by Dollar General due to the broad scope and frequency of Dollar General's pricing misconduct.

**RFA No. 3**

Admit that a Cash Register Display was present and operating during the September 4, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:**  Objection.  This Request is improperly compound.  Moreover, this Request is vague and uncertain as to the meaning of the terms "Cash Register Display" and "operating," which implies a specific meaning of the condition of the devices Dollar General utilizes to charge (and overcharge) customers at checkout.  Moreover, this Request is unduly burdensome in that it requires Plaintiffs to recall a specific detail of an instance on a given day.  Without in any way waiving the foregoing objections, Plaintiffs further respond as follows:

Plaintiffs do not specifically recall the existence or type of device used by Dollar General on that given date to process transactions nor are Plaintiffs familiar with the condition of these

devices and whether such device was operating properly on that date.  Therefore, Plaintiffs are without information sufficient to be able to admit or deny this Request.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to the Request. Without waiving such objections, Plaintiffs supplement their response to indicate that they have made a reasonable inquiry and that the information they know or can readily obtain is insufficient to enable them or admit or deny this request.

**RFA No. 4**

Admit that a Cash Register Display was present and operating during the September 18, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:**  Objection.  This Request is improperly compound.  Moreover, this Request is vague and uncertain as to the meaning of the terms "Cash Register Display" and "operating," which implies a specific meaning of the condition of the devices Dollar General utilizes to charge (and overcharge) customers at checkout.  Moreover, this Request is unduly burdensome in that it requires Plaintiffs to recall a specific detail of an instance on a given day.  Without in any way waiving the foregoing objections, Plaintiffs further respond as follows:

Plaintiffs do not specifically recall the existence or type of device used by Dollar General on that given date to process transactions nor are Plaintiffs familiar with the condition of these devices and whether such device was operating properly on that date.  Therefore, Plaintiffs are without information sufficient to be able to admit or deny this Request.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to the Request. Without waiving such objections, Plaintiffs supplement their response to indicate that they have

made a reasonable inquiry and that the information they know or can readily obtain is insufficient to enable them or admit or deny this request.

**RFA No. No. 5**

Admit that a Cash Register Display was present and operating during of the December 11, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22.

        **Answer:**   Objection.   This Request is improperly compound.   Moreover, this Request is vague and uncertain as to the meaning of the terms "Cash Register Display" and "operating," which implies a specific meaning of the condition of the devices Dollar General utilizes to charge (and overcharge) customers at checkout.   Moreover, this Request is unduly burdensome in that it requires Plaintiffs to recall a specific detail of an instance on a given day. Without in any way waiving the foregoing objections, Plaintiffs further respond as follows:

Plaintiffs do not specifically recall the existence or type of device used by Dollar General on that given date to process transactions nor are Plaintiffs familiar with the condition of these devices and whether such device was operating properly on that date.   Therefore, Plaintiffs are without information sufficient to be able to admit or deny this Request.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to the Request. Without waiving such objections, Plaintiffs supplement their response to indicate that they have made a reasonable inquiry and that the information they know or can readily obtain is insufficient to enable them or admit or deny this request.

**RFA No. 6**

Admit that Joseph Wolf received a receipt immediately after the transaction concluding the September 4, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:**  Objection.  This Request is ambiguous, vague and uncertain as to the phrase "immediately after the transaction."  Furthermore, this Request assumes facts not yet in evidence. Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs admit that Plaintiffs received a receipt for the purchases made on September 4, 2022, which is how Plaintiffs noted that Dollar General overcharged Plaintiffs during that transaction, but Plaintiffs deny any other implication of their receipt for the transaction on that date, including, but not limited to, any implication that Plaintiffs somehow "consented" to Dollar General's overcharge or that Dollar General is not responsible for its overcharge.

**RFA No. 7**

Admit that Joseph Wolf received a receipt immediately after the transaction concluding the September 18, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:**  Objection.  This Request is ambiguous, vague and uncertain as to the phrase "immediately after the transaction."  Furthermore, this Request assumes facts not yet in evidence. Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs admit that Plaintiffs received a receipt for the purchases made on September 4, 2022, which is how Plaintiffs noted that Dollar General overcharged Plaintiffs during that transaction, but Plaintiffs deny any other implication of their receipt for the transaction on that date, including, but not limited to, any implication that Plaintiffs somehow "consented" to Dollar General's overcharge or that Dollar General is not responsible for its overcharge.

8

**RFA No. 8**

Admit that Joseph Wolf received a receipt immediately after the transaction concluding the December 11, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22.

**Answer:**  Objection.  This Request is ambiguous, vague and uncertain as to the phrase "immediately after the transaction."  Furthermore, this Request assumes facts not yet in evidence. Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs admit that Plaintiffs received a receipt for the purchases made on September 4, 2022, which is how Plaintiffs noted that Dollar General overcharged Plaintiffs during that transaction, but Plaintiffs deny any other implication of their receipt for the transaction on that date, including, but not limited to, any implication that Plaintiffs somehow "consented" to Dollar General's overcharge or that Dollar General is not responsible for its overcharge.

**RFA No. 9**

Admit that Joseph Wolf had no legal obligation to pay the $4.25 owed to the creditor for the credit card used to pay for the September 4, 2022 purchase of 2% Lactose Free Milk from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:**  Objection.  This Request improperly calls for Plaintiffs, who are not lawyers, to make legal conclusions.  This Request also lacks foundation and assumes facts not yet in evidence. Furthermore, Plaintiffs object to the implication that Plaintiffs were responsible for resolving Dollar General's failures related to its widespread practice of overcharging customers by personally scrutinizing every receipt and contacting their credit card company.  Moreover, this Request further implies that Dollar General does not have any responsibility to charge the correct amount and is therefore objectionable because it assumes facts not yet in evidence.

9

**Supplemental Answer:** Plaintiffs stand by their response to this Request and the objections asserted to the Request. First, the terms and conditions of the applicable credit card account have not been established as evidence in this case and, even if they had been introduced as evidence, Plaintiffs are not obligated to provide their analytical opinion regarding the subject terms and conditions as they may have applied to Dollar General's overcharges.

**RFA No. 10**

Admit that Joseph Wolf had no legal obligation to pay the $4.25 owed to the creditor for the credit card used to pay for the September 18, 2022 purchase of 2% Lactose Free Milk from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:** Objection. This Request improperly calls for Plaintiffs, who are not lawyers, to make legal conclusions. This Request also lacks foundation and assumes facts not yet in evidence. Furthermore, Plaintiffs object to the implication that Plaintiffs were responsible for resolving Dollar General's failures related to its widespread practice of overcharging customers by personally scrutinizing every receipt and contacting their credit card company. Moreover, this Request further implies that Dollar General does not have any responsibility to charge the correct amount and is therefore objectionable because it assumes facts not yet in evidence.

**Supplemental Answer:** Plaintiffs stand by their response to this Request and the objections asserted to the Request. First, the terms and conditions of the applicable credit card account have not been established as evidence in this case and, even if they had been introduced as evidence, Plaintiffs are not obligated to provide their analytical opinion regarding the subject terms and conditions as they may have applied to Dollar General's overcharges.

**RFA No. 11**

Admit that Joseph Wolf had no legal obligation to pay the $2.25 owed to the creditor for the credit card used to pay for the December 11, 2022 purchase of Low Fat Vanilla Yogurt from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22.

**Answer:** Objection. This Request improperly calls for Plaintiffs, who are not lawyers, to make legal conclusions. This Request also lacks foundation and assumes facts not yet in evidence. Furthermore, Plaintiffs object to the implication that Plaintiffs were responsible for resolving Dollar General's failures related to its widespread practice of overcharging customers by personally scrutinizing every receipt and contacting their credit card company. Moreover, this Request further implies that Dollar General does not have any responsibility to charge the correct amount and is therefore objectionable because it assumes facts not yet in evidence.

**Supplemental Answer:** Plaintiffs stand by their response to this Request and the objections asserted to the Request. First, the terms and conditions of the applicable credit card account have not been established as evidence in this case and, even if they had been introduced as evidence, Plaintiffs are not obligated to provide their analytical opinion regarding the subject terms and conditions as they may have applied to Dollar General's overcharges.

**RFA No. 12**

Admit that Carmen Wolf was unaware of the price listed on the store shelf for the 2% Lactose Free Milk before the September 4, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:** Objection. This Request improperly implies that Dollar General is permitted to overcharge its customers regardless of whether a customer sees a displayed price therefore, this Request assumes facts not yet in evidence. Moreover, this Request is ambiguous and vague as to the meaning of "awareness" and to the extent of "awareness." Additionally, this Request calls for

speculation because it requests that Plaintiffs speculate regarding their past mental state. Finally, this Request lacks any foundation since there is no basis to imply that any of the Plaintiffs were not "aware" of Dollar General's advertised prices. Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs are without any specific recollection regarding their level of "awareness" regarding that specific purchase on that date and are therefore unable to admit or deny this Request.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to the Request. Without waiving such objections, Plaintiffs amend their response to state as follows: Carmen Wolf was unaware of the price listed because she did not go to the store with Joseph Wolf for the September 4, 2022 purchase.

### RFA No. 13

Admit that Carmen Wolf was unaware of the price listed on the store shelf for the 2% Lactose Free Milk before the September 18, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:** Objection. This Request improperly implies that Dollar General is permitted to overcharge its customers regardless of whether a customer sees a displayed price therefore, this Request assumes facts not yet in evidence. Moreover, this Request is ambiguous and vague as to the meaning of "awareness" and to the extent of "awareness." Additionally, this Request calls for speculation because it requests that Plaintiffs speculate regarding their past mental state. Finally, this Request lacks any foundation since there is no basis to imply that any of the Plaintiffs were not "aware" of Dollar General's advertised prices. Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs are without any specific recollection regarding their level of "awareness" regarding that specific purchase on that date and are therefore unable to admit or deny this Request.

**<u>Supplemental Answer:</u>** Plaintiffs stand by their objections asserted to the Request. Without waiving such objections, Plaintiffs amend their response to state as follows: Carmen Wolf was unaware of the price listed because she did not go to the store with Joseph Wolf for the September 18, 2022 purchase.

<u>**RFA No. 14**</u>

Admit that Carmen Wolf was unaware of the price listed on the store shelf for the Low Fat Vanilla Yogurt before the December 11, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**<u>Answer:</u>** Objection. This Request improperly implies that Dollar General is permitted to overcharge its customers regardless of whether a customer sees a displayed price therefore, this Request assumes facts not yet in evidence. Moreover, this Request is ambiguous and vague as to the meaning of "awareness" and to the extent of "awareness." Additionally, this Request calls for speculation because it requests that Plaintiffs speculate regarding their past mental state. Finally, this Request lacks any foundation since there is no basis to imply that any of the Plaintiffs were not "aware" of Dollar General's advertised prices. Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs are without any specific recollection regarding their level of "awareness" regarding that specific purchase on that date and are therefore unable to admit or deny this Request.

**<u>Supplemental Answer:</u>** Plaintiffs stand by their objections asserted to the Request. Without waiving such objections, Plaintiffs amend their response to state as follows: Carmen Wolf

was unaware of the price listed because she did not go to the store with Joseph Wolf for the December 11, 2022 purchase.

**RFA No. 15**

Admit that, before September 2022, Joseph Wolf knew that a price discrepancy had occurred at the White Lake Dollar General store.

**Answer:**  Objection.  This Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy."  Moreover, this Request calls for speculation regarding Plaintiffs' mental state on a given date.  Without in any way waiving the foregoing objection, Plaintiffs further state as follows:

Denied.

**RFA No. 16**

Admit that, before the September 18, 2022, purchase of 2% Lactose Free Milk at the White Lake Dollar General store, Joseph Wolf knew that on September 4, 2022, the price listed on the store shelf for 2% Lactose Free Milk was allegedly different from the price that was charged at the point of sale at the White Lake Dollar General store.

**Answer:**  Objection.  This Request is improperly compound and lacks foundation. Moreover, this Request calls for speculation regarding the Plaintiffs' mental state on a given date. Finally, this Request is ambiguous, vague and uncertain as to the use of the phrase "allegedly different."

**Supplemental Answer:** Plaintiffs stand by their response to this Request and the objections asserted to the Request.  This Request is incomprehensibly phrased and the objections are appropriate given the Request, as posed.  Moreover, Plaintiffs provided a substantive response to the best of their ability. Without waiving such objections, Plaintiffs supplement their response

as follows to state that before the September 18, 2022, purchase of 2% Lactose Free Milk at the White Lake Dollar General store, Joseph Wolf knew that on September 4, 2022, the price listed on the store shelf for 2% Lactose Free Milk was different from the price that was charged at the point of sale at the White Lake Dollar General store. However, to the extent that Defendants insinuate through this request that before September 18, 2022, Joseph Wolf knew he would be overcharged on September 18, 2022 for his 2% Lactose Free Milk purchase, Plaintiffs deny the same.

### RFA No. 17

Admit that, before September 2022, Joseph Wolf was aware that price discrepancies could occur at any establishment offering merchandise for sale to the public.

**Answer:**  Objection.  This Request is ambiguous, vague and uncertain as to the meaning of the terms "price discrepancy" and "establishment."  Moreover, this Request calls for speculation regarding Plaintiffs' mental state, levels of "awareness," and whether other "establishments" overcharge their customers like Dollar General.  This Request lacks foundation, assumes facts not yet in evidence, and improperly implies that Dollar General is permitted to overcharge its customers provided its customers are "aware" of Dollar General's widespread misconduct or propensity to overcharge its customers. This Request also calls for a legal conclusion as to whether price discrepancies "could" occur.  Finally, this Request lacks any relevance to the subject matter of this litigation and is therefore not calculated to lead to the discovery of admissible evidence as it concerns price discrepancies at non-Dollar General stores.

### RFA No. 18

Admit that, before September 2022, Joseph Wolf was aware of a price discrepancy that did occur at an establishment that was not a Dollar General store.

**Answer:** Objection. This Request is ambiguous, vague and uncertain as to the meaning of the term "price discrepancy." Moreover, this Request lacks foundation, assumes facts not yet in evidence, and calls for speculation regarding Plaintiffs' mental state and levels of "awareness." This Request also improperly implies that Dollar General is permitted to overcharge its customers provided its customers are aware of Dollar General's widespread misconduct. Finally, this Request lacks any relevance to the subject matter of this litigation and is therefore not calculated to lead to the discovery of admissible evidence as it concerns price discrepancies at non-Dollar General stores.

**Supplemental Answer:** Denied.

**RFA No. 19**

Admit that, before September 4, 2022, Joseph Wolf was aware that he could seek a refund for merchandise he bought from a Dollar General store.

**Answer:** Objection. This Request is ambiguous, vague and uncertain as to the meaning of the term "price discrepancy." Moreover, this Request calls for speculation regarding Plaintiffs' mental state and levels of "awareness." Finally, this Request lacks foundation, assumes facts not yet in evidence, and improperly implies that Dollar General is permitted to overcharge its customers provided its customers are aware of Dollar General's widespread misconduct or its propensity to overcharge its customers. Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Denied.

**RFA No. 20**

Admit that, before September 18, 2022, Joseph Wolf was aware that he could seek a refund for merchandise he bought from a Dollar General store.

**Answer:**  Objection.  This Request calls for speculation regarding Plaintiffs' mental state and levels of "awareness."   Finally, this Request lacks foundation, assumes facts not yet in evidence, and improperly implies that Dollar General is permitted to overcharge its customers provided its customers are "aware" of Dollar General's widespread misconduct or its propensity to overcharge its customers.  Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Denied.

**RFA No.21**

Admit that, before December 11, 2022, Joseph Wolf was aware that he could seek a refund for merchandise he bought from a Dollar General store.

**Answer:**  Objection.  This Request calls for speculation regarding Plaintiffs' mental state and levels of "awareness."   Finally, this Request lacks foundation, assumes facts not yet in evidence, and improperly implies that Dollar General is permitted to overcharge its customers provided its customers are aware of Dollar General's widespread misconduct. Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Denied.

**RFA No. 22**

Admit that, before September 2022, Joseph Wolf had observed another customer seek a refund at a Dollar General store.

**Answer:**  Objection.  This Request lacks foundation, assumes facts not yet in evidence, and improperly implies that Dollar General is permitted to overcharge its customers provided its customers are aware or observed specific instances of Dollar General's widespread pricing

misconduct. Without in any way waiving the foregoing objections, Plaintiffs further respond as follows:

Denied.

**RFA No. 23**

Admit that, before September 2022, Joseph Wolf was aware of an establishment, other than Dollar General, where he could seek a refund for merchandise bought from that establishment.

**Answer:** Objection. This Request is ambiguous, vague and uncertain as to the meaning of the term "establishment." Moreover, this Request calls for speculation regarding Plaintiffs' mental state and levels of "awareness," seeks information that is not relevant to this litigation and is therefore not reasonably calculated to lead to the discovery of admissible evidence. This Request is further objectionable, as it is unduly burdensome and is not reasonably limited in scope, including as to time. This Request lacks foundation and improperly implies that Dollar General is permitted to overcharge its customers provided Dollar General customers are "aware" of similar pricing misconduct in comparison to other "establishments." Finally, this Request lacks any relevance to the subject matter of this litigation and is therefore not calculated to lead to the discovery of admissible evidence as it concerns price discrepancies at non-Dollar General stores.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to admit that Joseph Wolf is aware of one establishment where he could seek a refund for merchandise bought – Amazon. However, he did not utilize the refund policy in conjunction with an overcharge, and instead, it was to return a product.

18

**RFA No. 24**

Admit that, before September 4, 2022, Joseph Wolf was aware that, if there was a price discrepancy at a Dollar General store, Dollar General would honor the lower price.

**Answer:** Objection. This Request is ambiguous, vague and uncertain as to the meaning of the term "price discrepancy." Moreover, this Request calls for speculation regarding Plaintiffs' "awareness" on any given date and speculation regarding whether Dollar General employees would agree to "honor a lower price." Finally, this Request lacks foundation regarding whether Dollar General would "honor the lower price." Without in any way waiving the foregoing objection, Plaintiffs further state as follows:

Plaintiff denies that he was aware of whether it was Dollar General's policy to honor a lower price if there was a price discrepancy at a Dollar General store.

**RFA No. 25**

Admit that, before September 18, 2022, Joseph Wolf was aware that, if there was a price discrepancy at a Dollar General store, Dollar General would honor the lower price.

**Answer:** Objection. This Request has been asked and answered in that it is duplicative and overlapping of RFA No. 24. This Request is also ambiguous, vague and uncertain as to the meaning of the term "price discrepancy." Moreover, this Request calls for speculation regarding Plaintiffs' "awareness" on any given date and speculation regarding whether Dollar General employees would agree to "honor a lower price." Finally, this Request lacks foundation regarding whether Dollar General would "honor the lower price" and assumes facts not yet in evidence. Without in any way waiving the foregoing objection, Plaintiffs further state as follows:

Plaintiff denies that he was aware of whether it was Dollar General's policy to honor a lower price if there was a price discrepancy at a Dollar General store.

**RFA No. 26**

Admit that, before December 11, 2022, Joseph Wolf was aware that, if there was a price discrepancy at a Dollar General store, Dollar General would honor the lower price.

**Answer:**  Objection.  This Request has been asked and answered in that it is duplicative and overlapping of RFA No. 24 and RFA No. 25.  This Request is also ambiguous, vague and uncertain as to the meaning of the term "price discrepancy."  Moreover, this Request calls for speculation regarding Plaintiffs' "awareness" on any given date and speculation regarding whether Dollar General employees would agree to "honor a lower price."  Finally, this Request lacks foundation regarding whether Dollar General would "honor the lower price." Without in any way waiving the foregoing objection, Plaintiffs further state as follows:

Plaintiff denies that he was aware of whether it was Dollar General's policy to honor a lower price if there was a price discrepancy at a Dollar General store.

**RFA No. 27**

Admit that, before September 2022, Joseph Wolf had observed another customer seek to have Dollar General honor the lower price when there was a price discrepancy.

**Answer:**  Objection.  This Request is ambiguous, vague and uncertain as to the meaning of the term "price discrepancy."  Moreover, this Request calls for speculation regarding Plaintiffs' "awareness" on any given date and speculation regarding whether Dollar General employees would agree to "honor a lower price."  Finally, this Request lacks foundation regarding whether Dollar General would "honor the lower price." Without in any way waiving the foregoing objection, Plaintiffs further state as follows:

Denied.

**RFA No. 28**

Admit that, before September 2022, Joseph Wolf was aware of an establishment, other than Dollar General, that would honor the lower price if there was a price discrepancy.

**Answer:**  Objection.  This Request is ambiguous, vague and uncertain regarding the use of the terms "establishment" and "price discrepancy."  Furthermore, this Request assumes facts not yet in evidence and lacks any foundation.  This Request is unduly burdensome and not reasonably limited in scope, including as to time.  Finally, this Request seeks information that is not relevant to this litigation and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No. 29**

Admit that, before September 4, 2022, no Dollar General representative told Joseph Wolf that Dollar General would not honor the lower price if there were a price discrepancy at a Dollar General store.

**Answer**:  Objection.  This Request lacks foundation and assumes facts not yet in evidence. Furthermore, Plaintiff objects to this request to the extent it insinuates that Dollar General *did* tell Joseph Wolf that Dollar General *would* honor the lower price if there were a price discrepancy at a Dollar General store or that Joseph Wolf had a price discrepancy discussion with a Dollar General representative.  Furthermore, this Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." Without in any way waiving the foregoing objection, Plaintiffs further state as follows:

Joseph Wolf admits that this conversation did not take place.

**RFA No. 30**

Admit that, before September 18, 2022, no Dollar General representative told Joseph Wolf that Dollar General would not honor the lower price if there were a price discrepancy at a Dollar General store.

**Answer:** Objection. This Request lacks foundation and assumes facts not yet in evidence. Furthermore, Plaintiff objects to this request to the extent it insinuates that Dollar General *did* tell Joseph Wolf that Dollar General *would* honor the lower price if there were a price discrepancy at a Dollar General store or that Joseph Wolf had a price discrepancy discussion with a Dollar General representative. Furthermore, this Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." Without in any way waiving the foregoing objection, Plaintiffs further state as follows:

Joseph Wolf admits that this conversation did not take place.

**RFA No. 31**

Admit that, before December 11, 2022, no Dollar General representative told Joseph Wolf that Dollar General would not honor the lower price if there were a price discrepancy at a Dollar General store.

**Answer:** Objection. This Request lacks foundation and assumes facts not yet in evidence. Furthermore, Plaintiff objects to this request to the extent it insinuates that Dollar General *did* tell Joseph Wolf that Dollar General *would* honor the lower price if there were a price discrepancy at a Dollar General store or that Joseph Wolf had a price discrepancy discussion with a Dollar General representative. Furthermore, this Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." Without in any way waiving the foregoing objection, Plaintiffs further state as follows:

Joseph Wolf admits that this conversation did not take place.

**RFA No. 32**

Admit that, before the September 4, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Joseph Wolf was aware of any litigation against a retailer over price discrepancies.

**Answer:**  Objection.  This Request is ambiguous, vague and uncertain regarding the meaning of the terms "aware" and "price discrepancies."  This Request also requires Plaintiffs to speculate regarding their mental state.  Furthermore, this Request is unreasonably burdensome and not reasonably limited in scope, including as to time, and seeks information that is not relevant to this litigation.  Therefore, this Request is not reasonably calculated to lead to the discovery of admissible evidence.  Finally, this Request lacks any relevance to the subject matter of this litigation and is therefore not calculated to lead to the discovery of admissible evidence as it concerns price discrepancies at non-Dollar General stores.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No. 33**

Admit that, before the September 18, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Joseph Wolf was aware of any litigation against a retailer over price discrepancies.

**Answer:**  Objection.  This Request is ambiguous, vague and uncertain regarding the meaning of the terms "aware" and "price discrepancies."  This Request also requires Plaintiffs to speculate regarding their mental state.  Furthermore, this Request is unreasonably burdensome and not reasonably limited in scope, including as to time, and seeks information that is not relevant to

this litigation.  Therefore, this Request is not reasonably calculated to lead to the discovery of admissible evidence. Finally, this Request lacks any relevance to the subject matter of this litigation and is therefore not calculated to lead to the discovery of admissible evidence as it concerns price discrepancies at non-Dollar General stores.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

### RFA No. 34

Admit that, before the December 11, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22, Joseph Wolf was aware of any litigation against a retailer over price discrepancies.

**Answer:**   Objection.  This Request is ambiguous, vague and uncertain regarding the meaning of the terms "aware" and "price discrepancies."  This Request also requires Plaintiffs to speculate regarding their mental state.  Furthermore, this Request is unreasonably burdensome and not reasonably limited in scope, including as to time, and seeks information that is not relevant to this litigation.  Therefore, this Request is not reasonably calculated to lead to the discovery of admissible evidence.  Finally, this Request lacks any relevance to the subject matter of this litigation and is therefore not calculated to lead to the discovery of admissible evidence as it concerns price discrepancies at non-Dollar General stores.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No. 35**

Admit that, before the September 4, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Joseph Wolf was aware that he might be able to bring a lawsuit if he bought a product that was the subject of a price discrepancy.

**Answer:**  Objection.  This Request is ambiguous, vague and uncertain as to the meaning of the term "price discrepancy."  Furthermore, Plaintiffs are not attorneys and this Request calls for a legal conclusion.

**Supplemental Answer:**  Litigants are not required to admit conclusions of law "unconnected to the facts of the case at bar," *Abbott v. U.S.*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997) (collecting cases), or premised on disputed facts. *See*, *e.g.*, *Rodriguez v. NNR Glob. Logistics USA Inc.*, 2017 WL 11510163, at *5 (E.D.N.Y. Mar. 31, 2017) (RFAs asking Title VII plaintiff to admit that she "complained about harassment by Alex Woluewich" and that her employer "did not investigate [plaintiff's] complaint of harassment by Alex Woluewich" were improper because, *inter alia*, "the Court disagrees that the 'facts' in these two RFAs are undisputed"). Defendant is asking about disputed facts and whether there is a legal claim, or conclusion of law. Plaintiffs will not be withdrawing their objection.

**RFA No. 36**

Admit that, before the September 18, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Joseph Wolf was aware that he might be able to bring a lawsuit if he bought a product that was the subject of a price discrepancy.

**Answer:**  Objection.  This Request is ambiguous, vague and uncertain as to the meaning of the term "price discrepancy."  Furthermore, Plaintiffs are not attorneys and this Request calls for a legal conclusion.

**Supplemental Answer:** Litigants are not required to admit conclusions of law "unconnected to the facts of the case at bar," *Abbott v. U.S.*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997) (collecting cases), or premised on disputed facts. *See*, *e.g.*, *Rodriguez v. NNR Glob. Logistics USA Inc.*, 2017 WL 11510163, at *5 (E.D.N.Y. Mar. 31, 2017) (RFAs asking Title VII plaintiff to admit that she "complained about harassment by Alex Woluewich" and that her employer "did not investigate [plaintiff's] complaint of harassment by Alex Woluewich" were improper because, *inter alia*, "the Court disagrees that the 'facts' in these two RFAs are undisputed"). Defendant is asking about disputed facts and whether there is a legal claim, or conclusion of law. Plaintiffs will not be withdrawing their objection.

**RFA No. 37**

Admit that, before the December 11, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22, Joseph Wolf was aware that he might be able to bring a lawsuit if he bought a product that was the subject of a price discrepancy.

**Answer:** Objection. This Request is ambiguous, vague and uncertain as to the meaning of the term "price discrepancy." Furthermore, Plaintiffs are not attorneys and this Request calls for a legal conclusion.

**Supplemental Answer:** Litigants are not required to admit conclusions of law "unconnected to the facts of the case at bar," *Abbott v. U.S.*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997) (collecting cases), or premised on disputed facts. *See*, *e.g.*, *Rodriguez v. NNR Glob. Logistics USA Inc.*, 2017 WL 11510163, at *5 (E.D.N.Y. Mar. 31, 2017) (RFAs asking Title VII plaintiff to admit that she "complained about harassment by Alex Woluewich" and that her employer "did not investigate [plaintiff's] complaint of harassment by Alex Woluewich" were improper because, *inter alia*, "the Court disagrees that the 'facts' in these two RFAs are undisputed"). Defendant is

asking about disputed facts and whether there is a legal claim, or conclusion of law. Plaintiffs will not be withdrawing their objection.

**RFA No. 38**

Admit that, before the December 11, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22, Joseph Wolf was aware of any, some, or all the lawsuits identified at Second Amended Complaint ¶¶ 15, 17, 19.

**Answer:**  Objection.  This Request is improperly compound.  In addition, this Request calls for speculation regarding Plaintiffs' mental state related to their "awareness."  Without in any way waiving the foregoing objections, Plaintiffs further state as follows:

Plaintiffs admit that, at some point, they learned of Dollar General lawsuits, but are without information sufficient to recall specifically the timing and, as a result, Plaintiffs cannot admit or deny this Request.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No. 39**

Admit that, before the September 4, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Joseph Wolf had retained counsel for purposes of a claim relating to a price discrepancy.

**Answer:**  Objection.  This Request seeks information protected by the attorney-client privilege and/or the work product doctrine.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No. 40**

Admit that, before the September 18, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Joseph Wolf had retained counsel for purposes of a claim relating to a price discrepancy.

**Answer:** Objection. This Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." In addition, this Request seeks information that is protected by the attorney-client privilege and/or the work product doctrine.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No. 41**

Admit that, before the December 11, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22, Joseph Wolf had retained counsel for purposes of a claim relating to a price discrepancy.

**Answer:** Objection. This Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." In addition, this Request seeks information that is protected by the attorney-client privilege and/or the work product doctrine.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No. 42**

Admit that, before the September 4, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Joseph Wolf had spoken with an attorney or an officer, agent, or employee of a law firm about potentially bringing a lawsuit relating to a price discrepancy.

28

**Answer:**  Objection.  This Request is improperly compound.  In addition this Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." This Request further seeks information protected by the attorney-client privilege and/or the work product doctrine.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No. 43**

Admit that, before the September 18, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Joseph Wolf had spoken with an attorney or an officer, agent, or employee of a law firm about potentially bringing a lawsuit relating to a price discrepancy.

**Answer:**  Objection.  This Request is improperly compound.  In addition this Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." This Request further seeks information protected by the attorney-client privilege and/or the work product doctrine.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No. 44**

Admit that, before the December 11, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22, Joseph Wolf had spoken with an attorney or an officer, agent, or employee of a law firm about potentially bringing a lawsuit relating to a price discrepancy.

**Answer:**  Objection.  This Request is improperly compound.  In addition this Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." This Request further seeks information protected by the attorney-client privilege and/or the work product doctrine.

**RFA No. 45**

Admit that Joseph Wolf was unaware of the price listed on the store shelf for the 2% Lactose Free Milk before the September 4, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:**  *See* Plaintiffs' objections and the response to Request No. 12, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:**  Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No. 46**

Admit that Joseph Wolf was unaware of the price listed on the store shelf for the 2% Lactose Free Milk before the September 18, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:**  *See* Plaintiffs' objections and the response to Request No. 13, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:**  Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No.47**

Admit that Joseph Wolf was unaware of the price listed on the store shelf for the Low Fat Vanilla Yogurt before the December 11, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:**  *See* Plaintiffs' objections and the response to Request No. 14, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:**  Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to deny this request.

**RFA No. 48**

Admit that Joseph Wolf had bought Clover Valley brand 2% Lactose Free Milk from the White Lake Dollar General store before September 4, 2022.

**Answer:**  Objection.  This Request is unduly burdensome and not reasonably limited in scope, including as to time.  Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs admit that they have purchased "lactose free" milk from Dollar General in the past but are without information sufficient to admit or deny the Request, as to the specific brand purchased.

**RFA No. 49**

Admit that Joseph Wolf had bought Land O Lakes brand Low Fat Vanilla Yogurt from the White Lake Dollar General store before December 11, 2022.

**Answer:**  Objection.  This Request is unduly burdensome and not reasonably limited in scope, including as to time.  Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs admit that they have purchased "low fat" yogurt from Dollar General in the past but are without information sufficient to respond regarding the specific brand or flavor purchased.

**RFA No. 50**

Admit that Joseph Wolf would have bought the Clover Valley brand 2% Lactose Free Milk from the White Lake Dollar General store on September 4, 2022 if the price listed on the shelf tag stated $4.25.

**Answer:**  Objection.  This Request calls for speculation and assumes facts not yet in evidence.  Moreover, this Request improperly implies that Dollar General does not have an obligation to charge a price that matches the prices it advertises to its customers and further suggests that Dollar General customers are somehow responsible for Dollar General's pricing misconduct.

**RFA No. 51**

Admit that Joseph Wolf would have bought the Clover Valley brand 2% Lactose Free Milk from the White Lake Dollar General store on September 18, 2022 if the price listed on the shelf tag stated $4.25.

**Answer:**  Objection.  This Request calls for speculation and assumes facts not yet in evidence.  Moreover, this Request improperly implies that Dollar General does not have an obligation to charge a price that matches the prices it advertises to its customers and further suggests that Dollar General customers are somehow responsible for Dollar General's pricing misconduct.

### RFA No. 52

Admit that Joseph Wolf would have bought the Land O Lakes brand Low Fat Vanilla Yogurt from the White Lake Dollar General store on December 11, 2022, if the price listed on the shelf tag stated 3/$2.25 or listed the price for a single item as $0.75.

**Answer:**  Objection.  This Request calls for speculation and assumes facts not yet in evidence.  Moreover, this Request improperly implies that Dollar General does not have an obligation to charge a price that matches the prices it advertises to its customers and further suggests that Dollar General customers are somehow responsible for Dollar General's pricing misconduct.

### RFA No. 53

Admit that, before September 2022, Carmen Wolf knew that a price discrepancy had occurred at the White Lake Dollar General store.

**Answer:**  *See* Plaintiffs' objections and the response to Request No. 15, *supra*, which are incorporated herein by reference as if fully rewritten herein.

### RFA No. 54

Admit that, before the September 18, 2022 purchase of 2% Lactose Free Milk at the White Lake Dollar General store, Carmen Wolf knew that, on September 4, 2022, the price listed on the store shelf for 2% Lactose Free Milk was allegedly different from the price that was charged at the point of sale at the White Lake Dollar General store.

**Answer:**  *See* Plaintiffs' objections and response to Request No. 16, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:** Plaintiffs supplement their response as follows to state that before the September 18, 2022, purchase of 2% Lactose Free Milk at the White Lake Dollar General store,

33

Carmen Wolf knew that on September 4, 2022, the price listed on the store shelf for 2% Lactose Free Milk was different from the price that was charged at the point of sale at the White Lake Dollar General store. However, to the extent that Defendants insinuate through this request that before September 18, 2022, Carmen Wolf knew that Joseph Wolf would be overcharged on September 18, 2022 for the 2% Lactose Free Milk purchase, Plaintiffs deny the same.

**RFA No. 55**

Admit that, before September 2022, Carmen Wolf was aware that price discrepancies could occur at any establishment offering merchandise for sale to the public.

**Answer:**    *See* Plaintiffs' objections and response to Request No. 17, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:** Litigants are not required to admit conclusions of law "unconnected to the facts of the case at bar," *Abbott v. U.S.*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997) (collecting cases), or premised on disputed facts. *See*, *e.g.*, *Rodriguez v. NNR Glob. Logistics USA Inc.*, 2017 WL 11510163, at *5 (E.D.N.Y. Mar. 31, 2017) (RFAs asking Title VII plaintiff to admit that she "complained about harassment by Alex Woluewich" and that her employer "did not investigate [plaintiff's] complaint of harassment by Alex Woluewich" were improper because, *inter alia*, "the Court disagrees that the 'facts' in these two RFAs are undisputed"). Defendant is asking about disputed facts and whether there is a legal claim, or conclusion of law. Plaintiffs will not be withdrawing their objection.

**RFA No. 56**

Admit that, before September 2022, Carmen Wolf was aware of a price discrepancy that did occur at an establishment that was not a Dollar General store.

**Answer:** *See* Plaintiffs' objections and response to Request No. 18, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:** Denied.

**RFA No. 57**

Admit that, before September 4, 2022, Carmen Wolf was aware that she could seek a refund for merchandise he bought from a Dollar General store.

**Answer:** *See* Plaintiffs' objections and response to Request No. 19, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**RFA No. 58**

Admit that, before September 18, 2022, Carmen Wolf was aware that she could seek a refund for merchandise he bought from a Dollar General store.

**Answer:** *See* Plaintiffs' objections and response to Request No. 20, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**RFA No. 59**

Admit that, before December 11, 2022, Carmen Wolf was aware that she could seek a refund for merchandise he bought from a Dollar General store.

**Answer:** *See* Plaintiffs' Objections and responses to Request No. 21, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**RFA No. 60**

Admit that, before September 2022, Carmen Wolf had observed another customer seek a refund at a Dollar General store.

**Answer:** Objection. This Request lacks foundation and improperly implies that Dollar General is permitted to overcharge its customers provided its customers are aware or observed

specific instances of Dollar General's widespread pricing misconduct. Without in any way waiving the foregoing objections, Plaintiffs further respond as follows:

Denied.

### RFA No. 61

Admit that, before September 2022, Carmen Wolf was aware of any establishment, other than Dollar General, where she could seek a refund for merchandise bought from that establishment.

**Answer:** *See* Plaintiffs' objections and responses to Request No. 23, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs supplement their response to admit that Carmen Wolf is aware of two establishment where she could seek a refund for merchandise bought – Amazon and Costco. However, she did not utilize the refund policy in conjunction with an overcharge, and instead, it was to return clothes which did not fit.

### RFA No. 62

Admit that, before September 4, 2022, Carmen Wolf was aware that, if there was a price discrepancy at a Dollar General store, Dollar General would honor the lower price.

**Answer:** *See* Plaintiffs' objections and responses to Request No. 24, *supra*, which are incorporated herein by reference as if fully rewritten herein.

### RFA No. 63

Admit that, before September 18, 2022, Carmen Wolf was aware that, if there was a price discrepancy at a Dollar General store, Dollar General would honor the lower price.

**Answer:** *See* Plaintiffs' objections and responses to Request No. 25, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**RFA No. 64**

Admit that, before December 11, 2022, Carmen Wolf was aware that, if there was a price discrepancy at a Dollar General store, Dollar General would honor the lower price.

**Answer:** *See* Plaintiffs' objections and responses to Request No. 26, *supra*, which are incorporated herein by reference as if fully rewritten herein.

Denied.

**RFA No. 65**

Admit that, before September 2022, Carmen Wolf had observed another customer seek to have Dollar General honor the lower price when there was a price discrepancy.

**Answer:** *See* Plaintiffs' objections and responses to Request No. 27, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**RFA No. 66**

Admit that, before September 2022, Carmen Wolf was aware of an establishment, other than Dollar General, that would honor the lower price if there was a price discrepancy.

**Answer:** *See* Plaintiffs' objections and responses to Request No. 28, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:** Denied.

**RFA No. 67**

Admit that, before September 4, 2022, no Dollar General representative told Carmen Wolf that Dollar General would not honor the lower price if there were a price discrepancy at a Dollar General store.

37

**Answer:** *See* Plaintiffs' objections and responses to Request No. 29, *supra*, which are incorporated herein by reference as if fully rewritten herein.

### RFA No. 68

Admit that, before September 18, 2022, no Dollar General representative told Carmen Wolf that Dollar General would not honor the lower price if there were a price discrepancy at a Dollar General store.

**Answer:** *See* Plaintiffs' objections and responses to Request No. 30, *supra*, which are incorporated herein by reference as if fully rewritten herein.

### RFA No. 69

Admit that, before December 11, 2022, no Dollar General representative told Carmen Wolf that Dollar General would not honor the lower price if there were a price discrepancy at a Dollar General store.

**Answer:** *See* Plaintiffs' objections and responses to Request No. 31, *supra*, which are incorporated herein by reference as if fully rewritten herein.

### RFA No. 70

Admit that, before the September 4, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Carmen Wolf was aware of any litigation against a retailer over price discrepancies.

**Answer:** *See* Plaintiffs' objections and responses to Request No. 32, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:** Denied.

**RFA No. 71**

Admit that, before the September 18, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Carmen Wolf was aware of any litigation against a retailer over price discrepancies.

**Answer:**    *See* Plaintiffs' objections and responses to Request No. 33, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:** Denied

**RFA No. 72**

Admit that, before the December 11, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22, Carmen Wolf was aware of any litigation against a retailer over price discrepancies.

**Answer:**    *See* Plaintiffs' objections and response to Request No. 34, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:** Denied

**RFA No. 73**

Admit that, before the September 4, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Carmen Wolf was aware that she might be able to bring a lawsuit if he bought a product that was the subject of a price discrepancy.

**Answer:**    *See* Plaintiffs' objections and response to Request No. 35, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:** Litigants are not required to admit conclusions of law "unconnected to the facts of the case at bar," *Abbott v. U.S.*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997) (collecting cases), or premised on disputed facts. *See, e.g.*, *Rodriguez v. NNR Glob. Logistics USA*

*Inc.*, 2017 WL 11510163, at \*5 (E.D.N.Y. Mar. 31, 2017) (RFAs asking Title VII plaintiff to admit that she "complained about harassment by Alex Woluewich" and that her employer "did not investigate [plaintiff's] complaint of harassment by Alex Woluewich" were improper because, *inter alia*, "the Court disagrees that the 'facts' in these two RFAs are undisputed"). Defendant is asking about disputed facts and whether there is a legal claim, or conclusion of law. Plaintiffs will not be withdrawing their objection.

**RFA No. 74**

Admit that, before the September 18, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Carmen Wolf was aware that she might be able to bring a lawsuit if he bought a product that was the subject of a price discrepancy.

**Answer:** *See* Plaintiffs' objections and response to Request No. 36, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**RFA No. 75**

Admit that, before the December 11, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22, Carmen Wolf was aware that she might be able to bring a lawsuit if he bought a product that was the subject of a price discrepancy.

**Answer:** *See* Plaintiffs' objections and response to Request No. 37, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:** Plaintiffs stand by their response and objections asserted to this Request, as it incorporates the response from a prior Request that posed a similar or identical objectionable question.

**RFA No. 76**

Admit that, before the December 11, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22, Carmen Wolf was aware of any, some, or all the lawsuits identified at Second Amended Complaint ¶¶ 15, 17, 19.

**Answer:**  *See* Plaintiffs' objections and response to Request No. 38, *supra*, which are incorporated herein by reference as if fully rewritten herein.

**Supplemental Answer:** Plaintiffs stand by their response and objections asserted to this Request, as it incorporates the response from a prior Request that posed a similar or identical objectionable question.

**RFA No. 77**

Admit that, before the September 4, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Carmen Wolf had retained counsel for purposes of a claim relating to a price discrepancy.

**Answer:**  Objection.  This Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy."  In addition, this Request seeks information that is protected by the attorney-client privilege and/or the work product doctrine.

**Supplemental Answer:** Plaintiffs stand by their response and objections asserted to this Request.  First, this seeks information regarding conversations or consultations between Plaintiffs and legal counsel.  Furthermore, this Request seeks an admission related to "price discrepancies" when Plaintiffs claims involve Dollar General's practice of overcharging.  Therefore, the objections noted are appropriate.

Without waiving such objections, Plaintiffs supplement their response to state as follows: before the September 4, 2022, purchase from the White Lake Dollar General store identified at

Second Amended Complaint ¶ 14, Carmen Wolf had not retained counsel for purposes of a claim relating to *being overcharged*.

**RFA No. 78**

Admit that, before the September 18, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Carmen Wolf had retained counsel for purposes of a claim relating to a price discrepancy.

**Answer:**  Objection.  This Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy."  In addition, this Request seeks information that is protected by the attorney-client privilege and/or the work product doctrine.

**Supplemental Answer:** Plaintiffs stand by their response and objections asserted to this Request.  First, this seeks information regarding conversations or consultations between Plaintiffs and legal counsel.  Furthermore, this Request seeks an admission related to "price discrepancies" when Plaintiffs claims involve Dollar General's practice of overcharging.  Therefore, the objections noted are appropriate.

Without waiving such objections, Plaintiffs supplement their response to state as follows: before the September 18, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Carmen Wolf had not retained counsel for purposes of a claim relating to *being overcharged*.

**RFA No. 79**

Admit that, before the December 11, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22, Carmen Wolf had retained counsel for purposes of a claim relating to a price discrepancy.

**Answer:** Objection. This Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." In addition, this Request seeks information that is protected by the attorney-client privilege and/or the work product doctrine.

**Supplemental Answer:** Plaintiffs stand by their response and objections asserted to this Request. First, this seeks information regarding conversations or consultations between Plaintiffs and legal counsel. Furthermore, this Request seeks an admission related to "price discrepancies" when Plaintiffs claims involve Dollar General's practice of overcharging. Therefore, the objections noted are appropriate.

Without waiving such objections, Plaintiffs supplement their response to state as follows: before the December 11, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22, Carmen Wolf had not retained counsel for purposes of a claim relating to *being overcharged*.


**RFA No. 80**

Admit that, before the September 4, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Carmen Wolf had spoken with an attorney or an officer, agent, or employee of a law firm about the potential of bringing a lawsuit relating to a price discrepancy.

**Answer:** Objection. This Request is improperly compound. In addition this Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." This Request further seeks information protected by the attorney-client privilege and/or the work product doctrine.

**Supplemental Answer:** Plaintiffs stand by their response and objections asserted to this Request.  First, this seeks information regarding conversations or consultations between Plaintiffs and legal counsel.  Furthermore, this Request seeks an admission related to "price discrepancies" when Plaintiffs claims involve Dollar General's practice of overcharging.  Therefore, the objections noted are appropriate.

**RFA No. 81**

Admit that, before the September 18, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14, Carmen Wolf had spoken with an attorney or an officer, agent, or employee of a law firm about potentially bringing a lawsuit relating to a price discrepancy.

**Answer:**  Objection.  This Request is improperly compound.  In addition this Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." This Request further seeks information protected by the attorney-client privilege and/or the work product doctrine.

**Supplemental Answer:** Plaintiffs stand by their objections asserted to this Request. Without waiving such objections, Plaintiffs amend their response to state as follows: they have made reasonable inquiry and that the information they know or can readily obtain is insufficient to enable them to admit or deny the first date that Carmen Wolf spoke with an attorney or an officer, agent, or employee of a law firm about potentially bringing a lawsuit relating to a price discrepancy.

**RFA No. 82**

Admit that, before the December 11, 2022, purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 22, Carmen Wolf had spoken with an attorney or

an officer, agent, or employee of a law firm about potentially bringing a lawsuit relating to a price discrepancy.

**Answer:** Objection. This Request is improperly compound. In addition this Request is ambiguous, vague, and uncertain as to the meaning of the term "price discrepancy." This Request further seeks information protected by the attorney-client privilege and/or the work product doctrine.

**Supplemental Answer:** As Plaintiff testified in her deposition, yes, Plaintiff had spoken with an attorney prior to the purchase of the December 11, 2022 purchase.

**RFA No. 83**

Admit that Carmen Wolf was unaware of the price listed on the store shelf for the 2% Lactose Free Milk before the September 4, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:** Objection. Asked and answered. Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs hereby fully incorporate their response to Request No. 12, *supra*

**RFA No. 84**

Admit that Carmen Wolf was unaware of the price listed on the store shelf for the 2% Lactose Free Milk before the September 18, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:** Objection. Asked and answered. Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs hereby fully incorporate their response to Request No. 13, *supra.*

45

**RFA No. 85**

Admit that Carmen Wolf was unaware of the price listed on the store shelf for the Low Fat Vanilla Yogurt before the December 11, 2022 purchase from the White Lake Dollar General store identified at Second Amended Complaint ¶ 14.

**Answer:**  Objection.  Asked and answered.  Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs hereby fully incorporate their response to Request No. 14, *supra*

**RFA No. 86**

Admit that Carmen Wolf had bought Clover Valley brand 2% Lactose Free Milk from the White Lake Dollar General store before September 4, 2022.

**Answer:**  *See* Plaintiffs' objections and response to Request number 48, *supra*, which are hereby incorporated as if fully rewritten herein.

**RFA No. 87**

Admit that Carmen Wolf had bought Land O Lakes brand Low Fat Vanilla Yogurt from the White Lake Dollar General store before December 11, 2022.

**Answer:**  *See* Plaintiffs' objections and response to Request number 49, *supra*, which are hereby incorporated as if fully rewritten herein.

**RFA No. 88**

Admit that Carmen Wolf would have allowed Joseph Wolf to buy the Clover Valley brand 2% Lactose Free Milk from the White Lake Dollar General store on September 4, 2022, if the price listed on the shelf tag stated $4.25.

**Answer:**  Objection.  This Request calls for speculation and assumes facts not yet in evidence.  Moreover, this Request improperly implies that Dollar General does not have an

obligation to charge a price that matches the prices it advertises to its customers and further suggests that Dollar General customers are somehow responsible for Dollar General's pricing misconduct.

**Supplemental Answer:** Plaintiffs stand by their response and objections asserted to this Request.  This Request seeks an admission regarding a hypothetical situation and an objection is therefore appropriate.  Furthermore, this Request seeks an admission based on facts that are not yet in evidence, to wit: the suggestion that Carmen Wolf made the subject purchasing decisions. Consequently, this objection is also proper. Plaintiffs are not required to answer RFAs based on "improper hypothetical factual scenarios". See *Abbott v. U.S.*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997) (disallowing RFAs based on "improper hypothetical factual scenarios" rather than "the facts peculiar to this case"); see *Storck USA, L.P. v. Farley Candy Co., Inc.,* 1995 WL 153260 (N.D.Ill.1995) (espousing that "hypothetical questions" are not within purview of Rule 36); *Ransom v. United States,* 8 Cl.Ct. 646, 647 (1985) (same). Plaintiffs will not be withdrawing their objections and providing a supplemental response.

**RFA No. 89**

Admit that Carmen Wolf would have allowed Joseph Wolf to buy the Clover Valley brand 2% Lactose Free Milk from the White Lake Dollar General store on September 18, 2022, if the price listed on the shelf tag stated $4.25.

**Answer:**  Objection.  This Request calls for speculation and assumes facts not yet in evidence.  Moreover, this Request improperly implies that Dollar General does not have an obligation to charge a price that matches the prices it advertises to its customers and further suggests that Dollar General customers are somehow responsible for Dollar General's pricing misconduct.

47

**Supplemental Answer:** Plaintiffs stand by their response and objections asserted to this Request. This Request seeks an admission regarding a hypothetical situation and an objection is therefore appropriate. Furthermore, this Request seeks an admission based on facts that are not yet in evidence, to wit: the suggestion that Carmen Wolf made the subject purchasing decisions. Consequently, this objection is also proper. Plaintiffs are not required to answer RFAs based on "improper hypothetical factual scenarios". See *Abbott v. U.S.*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997) (disallowing RFAs based on "improper hypothetical factual scenarios" rather than "the facts peculiar to this case"); see *Storck USA, L.P. v. Farley Candy Co., Inc.,* 1995 WL 153260 (N.D.Ill.1995) (espousing that "hypothetical questions" are not within purview of Rule 36); *Ransom v. United States,* 8 Cl.Ct. 646, 647 (1985) (same). Plaintiffs will not be withdrawing their objections and providing a supplemental response

**RFA No. 90**

Admit that Carmen Wolf would have allowed Joseph Wolf to buy the Land O Lakes brand Low Fat Vanilla Yogurt from the White Lake Dollar General store on December 11, 2022, if the price listed on the shelf tag stated 3/$2.25 or listed the price for a single item as $0.75.

**Answer:** Objection. This Request calls for speculation and assumes facts not yet in evidence. Moreover, this Request improperly implies that Dollar General does not have an obligation to charge a price that matches the prices it advertises to its customers and further suggests that Dollar General customers are somehow responsible for Dollar General's pricing misconduct.

**RFA No. 91**

Admit that Andrew Wolf with the Dann Law Firm is a relative of Joseph Wolf.

**Answer:**  Objection.  This Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without in any way waiving the foregoing objection, Plaintiffs further respond as follows:

Plaintiffs admit that Joseph Wolf is the son of Andrew Wolf.

**RFA No. 92**

Admit that Andrew Wolf with the Dann Law Firm is a relative of Carmen Wolf.

**Answer:**  Objection.  This Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.   Without in any way waiving the foregoing objection, Plaintiffs further state as follows:

Plaintiffs admit that Carmen Wolf is the daughter in law of Andrew Wolf.

**RFA No. 93**

Admit that Joseph Wolf believes it is prudent to check prices on one's receipt after a transaction to ensure price accuracy.

**Answer:**  Objection. This Request is ambiguous, vague and uncertain as to the meaning of the term "prudent."  This Request is further objectionable because it calls for speculation, lacks foundation, and assumes facts not in evidence.  This Request also improperly implies that Dollar General is not responsible for its pricing misconduct which results in charging customers more than advertised prices.

**RFA No. 94**

Admit that Carmen Wolf believes it is prudent to check prices on one's receipt after a transaction to ensure price accuracy.

**Answer:**  Objection. This Request is ambiguous, vague and uncertain as to the meaning of the term "prudent."  This Request is further objectionable because it calls for speculation, lacks

foundation, and assumes facts not in evidence. This Request also improperly implies that Dollar General is not responsible for its pricing misconduct which results in charging customers more than advertised prices.

**RFA No. 95**

Admit that Joseph Wolf believes it is prudent to observe the prices of items on the Cash Register Display during checkout to ensure price accuracy.

**Answer:** Objection. This Request is ambiguous, vague and uncertain as to the meaning of the term "prudent." This Request is further objectionable because it calls for speculation, lacks foundation, and assumes facts not in evidence. This Request also improperly implies that Dollar General is not responsible for its pricing misconduct which results in charging customers more than advertised prices.

**RFA No. 96**

Admit that Carmen Wolf believes it is prudent to observe the prices of items on the Cash Register Display during checkout to ensure price accuracy.

**Answer:** Objection. This Request is ambiguous, vague and uncertain as to the meaning of the term "prudent." This Request is further objectionable because it calls for speculation, lacks foundation, and assumes facts not in evidence. This Request also improperly implies that Dollar General is not responsible for its pricing misconduct which results in charging customers more than advertised prices.

**RFA No. 97**

Admit that Joseph Wolf believes that once noticed, it is prudent to request a refund of the difference between the shelf price and the checkout price if the latter is higher.

50

**Answer:**  Objection. This Request is ambiguous, vague and uncertain as to the meaning of the term "prudent."  This Request is further objectionable because it calls for speculation, lacks foundation, and assumes facts not in evidence.  This Request also improperly implies that Dollar General is not responsible for its pricing misconduct which results in charging customers more than advertised prices.

**RFA No. 98**

Admit that Carmen Wolf believes that once noticed, it is prudent to request a refund of the difference between the shelf price and the checkout price if the latter is higher.

**Answer:**  Objection. This Request is ambiguous, vague and uncertain as to the meaning of the term "prudent."  This Request is further objectionable because it calls for speculation, lacks foundation, and assumes facts not in evidence.  This Request also improperly implies that Dollar General is not responsible for its pricing misconduct which results in charging customers more than advertised prices.

**RFA No. 99**

Admit that prior to filing this lawsuit, Joseph Wolf did not request a refund from Dollar General of any of the differences between the shelf price and checkout price identified in the Second Amended Complaint.

**Answer:**  Plaintiffs Deny this Request to the extent it implies that anyone other than Dollar General is responsible for Dollar General's pricing misconduct and its practice of overcharging Plaintiffs and other Dollar General customers but do admit that, as to the items Dollar General overcharged Plaintiffs and specifically identified in the Second Amended Complaint, Plaintiffs did not seek refunds nor should they be forced to correct Dollar General's failures.

**RFA No. 100**

Admit that prior to filing this lawsuit, Carmen Wolf did not request a refund from Dollar General of any of the differences between the shelf price and checkout price identified in the Second Amended Complaint.

**Answer:** *See* Plaintiffs' objections and response to Request number 99, *supra*, which are hereby incorporated as if fully rewritten herein.

Respectfully Submitted,


  /s/ Javier L. Merino
Javier L. Merino, Esq.
**THE DANN LAW FIRM. PC**
1520 U.S. Hwy. 130 – Suite 101
North Brunswick, NJ 08902

*Co-Counsel for Plaintiffs Joseph Wolf, Carmen Wolf, and the Putative Class*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 29, 2024, a true and accurate copy of the foregoing *Plaintiffs' First Amended Responses to Defendant's First Set of Requests for Admission* was sent via electronic means to the following parties:

Richard Trent Taylor, Esq. at rtaylor@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
804-775-1182

Travis C. Gunn, Esq. at tgunn@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
804-775-1182

*Attorneys for Defendant Dolgen New York, LLC d/b/a Dolgen*

<u>*/s/ Javier L. Merino*</u>
Javier L. Merino, Esq.

*Co-Counsel for Plaintiffs Joseph Wolf, Carmen Wolf, and the Putative Class*

53